Hung Ha

P. O. box 367   E-filing
Berkeley, CA 94701-0367
U.S.A.
E-mail address: jamesha@planet-save.com
Plaintiff in Pro Per

FILED
SEP 1 2 2007
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA

OAKLAND, CALIFORNIA

C07-04699

ADR

CW

HUNG HA, and all others who are similarly situated
    Plaintiffs

    vs.

KENNETH MARK BURR,  MARIE MAYUPAO., THOMAS ORLOFF, ALLISON DANZIG,
ANDREW ROSS, RICHARD KELLER, BRENDA HARBIN-FORTE, WINTON MCKIBBEN,
THOMAS REARDON, FRANK ROESCH, JAMES A. RICHMAN, JO-LYNNE LEE,
WILLIAM E. MCGUINESS, STEIN, SWAGER, MARGULIES, MARCHIANO,
MARK RHODEN, JASON COLLOM, SEAN ARANAS, ALEX YAO, JEFFREY BLAIR,
RICHARD E. WINNIE, VICTORIA HARRISON, MAUREEN M. DUFFY, ANDREA
S. CARLISE, STEVEN CRAIG WOLAN, PATTON WOLAN & BOXER, PATTON WOLAN
& CARLISE LLP, ROBERT L. GAUMER, DAN, AMY W. LO, TYLER B. PON, BILL LOCKYER,
ALAMEDA COUNTY OF CALIFORNIA, REGENTS OF UNIVERSITY OF CALIFORNIA,
    Defendants

SUPERIOR COURT OF CALIFORNIA IN AND FOR ALAMEDA COUNTY
U.S. DEPARTMENT OF EDUCATION
BANK OF AMERICA
U.S. DEPARTMENT OF JUSTICE

    Respondents

Title of document:  COMPLAINT/PETITION

Case no.:

Date of filing: September 12, 2007; Wednesday

title page

Ha v. Burr, et al,

1    Topical Index

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        Statement of the Case

2        Defendants caused the failure of Superior Court of California

3   in and for Alameda County to hear Hung Ha's appeal in People v. Ha

4   4529 (App. Dept.), 166802 (Alameda 2001), which (hearing) was scheduled

5   to take place on February 16, 2007 but has never materialize as of

6   the date of filing this present action (at law and in equity).

7        An effect of aforesaid failure of the SuperiorCourt is that the

8   a thoroughly fraudulent document remains to be claimed as a legitimate

9   document evidencing a judgment of conviction against Hung Ha

10  in People v. Ha, 166802.

11       This action seeks monetary damages at law, and any or any number

12  of equitable reliefs  against the defendants.

13       Plaintiff seeks removal of public officials or officers from offices

14  to the extent as authorized under federal laws.

15       In addition, this action seeks equitable reliefs with

16  regard to matters involving respondents.

17

18

19

20

21

22

23

24

25

26

27

28

1          Allegations RE Jurisdiction

2          The action is based on claims for monetary reliefs and equitable

3    reliefs arising under the Constitution of the United States, as more

4    fully explained/alleged hereinafter, and Amendments as well.

5          This District Court has jurisdiction by reason of Title 28 USC

6    sec.1331.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Allegations RE Jurisdiction

2    Federal COA

3        18 USC sec.1964(b) (U.S. Attorrey General is authorized to

4    act), (c) (private right of action) authorize this action at

5    law and in equity.

6    Defendants' acts and omissions to act violate 18 USC s.1962 (c) and

7    (d), in connection with s.1961 (a)(A), and (B) in connection with

8    s.1341 (mail fraud), s.1343 (wire fraud), s.1510 (obstruction of

9    criminal investigations), s.1512 (a different way of attempting

10   to kill),, sec.1513 (retaliation), sec.1952.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          Allegations RE Jurisdiction

2    Federal COA

3        Under 42 USC sec.1981, claims arise, in that defendants' acts

4    and omissions to act have been motivated by racial considerations,

5    inthat defendants have discriminated against Hung Ha because of his

6    race, ancestry, ethnic characteristics, national origin, as Hung Ha

7    is an individual person, and as Hung Ha is typical of a particular

8    class.

9        41 USC s.1981 provides, in relevant part, the following:

10   "All persons within the jurisdiction of the US shall have the same

11   right in every State . . . . to make and enforce contracts, to sue,

12   , be parties, give evidence, and to the full and equal benefit of

13   all laws and proceedings for the security of persons and property

14   as is enjoyed by white citizens, and shall be subject to like

15   punishmnet, pains, penalties, taxes, licenses, and exactions of

16   every kind, and to no other".

17

18       It appears to me at this time that as to violation of right

19   created under the above title and section, a remedy is provided by

20   42 USC s.1981.

21

22

23

24

25

26

27

28

---

1              Allegations Re Jurisdiction

2    Federal Cause of Action

3       Causes of action arise from  federal questions under 42 USC s.1985.

4       (1) sec.1985(2) provides, in relevant part, the following:

5    "if two or more persons  onconspire for the purpose of impeding,

6    hindering, obstructing, or defeating, in any manner, the due course

7    of justice in any State . . .  , with intent to deny to any citizen

8    the equal protection of the laws, or to injure him or his property

9    for lawfully enforcing or attempting ot enforce, the right of any

10   person, or class of persons, to the equal protection of the laws."

11

12      (2) sec.1985(3) provides, in relevant part, the following:

13   "If two or more persons in any State . . . conspire, or go in

14   disguise . . . on the premises of another, for the purpose of

15   depriving, either directly or indirectly, any person or class of

16   persons of the equal protection of the laws, or of equal privileges

17   and immunities under the laws, or for the purpose of preventing or

18   hindering the constituted authorities of any State . . . from giving

19   or securing to all persons within such State . . . the equal

20   protection of the laws

21

22      (3) Sec.1985(1) provices, in relevant part, the following:

23   "If two or more persons in any State . . . conspire to prevent, by

24   force, intimidation, or threat, any person from accepting or holding any

25   office, truest, place of confidence under the United States, or from

26   discharging any duties thereof". ...

27

28

1    Allegations RE Jurisdiction

2    Claims based on federal law

3         This District Court has jurisdiction by reason of 42 USC

4    s.1983 in connection with the following:

5         --First Amedment to U.S. Constution  (right to appeal in

6    state court is within the scope of freedom of speech taht is protected,

7    and right to petition government for a redress of grievances);

8         --4th Amendment (unreasonable search and seizure)

9         --6th Amendment [effective assistance of counsel, even where

10   defendant of a state criminal case is representing himself);

11        --14th amendment (equal protection and due process).

12        --5th amendment (double jeopardy)

13        --5th amendment (due process of law);

14        --6th amendment (right to impartial jury);

15        --8th amendment (cruel and unsual punishment);

16        --1st amendment (freedom of the press);

17        --41 USC. s.1981, supra, at p.___.

18

19

20                    allegations RE pleading

21        Defendants to this action have deprived Plaintiff of rights arising

22   under federal constitution (and amendments) and statutes;

23        Defendants to this action who have deprived this Plaintiff

24   of his federal rights have done so--acted or omitted to act--under

25   color of state or territorial law of California.

26        Plaintiff has been a citizen of the U. S. on the basis of

27   his naturalization paper, and has been living in the jurisdiction

28   of the U.S. for the entire relevant periodof this action.

1          Allegations RE Plaintiff(s)

2          (1)          Hung Ha, James Ha, or James Hung Xia is the name

3    of Plaintiff to this action, who is a natural person.

4          Plaintiff is male, although his naturalization paper

5    states that Hung Ha is female.  To be sure, Hung Ha is not female.

6    For definition of "male", please see p.790 in  THE AMERICAN

7    HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE, New College Edition

8    (1969 to 1978)(subsequent references are to this edition).

9          Hung Ha has immigrated from Asia to the United States.  Hung Ha

10   came to San Francisco from Hong Kong when he was an adult.

11         Hung Ha speaks flawed English, with noticeable accent.of a

12   foreign language.

13         Before the facts on which the claims of this action are

14   based came into existence, Hung Ha received a J.D. degree from

15   an out-of-state law school;  Hung Ha had received a J.D. degree

16   from NYU School of Law, located at 40 Washington Square, NY, NY 10002.

17   And Hung Ha had passed California bar examination and admitted

18   to the State bar of California.

19         In the U.S.A., Plaintiff has attended, and received degrees from,

20   City College of San Francisco, San Francisco State Univeristy,

21   the University of California, NYU School of Law, prior to the occurrence

22   of the facts in which callims of this action under federal law and

23   California law inhere.

24         (2)          Plaintiffs of a given class action in this suits

25   are set forth more fully hereinafter, at pp.___.

26

27

28

1    Allegations RE Supplemental Jurisdiction
       over State Causes of Action

2

3   The District Court has supplemental Jurisdiction over state

4 claims by reason of 28 USC s.1367(a).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Allegations RE Class Action

2    Class A—misdemeanor appellant-defendants in California state courts

3                        class member numerous

4        This class consists of defendant appellants in misdemeanor cases

5    in the state courts of California, who are either representing

6    themselves through trials and appeals, or being represented by

7    private practicing attorneys in either both trial and appeal or

8    appeals; there are probably defendant-appellants who are represented

9    by Public Defender on appeal.

10

11                     common questions of law and facts

12       There are the same questions of whether Clerk of Court must

13   meet the mandatory requirements of rules adopted by Judicial

14   Council of California, within the protection of federal constitution

15   (1st amendment to petition government for redress of grievances

16   right encompasses right to appeal reversable judgments of conviction;

17   4th amendment, against unreasonable search and seizure, 6th amendment

18   right to effective assistance of counsel, 14th amendment to equal

19   protection of law and due process of law).  There are the same

20   questions of whether  the state court cannot terminate an appeal

21   without the requisite notice of the court's motion, without a

22   proper clerk's transcript or record on appeal, without a valid

23   groud , without notice of pending dismissal, without  giving appellants

24   last extension of time in which to submit Opening Brief but with

25   deliberate intent to place appellants in default for purpose of

26   creating a ground of dismissal.  (Please see next page.)

27                        claims typical

28       Plaintiff's claims in this regard are typical of class members.

Ha v. ̶B̶u̶i̶r̶ , et al
Case no.: __

1          Allegations RE Class Action
   class A:  defendant-appellants in misdemeanor appeals in California courts
2          In all misdemeanor appeals, rules adopte d by California Judicial Council

3     must be strictly followed by Clerk of Court in the preparation of record

4     on appeal.  See below.

5          a.    pagination    The Clerk's Transcript must be paginated; that

6     pagination cannot be substituted by chronologial sequence of documents in

7     the case file. CRC, rule 9(a)(I)(D) (old CRC number); rule 183

8          b)    Exhibits that can be easily ̶x̶e̶r̶o̶x̶ed

9          All exhibits which can be easily xeroxed must be xerozed and

10    included in Clerk's Transcripts.  See CRC, rule 183(a), subpart 11,

11    (b) "(another other part of the record . . . shall be copied . . . ";

12    rule 184 ("record on appeal fairly and fully presents  the evidence and

13    other proceedings necessary for a decision thereupn").

14         Where trial court judge has ordered that photographs and similar

15    exhibts be made part of record on appeal, Clerk of Court must include

16    copies of them in the Clerk's Transcript.

17         c)    default in submitting OB

18    ⸾  Clerk of Court must give notice of pending/impending notice to

19    defaulting party when defaulting party's Opening Brief is not on file

20    by due date.  See rule 17.  Rule 17 is applicable, except length to cure

21    default.

22         d)    form and nature of notice of motion to dismiss

23         Rule 190 notice cannot be substituted by rule 103(b)notice.
                                          (defendnat-appellant )
24         e)    no deliberate attempt to put in default

25         Appellate departmeth cannot deliberately place appellant in default

26    of missing OB's due date by denying appellant's application for extension of

27    time in which to submit opening brief, which is a valid motion made in good faith.

28 Footnote:  The number system of Cal. Rules of Court ̶r̶e̶f̶e̶r̶e̶d̶ ̶t̶o̶ ̶a̶b̶o̶v̶e̶ ̶i̶s̶ th̶e̶
     ̶o̶n̶e̶ ̶t̶h̶a̶t̶ ̶w̶a̶s̶ ̶i̶n̶ ̶e̶f̶f̶e̶c̶t̶ ̶p̶r̶i̶o̶r̶ ̶t̶o̶ ̶2̶0̶0̶7̶ ,in which a new system becomes effective.
     Attachment to Complaint    p. __10

1    Allegations RE Class Action

2    Class B--immigrants

3    This class consists of all those who have immigrated to the

4    US.A. and settled in California when they were an adults, and their

5    native languages are not English.

6

7    In the alternative, class members of this class consist of

8    adult immigrants from Asia, such as China, Korea, Japan,

9    Camboia, Vietnam, Thailand, Singapore, Malysia.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Allegations RE Class Action

2    Class C--

3    <u>class members</u>
     This class consists of adult immigrants who have worked

4    very hard through long years in meeting educational requirements

5    of this society, or professional requirements of this society, in

6    endeavoring to become productive law-abiding citizens, in

7    the state of California, where they settle permanently.

8    Before they fall victims to similar acts or omissions to act

9    of the defendants to this action, the class members have

10   achieved educational and professional standing in the USA and

11   California.    They have never been legitimately arrested or

12   charged with any crime before they became victims to similar acts

13   or omissions to act of the defendants to this action.

14

15    <u>common questions of law and facts</u>

16   There are the same questions of whether defendants subject

17   class members to violent crimes committed by deviant police officers

18   and  white-collar crimes of covering up said violent crimes,

19   ruining the life of the class members, such that the equitable

20   relief of removal from office as to all or some of the defendants

21   who hold public officers is needed.

22

23    <u>typical</u>

24   Plaintiff's claims are typical of class members  Defendants

25   who deserve removal from public offices commit the same pattern

26   of conduct, which begin with deprivation of civil rights by police

27   officers (when their behavior onduty happens to be aberrant).

28

---

1              Allegations RE  Class Action

2    Class D

3                numerous class members

4        This class consists of natural persons who think that they are

5    about to live in a "free and just society under law (secular law)

6    in California, or who think that they were living in such a society,

7    or who have made the conscious decision collectively to make the

8    society of California "free and just under [secular[ law".

9

10               common questions of law and facts

11       The critical question is whether judicial officers of the

12   state court system of California--from trial courts/superior courts

13   through court of appeal to the Supreme Court of California--have

14   been achieving a coup without use of military but with use of

15   the police departments and sheriff's departments throughout

16   California.    A question is whether employees of the government at

17   various levels and persons from private sectors engineer falsification

18   of court record in violation of California Gov. C. sec.6200, hence

19   destroying the rights of class members which are provided and/or

20   secured by the Constitution and statutes of the U.S. A qeustion is

21   whether judicial officers of California State create a shadowy, illegitimate

22   government while maintaining at the same time a legitimate government

23   which exists whenever laws are faithfully carried out, by  mens of

24   falsification of court record within the purview of Cal. Gov. C. s.6200.

25

26                claims tipical

27       Plaintiff's claims are typical of calss members.  Eivdence consists

28   of court records of all cases to which Plaintiff is a party since March 6, 2001.;
     the earliest court record consists of nine digital phtos and UCPD reports ,3/4/01

Allegations RE Class Action

Class F: attorneys from law schools of other states

### numerous class members

Plaintiff did not graduate from Boalt Hall school of Law, located on UC-Berkeley.  There are many law schools outside California which are ranked by U.S. News & World Reports to be the equivalent of Boalt Hall or"better"  or "higher" than Boalt Hall.  Graduates from those out-of-state law school might come before a California state court, in civil or criminal cases.  Class members are therefore numerous.

### common questions of law and facts

Questions are whether defendants discriminate against Plaintiff, Hung Ha, for the reason that he is not a attonrey with a law degree from Boalt Hall, but with a degree from an out-of-state law school, even if plaintiff's law school is ranked not "lower" than Boalt Hall School of Law is.  Note that the Regents of the University of California are the publisher of many legal titles, published by CEB of California.

### typical

The claims ofPlaintiff are typical of this class.

Defendants who are judicial officers may be removed from offices to the extent authorized under federal alws. Practicing attorneys may be removed from their public offices under federal laws.

Ha v. Burr..., et al
Case no.: __

Allegations RE Defendants

1

### Clerk of Court

2

| | |
|---|---|
| Marie Mayu pao | deputy clerk at the appeal unit of Superior Court in/for Alameda County |

3

4

| | |
|---|---|
| Jane Doe __ | Supervisor at aforesaid appeal unit, supervisor of Mayupao |

5

6

7

Does # __

8

9

### District Attorney's Office

10

| | |
|---|---|
| Thomas Orloff | District Attorney between March 4, 2001 and present, beyond |

11

| | |
|---|---|
| Allison Danzig | staff attorney in said DA's Office |

12

13

14

| | |
|---|---|
| Andrew Ross | staff attorney in DA's Office, who handled "trial"of People v. Ha, "representing" People of California |

15

16

17

### judges of Alameda Superior Court

18

| | |
|---|---|
| Kenneth Mark Burr | Presiding judge of Appellate Department to which the appeal of Hung Ha in People v. Ha, 4529, has gone |

19

| | |
|---|---|
| Richard Keller | judge at the appellate department |

20

| | |
|---|---|
| Brenda Harbin-Forte | judge at appellate department |

21

| | |
|---|---|
| Winton McKibben | judge who presided at "trial" of People v. Ha |

22

| | |
|---|---|
| Thomas Reardon | judge who presided at Master Calendar department when People v. Ha, 166802 came up for trial in 2001-2002, and who worked with Judge McKibben throughout the the"trial"of People v. Ha |

23

24

25

26

27

Note: This is a tentative list, above. The rules of pleadings are such that a potential defendant should be noted along with actual, positively identified defendant. Among the named defendants, one might be , at this point, merely possible to be eventually sued.

28

Ha v. ~~Ross~~ et al
Case no.: __

| 1 | defendants (cont) | |
|---|---|---|
| 2 | Does ## | research attorneys to Judge Kenneth Mark Burr, who |
| | | have assisted Judge Burr in handling Ha v. Rhoden,et al, |
| 3 | | 2002066008 (Alameda), and the appeal of People v. Ha, |
| | | 4529 (app. Dept.) |
| 4 | | |
| 5 | Frank Roesch | judge presiding at law and motion department, |
| | | dept. 1, who has participated in Ha v. Ross, et al, |
| 6 | | 2002074172 and Ha v. Harrison, et al, 2002077102 |
| 7 | Does ## | research attorneys who have actively assisted |
| | | Judge Roesch in destroying Hung Ha's causes of |
| 8 | | action in Ha v. Ross, 2002074172, and Ha v. Harrison, |
| | | and who were well aware of the possibility that |
| 9 | | Judge Roesch deliberately made errors for the |
| | | purpose of illegally destroying my causes of action |
| 10 | | (that, I am obligated to prove), provided that |
| | | plaintiff Hung Ha  can prove Judge Roesch's |
| 11 | | ill will and the research attorneys' freedom of |
| | | choice |
| 12 | James A. Richman | Judge, who has participated in Ha v. Ross, and |
| | | Ha v. Harrison; who has issued on Jan. 24, |
| 13 | | 2005 "order" declaring Hung Ha a "vexatious litigant" |
| | | and a Prefiling Order on motion made by attorneys |
| 14 | | of the Justice Department of California (and, behind |
| | | the scene, other attorneys) |
| 15 | Does ## | Research attorneys who had assisted, with ill-will |
| 16 | | toward Hung Ha (that, Plaintiff must prove), Judge |
| | | Richman handing the motion made by Amy W. Lo, Tyler |
| 17 | | B. Pon, Bill Lockyer on DEc. 22, 2005 in Ha v. Ross |
| 18 | Jo-Lynne Lee | Judge, Alameda Superior Court |
| 19 | George Hernandez | Presiding Judge of Superior Court of California in |
| | | and for Alameda County, Department 1, at |
| 20 | | 1225 Fallon Street, Oakland, CA 94612 |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Attachment to Complaint        p. __ 16

Ha v. Burr , et al

Case no.: __

1    Defendants (cont)

2    Justices of DCA

3    William E. McGuiness        the Presiding Administrative Justice at
                                 the District Court of Appeal for the
4                                First Appellate District

5    Stein                       Division 1 justice

6    Swager                      division 1 justice

7    Margulies                   justice

8    Marchiano                   Justice

9    Does ##                     research attorreys who deliberately partici-
                                 pated in what they actually knew to be illegal
10                               and unethical acts of the Justices whom they
                                 assisted

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attachment to Complaint        p. _ 17

Ha v. Blair    et al

Case no.:

defendants (cont)

1    Private persons

2        Mark Rhoden        police officer at UCPD

3        Jason Collom       police officer at UCPD

4        Sean Aranas        police officer at UCPD

5        Alex Yao           police officer at UCPD

6

7        Jeffrey Blair    University Counsel, at 1111 Franklin St. 8th fl. Oakland

8        Richard E. Winnie  County Counsel, 1221 Oat St., 4th fl. Oakland

9        Victoria Harrison  Chief of Police Department at UC-Berkeley

10   private law firm

11       Maureen M. Duffy  Attorney at PWB

12       Andrea S. Carlise Attorney at PWB; also partner

13       Steven Craig Wolan   Attorney and partner at PWB/PWC

14       Patton Wolan & Boxer    1814 Franklin Street, ste 501, Oakland, CA

15       Patton Wolan & Carlise, LLP    same above

16       Robert L. Gaumer    attorney at PWB

17       Does ##        assistants who knowingly participated in the
                     unethical and unlawful game against Hung Ha, and
18                   who have actively participated in the said game,,
                     at PWB or PWC, LLP.
19       Dan __         Legal assistant to private practicing attorneys above

20   Justice Department of California

21       Amy W. Lo          staff attorney at Justice Department

22       Tyler B. Pon       supervising attorney for litigation in Tort division,
                     at Oakland Office

23       Bill Lockyer       Ex Attorney General of the state of California

24

25

26

27

28

Ha v. B____ ___ et al

Case no.: ___

defendants (cont)

1

2   entities (public)

3        Alameda  County    1221 Oak Street, Oakland, California

4        The Regents of  UC   1111 Franklin Street, Oakland, CA 94607

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attachment to Complaint      p. __ 19

Ha v. Burr et al

Case no.: __

1                    Reason of Naming Defendants

2     Defendants are named in this action for their connection to

3  the judgment of conviction of People v. Ha, 166802 (Alameda), 4529 (app.dept.)

4  including connection to the"finality"  of said"judgment"   Below, I will

5  explain that "connection".

6     1)    Kenneth Mark Burr

7     Judge Burr intentionally used the power of his office (as Presiding

8  Judge of the Appellate Department (which hears misdemeanor appeals) to

9  interfere with my appeal in order to make it fail, and His Honor

10  deliberately terminated my appeal of the null/void judgment of conviction

11  in People v. Ha, without authorization of the law of California.   His

12  Honor intentionally attempts to cover up the violent crimes and white-

13  collar crimes (within scope of, e.g., Cal. PC s.153 [compounding and

14  concealing crimes]) in connection with People v. Ha, and also  block my

15  civil right actions which have developed out of the matters of

16  People v. Ha (i.e., violent crimes, cover-up crimes and deeds which

17  are otherwise illegal).

18     2)    Marie Mayupao

19     Mayupao, deputy clerk of court at appeal unit of the Superior Court,

20  knowingly failed to prepare a record on appeal which would meet the

21  mandatory requirements of California rules of Courrt, making it

22  impossible for defense counsel to write defense's opening brief within the

23  fast-paced time limit of misdemeanor appeals.  Even without such

24  time pressure, the deficiens in the record on appeal due to failure to

25  complay with rules of court precluded the possibility that defense would

26  be able to write a sufficiently thorough Opening Brief, Mayupao's failure

27  to fulfill her mandatory duty precluded the possibility that Hung Ha could

28  submit his Opening Brief within the time allowed.  Moreover, Mayuap failed

Attachment to Complaint          p. 20

Reason of naming defendants (cont)

1    to send notice of pending dismissal following Judge Burr's orders

2    denying Hung Ha's two applications for extension of time in

3    which to submit Opening Brief and for a revised Clerk's Transcript

4    (which would meet the mandatory requirements of rules of Court).

5    In addition, Mayupao failed to place Hung Ha's motion to vacate

6    the briefing schedule (till December 2006, well after Judge Burr

7    had obstensibly ordered dismissal of Ha's appeal).

8        By her repeated failures to perform her mandatory duties

9    enjoined by curules of court of California, with clear knowledge

10   that she had incurred such failures, Mayupao paved the way for Judge

11   Burr to inflict the letal wound on/about Nov. 17 to 20, 2006,

12   that is, purportedly ordering dismissal of appeal (on the ground

13   that my OB was not on file when, in truth that I am alleging now,

14   my OB was on file since Nov. 2, 2006 to Nov. 20, 2006 and beyond).

15       As a result, on Feb. 16, 2007 as schedule by a briefing

16   Notice dated Oct.__, 2006, the hearing on People v. Ha, 166802, did

17   not take place.    An effect of that court's failure to rule on my

18   appeal is that, arguably, the judgment of conviction became final

19   (as a matter of law) even if it is packed with reversable errors,

20   and even though it is plainly, certainly erroneous (upon inspection

21   of record, with or without additional materials which may be

22   judicially noticed).

23

24

25

26

27

28

1          Allegations RE Equity and Respondent

2    Superior Court in and for Alameda County, Appellate Department

3       A court is obligated to vacate any void order or judgment, the

4    invalidity of which is disclosed upon inspection of record (judgment

5    roll) with or even without additional evidence and materials which

6    may be judicially noticed.

7       Plaintiff/petitioner alleges that in this action in equity,

8    the appellant department of Superior court in and for Alameda County

9    may be ordered under federal law to vacate the void order which purports

10   to dismiss appellant's appeal in People v. Ha, 4529, such that

11   appellant's federal rights can be vindicated by resumption of "dismissed"

12   appeal in said misdemeanor appeal.

13      To the extent that this equitable action is authorized under

14   federal law to vacate void orders and judgment in aforesaid

15   misdemeanor appeal, the appellate department of Superior Court of

16   California in and for Alameda County is a respondent to this

17   equititable action.

18

19

20

21

22

23

24

25

26

27

28

Ha v. Buir   et al

Case no.: __

1                    Allegations RE Equity and Respondents

2  U.S. Department of Education

3     Although U.S. Department of Education is not a defendant to this

4  action, it is a respondnet to this action, for the following reason.

5     U:S. Department of Education is antuhorized by federal law to hold Hung Ha

6  responsible foe whatever educational loans which said department claims
   that Hung Ha owes

7                           and which are guaranteed by U.S. government.

8     U.S. Department is authoirzed to place restriction on Hung Ha's

9  application for U.S. passport while said loans are in default.

10    U.S. Department claims that Hung Ha owes loans which are guaranteed by

11 the U.S. government to be repaid, even if Hung Ha disputes validity or enforceabil

12 enforceability of such laons.

13    I, Hung Ha, allege that U.S. Government refuses to issue U.S. passport

14 because U.S. department of education indicates that Hung Ha fails to

15 fulfill his contractual obligations guaranteed by U.S. government to

16 be paid.    I allege that I cannot obtain a U.S. passport until

17 the U.S. Department of Education removes restriction on my application

18 for U.S. passport.

19    The judgment of conviction in People v. Ha, 166802, 4529 (app.dept)

20 proximately causes my financial inability, as to preclude any reasonable

21 possibility that ,iif any, my education loans guaranteed b y U.S.govern-

22 -ment would get paid.

23    I believe and allege that in this action in equity, U.S.

24 Department may cancel!all the loans that it claims, and remove said restriction.

25    To the extent that a defendnat is shielded from liability by defense

26 of immunity,  equity relief may be granted as to Hung Ha's obligation

27 which U.S. Department of Education claims.

28

Ha v. Burr   et al
Case no.: __

1          Allegations RE Equity and Respondents

2  B of A

3      Plaintiff has a credit card account with B of A.

4    The unpaid balance of said account exceeds $10,000.00.  The

5  said balance acculautes because of Plaingiff's litigation costs

6  associated with People v. Ha  and its related civil right actions

7  by Plaintiff Hung Ha.

8    But for the violent crimes on Hung Ha being an innocent victim,

9  and but for the white-collar cimres desinted to cover up the former

10 and public entities and employees from liability to Hung Ha, said

11 balance would not have come into existence at all.

12   The judgment of conviction technicall became final on/about Nov. 20

13 2007.

14   Said judgment of conviction proximately causes Plaintiff hUng Ha's

15 becing totally unable to meet his obligation owed to B of A in

16 connection with said credit card account.

17   Under California law, an obligation to perfrom under a contract

18 may be excused, up to the fullest extent.

19   To the extent that any defendant is shileded from liability by the

20 defense of immunity, equity relief may be granted by court to excuse

21 Hung Ha's performance under contract with B of A   in connection with

22 said credit card account.

23   To the extent that any defendant is shielded from liability by the

24 defense of statute of limitation, equity may be granted to excuse Hung Ha

25 from performance of said contract with B of A.

26

27

28

1                    Allegation RE Equity and Respondent

2    U.S. Department of Justice

3        The U.S. Department of Justice is in this equity action because

4    the U.S. government, as a party to this action, is to be represented

5    by the U.S. Department of Justice.

6        The U.S. government is a party to this action because it is

7    obligated to stop state and local governmental officials from

8    politically persecuting immigrants, and is under heightened obligation

9    to stop such polical persecution against legal immigrants who have

10   worked haerd for long years in meeting the educational and-or

11   professional requirements of the governments of America at all levels,

12   federal, state and otherwise.

13       Here, Plaintiff alleges that acts and omissions to acts of

14   defendants are in essence political persecution.  Plaintiff further

15   alleges that such persecution is directed at immigrants to U.S.A.

16

17

18

19

20

21

22

23

24

25

26

27

28

Allegations RE Equitable Action

1      1)   There is no adequate remey in law for the various types

2 of wrongful acts and omissions to act of the defendants to this

3 action.  Plaintiff has no plain, speedy, and adequate remey in

4 the ordinary course of law, other than the equitable reliefs

5 sought in this petition . . . .

6

7

8      2)   Various respondents are under various types of duties,

9 which may be enforced in this action for equitable reliefs, I'll
begin with U.S. Department of Justice, below.

10      a) U.S. Department of Justice is .    under a duty to

11 ensure that immigrants to this county are not being subject to

12 political persecution, particularly the political persecution

13 of white citizens.

14    U.S. Department of Justice is under a duty to examine/inspect

15 all of the court records of the cases to which I have been party

16 since March-6, 2001, to determine whether judicial officers of

17 the state of California have effected a coup, with the use of

18 various police departments and sheriff's departments throughout

19 California, whether they have established an illegitimate

20 shadowy government by way of falsification of court record

21 within the scope of Cal. Gov C. s.6200, whether a white establishment

22 exists within the purviw of 41 USC s.1981.  The earliest of the

23 said court record consist of nine phos taken with digital camera,

24 and so-called crime/arrest reports dated March 4, 2001.

25

26

27

28

Ha v. Burr , et al
Case no.: __

1                    Allegations RE Definitions

2          1)    White Collar Crimes

3          The White Collar Crime is a crime "committed by a person of

4    respectability and high social status in the court of his occupation."

5          The White Collar Crime is non-violent crime for financial

6    gains or non-financial gains and/or advantages which are not

7    sanctioned by either law or ethical principles; it is typically

8    committed by means of deception by persons whose occupational status

9    is entrepreneutrial, professional or semi-professional, who use

10   their special occasional skills and opportuniites, technical and

11   professional knowledge of business and government, organizational

12   resources, who act or fail to act in an organized, purposefully manner.

13

14         2)    political persecution

15         a.    "Politics"  means "partisan or factional intrigue

16   within a given group". AMERICAN HERITAGE DICTIONARY OF THE ENGLISH

17   LANGUAGE, New College Edition (1978), p.1015).

18         b)    "persecute" means "to oppress . . . with ill-treatment".

19   Id., p.977.

20         "Political persecution" here means that in Ameircan society or

21   society of California, by acts or omissions to act, there are people —

22   who occupy key positions in business and government—who act in

23   organized manner, by means of deception, to deprive others of rights which

24   are declared in article 1 of California Constitution,  perticularly

25   those rights of enjoying and defending life and liberty, acquiring,

26   possessing, and protecting property, and pursuing and obtaining safety,

27   happiness, and privacy'. Cal. Const. art. 1, sec.1.

28

Ha v. Burr , et al
Case no.: __

1    Definitions (cont)

2         3)    falsification of governmental records

3         Cal. Gov. C. sec. 6200 encompasses the definition of "falsification"

4    of governmental records, particularly those governmental records of

5    the state court of California.

6         4)    Judicial coup

7         By falsification of court records, judicial officers with the

8    assistance of non-judicial officers, achieve in effect a coup without

9    use of the military, seizing control of society and government, abolishing

10   by deception the Constitution and statutes of California, applicable

11   Constititional and statutory provisions of the U.S. as applicable to

12   California, imposing personal will on the poluplation, maintaining

13   control by use of armed force which is the police deaprtments and

14   sheriff departments throughout the state of California.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. _____ et al

Case no.: __

### Allegations RE Absolute Immunity

1

2  I allege that California courts have unlawfully adopted from the U.S.

3 Supreme Court the doctrine of absolute immunity for judicial officers.

4  Said doctrine cannot be reconciled with the U.S. Constitution

5 and statutes.

6  Said doctrine cannot be reconciled with California Constitution.

7  Said doctrine cannot be reconciled with California statutes.

8  Where judicial acts are deliberately erroneous upon clear and

9 convicing proof, the door of liability is opened.

10  The doctrine of absolute judicial immunity in effect achieves,

11 by way of falsification of court records, abolition of the constitutions

12 and statutes, and a coup without direct use of the military, but  with

13 use of police departments and sheriff department throughout the

14 state of California.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## Allegations RE Political Nature
### of what Might seem Judicial Acts

3  Plaintiff alleges that the acts and omissions to act of defendants
4  are not really judicial in nature, but in hte nature of political
5  persecution.

6  Law is a mans by which Plaintiff might be able to get a taste of
7  a "free and just society under [secular] law". That is a kind of
8  empowerment.

9  Defendants who are elements of a shadowy, illegitimate govermtment
10  limit said empowerment, and to limit it to the extent possible or
11  expedient or feasible.

12  Immunities of various types are therefore inapplicable,
13  even if such immunities coul d be fully reconciled with the
14  constitutions of California and US and their statutes.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

Ha v. _____ et al
Case no.: ___

1                    Allegations RE TRuth to be Judically noticed

2      I respectufly request judicial notice of the following alleged
          (1)
3  truth:  trial record of People v. Ha shows that Hung Ha is the

4  innocent victim of and innocent witness to the violent crimes committed by

5  prosecution witnesses, Mark Rhoden and Jason Collom, on March 4,

6  2001 in Dwinelle Hall in UC-Berkeley, and the truth that the record of

7  said trial shows that the judgment of conviction is null and void upon

8  inspection.

9      (2)   By operation of law, my Opening Brief submitted for filing

10  on Nov. 2, 2006 is deemed timely, within the purview of CRC, rule 17.

11      (3)   By operation of law, my Opening Brief submitted for filing on

12  Nov. 2, 2006 in People v. Ha, 4529, is deemed filed on that date.

13      (4)   From Nov. 2, 2006 through Nov. 17 and 20, 2006, to Feb. 16,

14  2007 and beyond, my Opening Brief in People v. Ha, 4529 has been

15  in existence.

16      (5)   The "orders" issued in the name of the Superior Court in and

17  for Alameda County in People v. Ha, 4529 are false or untrue insofar

18  as they say that defendant-appellant failed to submit Opening Brief.

19

20

21

22

23

24

25

26

27

28

Ha v. Burr, ~ al,

1          Allegations RE Acts/Omissions to Act

2     On Nov. 20, 2006, the Appellate Department of Superior Court of

3  California in and for Aalmeda County issued an Order which purports

4  to dismiss Hung Ha's appeal in People v. Ha, 4529 (App. Dept),

5  166802 (Alameda 2001)

6     As a result, the hearing on Hung Ha's appeal in aforesaid

7  misdemeanor case has never been heard as  originally secheduled for

8  February 16, 2007.  Said appeal has not been reinstated as of this time.

9     As a result of the aforesaid "dismissal", the judgment of

10  conviction in said misdemanor case has become technically final on

11  and since November 20, 2006.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  footnote: Please read the foregoing on this page in context of background
    facts, pleaded elsewhere in this pleading.

28

_____

Ha v. Buir et al
Case no.: __

1              Allegations RE Background Facts

2    On March 4, 2001, Sunday, in about or less than two minutes

3 between 6:45 p.m. to 7:00 p.m., I suffered extreme violence, which

4 was committed by Mark Rhoden and Jason Collam.

5    I made a citizen's arrest of them for filent felonies at aobut 7:00 p.m.

6

7    Since athat moment, I have been suffering white collar crimes.
                 and omissions which
8 The acts which ultimately resulted in deprivation of record on appeal to

9 which I have been entitled in People v. Ha, 4529 and the technical

10 dismissal are well within the scope of whate collar crimes. Summary follows.

11     _trial court    In my civil rights cases, particularly
    Ha v. Ross, et al, 2002074172, and Ha v. Harrison, et al, 2002077102,
12
     trial court judges and defense counsels, enginerred rulings, order,
13
     judgments with the intent to prevent the discovery of the criminal
14
     acts and omissions involved in People v. Ha, 166802.  An effect of
15
     their activities and inacivities is to frustrate my efforts in
16
     overturning the void judgment of confiction in People v. Ha, while
17
     appeal has beenpending.    These defendants have been aided by
18
     Justices of appellate court, with or without aid of their research
19
     attorneys.
20
         --vexatious litigant proceeding        Defendants enginnered
21
     the orders declaring me a vexatious litigant and Prefiling order,
22
     in order to stop me from seeking remedies from the government, and
23
     to cover up the violent felonies of Mark Rhoden and Jason Collam
24
     and the cover-up crimes that are the trial of People v. Ha.
25
     Justices on appellate levels have been aiding them in that regard.
26
         --farther away from the core activities are the deliberate
27
     failure to act by various defendants, whose  inaction, passivity,
28
     silence permit and make possible appellate department illeally end my appeal.
     Attachment to Complaint          P.33

Ha v. Burr , et al

Case no.: ___

1  Nature of Claim

2       Defendants violated Plaintiff's right to appeal misdemanor
judgment of conviction in People v. Ha, 4529. Where a judge was disqualified
3  and there was no reasonable possibility of consent or waiver, His Honor
or Her Honor had no authority to participate in ordering dismissa l of
4  appeal. Where the judges were not disqualified, they had no authority to
order dismissal of appeal, such that the Order(s) dated Nov. 17 to 20, 2006 are void.
5  Parties to whom this Claim is related

6  Plaintiff is: Hung Ha

7  Defendants are: Kenneth Mark Burr, Richard Keller, Brenda Harbin-Forte,

8

9

10  Claim

11       Plaintiff, Hung Ha, alleges that aforesaid defendants were,

12  are, ctoninue to be the legal (proximate) cause of damages to Plaintiff.

13  Defendants intentionally have caused damages to Plaintiff, by having

14  committed and/or having been committing the following acts and/or omissions

15  to act.

16

17

18

19

20  facts/reasons

21       A document purports to be dated Nov. 17, 2006 and signed by
Judge Burr, Presiding Judge of the Appellate Department, and purports
22  to dismiss Hung Ha's appeal in People v. Ha, 166802, on the court's
motion, on the ground that after giving notice per CRC, rule 103(b),
23  appellant Hung Ha failed to submit Opening Brief, per CRC, rule 190.
          Plaintiff alleges, however, that in truth, Hung Ha's opening Brief
24  was timely filed on Nov. 2, 2006 in said misdemeanor appeal.
          Plaintiff further alleges that in truth, the court in People v. Ha, 4529,
25  did not issue any CRC, rule 190 notice of court's own motion to dismiss
per CRC, rule 190, and rule 103(b) notice is not rule 190 notice of court's
26  motion to dismiss. The purported court's own motion authorized by
CRC, rule 190 was totally without notice, which is required by said rule 190.
27       The purported order of dismissal is false within Cal. Gov. C. s.6200.
          Purported dismissal of appeal has caused proximately damages to Plaintiff.

28

Attachment to Complaint          P.___ 34

Ha v. Burr    et al

Case no.: __

CAUSE OF ACTION # __

1    Nature of Claim

2    violation of CRC RE preparation of record on appeal

3

4

5    Parties to whom this Claim is related

6    Plaintiff is: Hung Ha

7    Defendants are:                          Marie Mayupao, supervisor of
     appel unit, Burge (Presiding Judge), Kelly (appellate judge), Harbin-Forte
8    (appellate judge), Does ## __

9

10   Claim

11        Plaintiff, Hung Ha, alleges that aforesaid defendants were,

12   are, continue to be the legal (proximate) cause of damages to Plaintiff.

13   Defendants intentionally have caused damages to Plaintiff, by having

14   committed and/or having been committing the following acts and/or omissions

15   to act.

16

17

18

19

20   facts/reasons

21        duty

22        Defendants are under a duty to provide record on appeal in substantial

23   complainace with California Rules of Court, such as pagination of Clerk's

24   Transcript, copies of exhibits which can be easily zerozed, and mark each

25   volume of Clerk's Transciit with beginning and ending page number of a

26   given volume.

27        failure to fulfill duty

28        Defendant failed to perform that duty.    They further refuse to perform duty.

Attachment to Complaint        p.__ 35

Ha v. Burr et al

Case no.: __    COA #_

proximate causation

1

2    As direct and proximiate cause od defendants' failure to perform duty,

3  I was precluded from submitting my Opening Brief within the greatly

4  limited amount of time in misdemeanor appeals.

5    The single fact that the Clerk's Transcript was not paginated

6  was sufficient to prevent me from submitting timely my Opening

7  Brief in the appeal of People v. Ha.

8    The exclusion/omission of the photographs alone made it impossible

9  for me to draft an Opening Brief which could sufficiently present

10 reversable errors.

11    To be sure, no defeense attorney could write his Opening Brief

12 where bulky clerk's transcript is not paginated, and many exhibits

13 which can be easily zerozed and are important to appeal are not provided

14 by clerk of court.

15    Failure of the clerk of court caused defense attonrey to be

16 in hopeless confusion, disorientation, inefficiency, needeless/

17 avoidable paperworks.

18    When Appellate Department deliberately placed me in default by

19 denying my two application on Oct. 30, 2006, I missed the due date

20 of Oct. 30, 2006 in submitting OB.

21    Further, on Nov. 20, 2006, appellate department issued order

22 which purports to dismiss my appeal on the ground that after CRC, rule 103(b)

23 notice was given, Plaintiff failed to submit OB and court acted on its

24 own motion per rule 190 dismissing aooeak on gorund that Hung Ha

25 did not have an OB on file as of Oct. 30, 2006.

26

27

28

Attachment to Complaint        P. _36

1    COA #__

2    damages

3         The technical dismissal of my appeal in People v. Ha was a

4    tremendous shock to my nerves, physical being.    From Jan. 4, 2002

5    on which "jury" was directed by Andrew Ross to return guilty verdict

6    on all charges to Nov. 20, 2006, I had been enduring extreme

7    pain and suffering.    The jury's "verdict" already shocked me

8    speechless at the time.    In the post-conviction proceedings (Jan. 9

9    2002 to Feb. 28, 2002), I was shocked by the acts and failure/omissions

10   to act by Judge McKibben.    Judge Burr's activities shocked me.

11   I was sleepless, exhausted by anxiety, unrelenting tension,

12   anticipation of future trouble.    As of Nov. 20 plus five days

13   extension 2006, as to future trouble, I did not see how I could

14   possibly get back to a rewarding career in the supermarket (particularly

15   at a unitionized supermarket) and, in the alternatively, I lost

16   the prospects of resuming a career at the Law Department of NYCHA,

17   which would be possible if I prevail in People v. Ha and Ha v. Ross,

18   2002074172 or Ha v. Harrison, 2002077102.    As to future

19   trouble, I face problem of obtaining a U.S. Passport, and face

20   insurmountable difficulty in forging a career or new life overseas

21   (outside U.S.).    As to future trouble, I don't see how I could

22   possibly overcome difficulty in establishing my own family before

23   it is  too late (if not already too late).

24

25        As a result of the technical dismissal, even if void upon

26   inspection of records, I am deprived of evidence that may be used

27   to save my civilright cases, such as Ha v. Ross, 2002074172, and

28   Ha v. Harrison, 2002077102; Gov. C. sec.945.3 is applicable.

Ha v. Bair et al

Case no.: __

COA #

1    Damages (cont.)

2    As a result of the dismissal of appeal in People v. Ha,

3    I am deprived of evidence which may be used to remove the "order"

4    issued by Judge Richman on Jan. 24, 2005 declaring me a vexatious

5    litigant and a Prefiling Order issued on the same date by His

6    Honor.

7

8    As a result of thepersistent difficulty in removing the said

9    orders of Judge Richman, my property right in form of cause of action

10    is being impaired, as said orders of Judge Richman are being used to

11    deprive me of such property.

12    An example of such property right is my Cause of nction

13    against Judge Richman et al, for abusing the vexatious litigant

14    statutes in Ha v. Ross, 2002074172.

15    Another example of loss of property is the failure of my

16    petition for writ of mandate filed or submitted for filing on

17    Nov. 14, 2005 in SF Superior Court RE my application for

18    compensation/financial assistance to the Victim Compensation &

19    Government Claim Baord (claim #753318).

20

21    As proximate result of technical dismissal of my appeal in

22    P. v. Ha, 4529, I have suffered setbacks in Ha v. Ross on

23    appeal, and Ha v. Harrison on appeal.    In either case, even

24    the minimum amount of compensation and punitive damages which the

25    court would deem fair, reasonable, equitable, just would be in

26    hundreds of thousands of dollars, with or without attorney's

27    fees (plus reimbursement to county and court for waived fees and costs).

28

Ha v. : Burr  et al
Case no.:    __

                        Cause of Action # __ .

1  Nature of Claim

2     Remedy is authorized under 42 USC s.1983 for violation of 14th Amendment
      (both due process and equal protection clauses), 4th amendment, 6th amendment
3     right to effective assistance of counsel)

4

5  Parties to whom this Claim is related

6  Plaintiff is: Hung Ha

7  Defendants are: the named deputy clerks of court: Mayupao, her supervisor,
   the three judges at appellate department (Judge Burr, P.J. et al)

8

9

10 Claim

11       Plaintiff, Hung Ha, alleges that aforesaid defendants were,

12 are, ctoninue to be the legal (proximate) cause of damages to Plaintiff.

13 Defendants intentionally have caused damages to Plaintiff, by having

14 committed and/or havinb een committing the following acts and/or omissions

15 to act.

16

17

18

19

20 facts/reasons

21     duty
       Clerks at appeal unit are under duty under 14th amendment.  So are
22 the judges of the appellate deaprtment.

23     Clerks at appeal unit are under duty under 6th amendment not to
   deny to appellant defendant effective assistance of counsel.  So are the
24 appllate judges.

25     Clerks of appellate unit are under duty under 4th amendment.  So are
   judges of appellate department.

26     breach of duty

27     These five or so persons prevented Hung Ha from obtaining proper

28 record on appeal.

Attachment to Complaint        P. __ 29

Ha v. ~~Bair~~ et al
Case no.: __

1    COA #__

2    <u>damages</u>

3    As proximate cause of defendants' breach of duties, Plaintiff

4    have suffered proximately damages: dismissal of appeal dated

5    nov. 20, 2006 and its natural consequences ascerainable in

6    Plaintiff's personal situation.  Damages described elsewhere in

7    this pleading are incorporated into this cause of action by reference.

8

9

10    <u>allegations RE s.1983</u>

11    Plaintiff has been at all relevant times a citizen of U.S.

12    and California.

13    The acts and omissions to act of defendants have been done

14    under color of law: the statutes, rules of court, ordinace,

15    regulation, custom, usage of California.

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. Burr, et al,

1    Nature of Claim

2    violation of 41 USC s.1981

3

4

5    Parties to whom this Claim is Related

6

7

8

9

10   Claim

11       Plaintiff, Hung Ha, alleges the aforesaid defendants were, are,

12   continue to be the proximate legal cause of damages to Plaintiff,

13   by having committed or committing the following acts and/or

14   omissions to act.

15   Facts/reasons of liability or obligations

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. Burr, et al,

1  Nature of Claim

2  violation of 42 USC s.1985 (discrimination)

3

4

5  Parties to whom this Claim is Related

6  Hung Ha asserts this claim against Kenneth Mark Burr, et al

7

8

9

10  Claim

11      Plaintiff, Hung Ha, alleges the aforesaid defendants were, are,

12  continue to be the proximate legal cause of damages to Plaintiff,

13  by having committed or committing the following acts and/or

14  omissions to act.

15  Facts/reasons of liability or obligations

16

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. Burr et al
Case no.:

1  Nature of Claim

2  violation of disqualification statutes and due process under both
   Cal and U.S. Constitutions.

3

4

5  Parties to whom this Claim is related

6  Plaintiff is: Hung Ha

7  Defendants are:  Kenneth Mark Burr, P.J.

8

9

10  Claim

11       Plaintiff, Hung Ha, alleges that aforesaid defendants were,

12  are, ctoninue to be the legal (proximate) cause of damages to Plaintiff.

13  Defendants intentionally have caused damages to Plaintiff, by having

14  committed and/or havinb een committing the following acts and/or omissions

15  to act.

16

17

18

19

20  facts/reasons

21     duty

22     My/Hung Ha's disqualification statements weere effective.  They

23  could not be stricken.   Judge Burr was disqualified.

24     Judge Burr was under mandatory duty not to make ruling touching the

25  merits of the appeal.

26     Judge Burr breached aforesaid duty when he ordered on Oct. 30 2006

27  denial of my two applications, and later ordered dismissal in Nov. 2006

28  and denial of my motion in Dec. 2006.  I have suffered damages as a result.

Ha v. Bior   et al

Case no.: ___

1  Nature of Claim

2     Violation of Cal. Const. art. 1, sec. 28, and PC s.679 et seq.

3

4

5  Parties to whom this Claim is related

6  Plaintiff is: Hung Ha

7  Defendants are: judges of appellate department, deputy clerks of appeal
   unit who were directly involved in deprivation of record on appeal and
   failure of the appeal in People v. Ha, district attorney and certain

8  staff attorneys as nmaed

9

10  Claim

11     Plaintiff, Hung Ha, alleges that aforesaid defendants were,

12  are, ctoninue to be the legal (proximate) cause of damages to Plaintiff.

13  Defendants intentionally have caused damages to Plaintiff, by having

14  committed and/or havinb een committing the following acts and/or omissions

15  to act.

16

17

18

19

20  facts/reasons

21     duty
       Duty is imposed on defendants by Cal. Const. art. 1, sec.28, and

22  PC s.679 et al.

23     Critical fact is this: trial record shows that I am an innocent victim

24  of Rhoden's and Collom's violent crimes and their white collar crimes, and

25  that the judgment of conviction is void on face of record/judgment roll.

26     breach     Defendants breached duty in preventing me from having a

27  record on appeal that fully complies with rules of court, and fraudulently

28  moving the court to dismiss my appeal on ground of failure to submit OB

Attachment to Complaint       p.___  44

Ha v. Burr   et al
Case no.: __

1    COA # __ (cal. Const. a.1, s.28. . .)

2    even though my OB was on file on and since Nov. 2, 2006.

3

4    proximate causation

5        As proximate cause, defendnats refused to provide a record on appeal

6    that would comply with CRC without fatal deficiens, and also defendants

7    dismissed purprtedly my appeal on court's own motion which was,

8    in reality, unnoticed, and on ground that did not exist, plus the fact

9    that clerk of court failed deliberately to issue notice of default.

10

11    damages

12    Damages are described elsewhere in this pleading.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

Attachment to Complaint    p. __ 45

Ha v. ___ Suyc et al

Case no.: ___

1  Nature of Claim

2         violation of RICO statute, 18 USC s.1961 et seq.

   18 USC s.1962(c), (d) in connection with sec.1961(a)(B), and in
3  connection with (B) in further connection with 18 UCS s.1341  sec.1510, s/1512,
   sec.1343 , sec.1513, s.1952, under authorization of 18 USC s.1964(c) and(b).

4

5  Parties to whom this Claim is related

6  Plaintiff is: Hung Ha

7  Defendants are:   judicial officers, all of them named above, attorneys
      (practicing), police officers, entities named above

8

9

10  Claim

11         Plaintiff, Hung Ha, alleges that aforesaid defendants were,

12  are, continue to be the legal (proximate) cause of damages to Plaintiff.

13  Defendants intentionally have caused damages to Plaintiff, by having

14  committed and/or havinb een committing the following acts and/or omissions

15  to act.

16

17

18

19

20  facts/reasons

21     duty

22     Judicial officers are under duty to protect citizens and other persons

23  within their jurisdiction from crimes, violent crimes and white collar

24  crimes.

25     They are under duty not to commit cirmes, crimes against the individuals

26  and crimes against justice or government.

27     Breach of duty

28     Here, they assist Rhoden, Collom and Ross to cover up violent crimes

Attachment to Complaint          p.__ 476

Ha v. Blair et al
Case no.: __

1   COA # __
    breach of duty (cont)
2   committed on March 4, 2001, and the white collar crime committed

3   through the false trial of People v. Ha, in Dec. 2001 to Jan. 9, 2002.

4       Attorneys in public practice and private practice have

5   participated in the converted action.

6       Their organizations are involved in the said converted action.

7       Police officers are involved in concerted action.

8       causation

9       As a proximate cause of defendants' acts and omissions to act,

10  my appeal in People v. Ha suffered failure, which is manifested

11  by what purports to be dismissal dated Nov. 20, 2006 and the

12  failure of the court to have a hearing on the scheduled Feb. 16, 2007.

13  Remittitur could be recalled so appeal would be resumed, but that

14  has not occurred.  There was no ground for dismissal of my

15  appeal, as a matter of law, upon undisputed fact that my OB was

16  filed or submitted for filing on Nov. 2, 2006.

17

18      damages

19      Damages are described elsewhere in this plaeading.

20

21

22

23

24

25

26

27

28

Ha v. Bun , et al
Case no.:

1  Nature of Claim

2  violation of California civil right statutes: CC s. 51 (equal protection),
   s.51.7 (freedom from violence), sec. 52.1 (interference with exercise
3  of civil rights), sec. 52.4 (gender violence)

4

5  Parties to whom this Claim is related

6  Plaintiff is: Hung Ha

7  Defendants are:    all the judicial officers, police officers, praviate
   practicing attorneys, public practicing attornyes, their (attorneys'
8  entitles/organizations)

9

10  Claim

11      Plaintiff, Hung Ha, alleges that aforesaid defendants were,

12  are, ctoninue to be the legal (proximate) cause of damages to Plaintiff.

13  Defendants intentionally have caused damages to Plaintiff, by having

14  committed and/or havinb een committing the following acts and/or omissions

15  to act.

16

17

18

19

20  facts/reasons

21      Duty
22  Defendants are under duties imposed/authorized by aforesaid civil

23  right statutes.

24      breach

25      The duty has been breached, in depriving me of proper record on

26  appeal in People v. Ha, and in preventing hearing on my appeal from taking

27  place on Feb. 16, 2007.

28      proximate causation    I have suffered damages as proximate effect of conduct.

Attachment to Complaint      P._ 48

1    Allegation RE Damages

2        The "order" which purports to dismiss Hung Ha's appeal in

3    People v. Ha, 4529 (app. dept.), 166802 (Alameda 2001) has caused

4    the following damages to Hung Ha, described below.

5        --my appeal in People v. Ha, 4529, is being blocked by

6    the judges of the appellate departments, deputy clerks of court,

7    where my timely submitted Opening Brief shows invalidity of the

8    void judgment of conviction, and its numerous reversable errors.

9        --Plaintiff is being subjected to a fraudulent Order issued

10   by Judge James A. Richman et al declaring Hung Ha a "vexatious

11   litigant" and  a Prefiling Order, issued on Jan. 24, 2005 in

12   Ha v. Ross, et al, 2002074172.

13       --Justices of First Appellate District Court of Appeal in

14   and for California have been Blocking my appeal in Ha v. Ross, et al

15   2002074172, A111966, A112095, A114018, and A117819 (1st DCA).

16       --Same justices above have been blocking my appeal in

17   Ha v. Harrison, et al, 2002077102, A116354, A113102, A110044,

18   A109984.

19       --about $45,000.00 or maximum authorized by law in compensation

20   or financial assistance from California's Victims of Crimes

21   Program, for which I had submitted an application in timely manner,

22   and submitted timely a petition for writ of mandate to San Francisco

23   Superior Court on/about Nov. 14, 2005;

24       --extreme severe prolonged emotional distress associated

25   with the appeal of the wrongful conviction in People v. Ha,

26   4529 (app. dept.), 166802 (Alameda 2001), including the tremendous

27   shock to my nerves and physical being as direct result of the

28   illegal termination of appeal from Oct. 30, 2006 to Nov. 20, 2006,

Ha v. Burr, et al,

1   Allegations RE Damages

2       --cruel and unusual punishment:  it is such punishment that

3   defendants violently attacked me on March 4, 2001, prosecuted

4   me for non-existent crimes to cover up their illegal seizure of

5   my person and violent felonies, "convicted" me (when I proved

6   the crimes of prosecution witnesses against an innocent person),

7   brand me a "vexatious litigant" in order to cover up said

8   felonies and cover-up crimes, illegally terminated my civil

9   rights cases (causes of action are property), illegally

10  keep in place technically speaking the invalid judgment of

11  conviction obtained in People v. Ha.

12      --I have been twice put in jeopardy for the same offense, by

13  way of (a)"trial"  and judgment of conviction in People v. Ha,

14  166802, and (b) vexatious litigant proceeding initiated in

15  Ha v. Ross, et al, 2002074172 and  the vexatious litigant orders

16  (declaring Hung Ha a "vexatious litigant" subject to  a Prefiling

17  Order).   Both "judicial" degrees make me a public enemy.

18

19

20

21

22

23

24

25

26

27

28

Ha v. Burr , et al

Case no.: __

1                          Prayer

2   WHEREFORE, plaintiff-petition prays:

3       1)    Judge Burr be removed from office, as the Presiding Judge
    at the Appellate Department; all named judicial officers be removed from offices;

4       2)    the court vacate the void order which purports to dismiss
    Hung Ha's appeal in People v. Ha, #529 (app. Dept.);
5

6       3)    Clerk of court rescind the brief schedule and prepare Clerk's
    Transcript or record on appeal in full compliance with rules of
    court and trial court's order dated Aug. 4, 2003 (doc# 166
7   in the present Clerk's Transcript).

8       4)    amount of financial assistance which may be granted upon
    Hung Ha's application to Victim Compensation & Government Claim
9   Board (claim #753318)

10      5)    general damages for pain and suffering;as the court deems
    fair, reasonable, just;
11                                     a
        6)    special damages of reasonable vlue of Ha v. Ross, et al, 2002074172,
12  and Ha v. Harrison, et al, 2002077102, as the court deems fair,
    reasonable, and just;
13

        7)    lost wages and fringe benefits which I would be entitled by
14  working party time plus occassional full time in a supermarket
    located in California and anywhere else in the U.S.;
15

        8)    hedonic damages of $x per day in the period(s) of ___
16
        9)    costs of this suit;
17
        10)    reimbursement to            the court for fees and costs
18  waived;

19      11)    any other relief which the court deemes fair, reasonable,
    just, equitable.
20      12)     Punitive damages and statutory penalties.
            a)   governmental lawyers who are defendants be removed from offices.
21

22  Date: Sept.12 , 2007

23                                          Hung Ha
                                        Plaintiff in Pro Per

24

25

26

27

28

VERIFICATION

1

    I am the plaintiff to this action.  I have drafted this complaint/

2

Petition, and I know its content.  My statements of facts and my

3

conclusions of facts are true within my direct personal knowledge.

4

My conclusions of law are true and correct to the best of my

5

knowledge at this time.

6

UNDER PENALTY OF PERJURY UNDER THE LAWS OF U.S. I, Hung Ha, declare

7

that the foregoing is true and correct, on this Eept. 12, 2007, in
Berkeley, California, U.S. A.

8

9

_____

Hung Ha

10

Declarant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28