IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

           Plaintiff,

  v.

KENNETH MARK BURR, et al.,

           Defendants.
                                       /

No. C 07-04699 SI

**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**

Now before the Court are plaintiff's complaint and application to proceed *in forma pauperis* ("IFP"), filed on September 12, 2007. For the reasons set forth below, the Court hereby GRANTS plaintiff's IFP application and DISMISSES plaintiff's complaint without leave to amend. The Court also DENIES AS MOOT plaintiff's request to postpone the case deadlines.

**BACKGROUND**

Plaintiff Hung Ha has filed a complaint against Judge Kenneth Mark Burr, many other state judges, state court employees, other government employees, various police officers, and various private attorneys. Plaintiff appears to be suing these defendants for causing "the failure of Superior Court of California in and for Alameda County to hear Hung Ha's appeal in *People v. Ha*." Complaint at 1. Plaintiff seeks redress under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and possibly other statutes, though it is unclear what plaintiff's complaint alleges, other than that plaintiff takes issue with the state court's handling of his appeal in *People v. Ha*. This is not the first time plaintiff has filed a complaint in this Court against these defendants or in relation to his state court cases. On March 7, 2005, this Court dismissed a similar complaint and denied plaintiff's IFP application. *See Ha v. Burr*, No. 04-04464 SI (N.D. Cal. March 7, 2005). More recently, Judge Armstrong dismissed a similar complaint filed by

plaintiff and granted plaintiff leave to amend. *See Ha v. McGuiness*, No. 07-03777 SBA (N.D. Cal. October 22, 2007).

## LEGAL STANDARD

IFP applications are reviewed under a two-part analysis under 28 U.S. C. § 1915. This analysis looks first to whether a plaintiff meets the requisite financial status to be permitted to proceed in federal court without first paying a filing fee. 28 U.S.C. § 1915(a)(1). The second stage of the analysis examines a plaintiff's complaint to ensure that it states cognizable, non-frivolous claims. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The Court may, "at any time," dismiss an IFP claim if it determines that "the allegation of poverty is untrue," or the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995) (noting that a court may dismiss an action under § 1915 if the "complaint neither identifies any constitutional or statutory right that was violated nor asserts any basis for federal subject matter jurisdiction . . .").

Courts treat the second prong of the analysis similarly to a motion to dismiss filed by a defendant. If it is "clear that no relief could be granted under any set of facts that could be proved consistent with the [ plaintiff's] allegations," then it is proper to dismiss an IFP. *See Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989) (applying standard of review for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6)). Also similar to a motion to dismiss, all material allegations in an IFP complaint are taken as true and construed in the light most favorable to the plaintiff. *See NL Ind., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A pro se litigant bringing an IFP suit is entitled to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that no amendment could cure the defect. *See Cato*, 70 F.3d at 1106.

## DISCUSSION

The first stage of IFP analysis requires that a plaintiff file an affidavit describing the totality of the plaintiff's assets and stating that the plaintiff is unable to pay the required fee. 28 U.S.C.

§ 1915(a)(1). Plaintiff has filed such an affidavit, indicating that he has no assets, except two bikes, and only intermittent employment as a day laborer, for which he is paid roughly $400 per month. Assuming that plaintiff is being truthful in his IFP application, plaintiff is within the parameters necessary to grant an IFP application. Accordingly, his application to proceed without the payment of a filing fee is GRANTED.

The Court's grant of plaintiff's IFP application does not mean, however, that he may continue to prosecute his complaint. The Court may review "at any time" plaintiff's complaint to determine whether it states a cognizable cause of action against the defendants. 28 U.S.C. § 1915(e)(2).

Plaintiff's complaint fails to state a claim upon which relief can be granted and is frivolous. As with the complaint filed in *Ha v. McGuiness*, No. 07-03777 SBA, is it unclear what causes of action, if any, plaintiff seeks to present to the Court. It appears plaintiff's chief concern in this complaint is the failure of the state court to hear plaintiff's appeal in *People v. Ha*. To the extent plaintiff seeks review of a state court order, the Court informs plaintiff once again that he may not file suit in federal court as an alternative to appeal from a judgment of a state court. Federal district courts, as courts of original jurisdiction, may not review the final determinations of a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Doe & Assoc. v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998). This is so even when the state court judgment is not made by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291 (9th Cir.), *cert. denied*, 516 U.S. 1009 (1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995), and when the federal review would be of state court review of determinations made by state administrative bodies, *see Feldman*, 460 U.S. at 468, 485-86. This doctrine is referred to as the *Rooker-Feldman* doctrine.

In addition, the Court notes that most of the defendants named in plaintiff's complaint are judges and court clerks, who are absolutely immune from civil liability for damages for acts performed in their judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988) (explaining that

3

absolute judicial immunity extends to court clerks and law clerks in the performance of discretionary acts of a judicial nature).

Because plaintiff is seeking judicial review of a state court determination, his complaint is DISMISSED. Although the Court might normally grant leave to amend the complaint, the Court does not believe leave to amend is appropriate in these circumstances. First, although plaintiff is representing himself, it appears that he has received a legal education at New York University and was briefly a member of the California bar before going on inactive status (State Bar No. 166112). Second, as discussed above, this is at least the third complaint plaintiff has filed in federal court related to his state court litigation. Each complaint contains similarly incomprehensible allegations, and plaintiff's attempts at amendment have never been successful in the past. The Court cannot envision any alterations that plaintiff could make to his complaint in order to state a valid claim. Therefore, plaintiff's complaint is DISMISSED WITHOUT LEAVE TO AMEND and plaintiff's request to proceed IFP is GRANTED. Because plaintiff's complaint is dismissed, his request to postpone the case deadlines is DENIED AS MOOT [Docket No. 7].

**IT IS SO ORDERED.**

Dated: December 19, 2007

SUSAN ILLSTON
United States District Judge

4