Hung Ha
P. O. box 367
Berkeley, CA 94701-0367
USA

1    E-mail address: jamesha@planet-save.com

2    Date: Dec. 31, 2007; Monday

3    UNITED STATES DISTRICT

4    IN AND FOR THE DISTRICT OF NORTHERN  CALIFORNIA

5

6    HUNG HA, et al,
           Plaintiffs/Petitioners

7

8          vs.

9    KENNETH MARK BURR, et al,                          DEC 3 1 2007
           Defendants/respondents

10

11   SUPERIOR COURT OF CALIFORNIA IN AND FOR ALAMEDA COUNTY
     U.S. DEPARTMENT OF EDUCATION

12   BANK OF AMERICA
     U.S. DEPARTMENT OF JUSTICE.

13         Respondents

14   Case no.: C07-04699-em  SI

15

16   Title of  document:  MOTION TO SET ASIDE ORDER OF DISMISSAL;
                          REQUEST FOR DISPOSITION OF REMAINDER OF ACTION

     Date: Dec. 31, 2007

17

18

19

20

21

22

23

24

25

26

27

28

Ha v. Bur_ et al,    C07-04699 CW

Motion

1    Plaintiff respectfully move the court for order setting aside

separately

2    order dismissing complaint.( I request court dispose rest of complaint
RE equitable actions. Please see bottom of this page. Thanks!)

3    This motion is authorized by Fed. R. of Civ. Pro. rule 60.

4

5    This motion to vacate is made on the following grounds:

6    I.   order is invalid because it violates government's duty to protect

7         its citizens from crimes commited by governmental employees.p.2

8    II. Order of dismisal is invalid because it fails the test of

9         apperance of justice test.   p.3

10   III.  order of dismissal is invalid because my claims are cognizable,

11        valid.  p.4 - 27

12

13   This motion is based on this motion, the order dismissing

14   complaint after granting application for waiver of filing fees.,

15   my complaint filed on 9/12/07, my application for three months in which

16   to revise my initial complaint, and additional evidence and argument

17   as the court will permit.

18   Request for reconsideration   Please consider my application for at least
three months in which I would revise my complaint.

19   Respectfully submitted by Hung Ha on Dec. 31, 2007

20

21   RE notice

22   Notice to defendants, and respondents is not given, since complaint

23   has not been given a chance to be served.

24

25   Request for disposition of remainder of action    Per rule 54(b)

26   Because of final judgment rule, I respectfully request that court

27   dispose action as to B of A, US. government (represented by Justice

28   Department), US department of education.  For relevant portions of

30   complaint, plese see pp.3: L.3- 4; pp.22 to 26.

1    Table of Content

2    statement of facts  p 1
     DISCUSSION
3        I.  Order of dismissal violates duty to protect  p.2
         II. Order of dismissal fails the test of appearance of justice p 3
         III. Order is invalid because the claims are valid, viable.
4            pp. 4 to 227
         A.  Claim #1 is valid, viable.  p.5 – 12
5            allegation  p 5
             R-F doctrine  p 5
6                a. outsidescope  p 5
                 b. order of dismissal void under state law  p 7
7                    i. no notice  p 7
                     ii. Opening Brief being on file  p 7
8                    iii. extrinsic fraud  p 7
                     iv.  no final determination by state court  p 8
9                    v.  disqualified  p 9
                     vi.  violation of Cal. Const. a.1, s.28, PC s.679 p 10
10               c..Judge Burr's new rule  p 13
                 d.  no final state court determination in
11                   people v. Ha, 166802  p 14

12       B.  Claim #2 is cognizable (Fed. Ct. has SMJ). p 15
             facts alleged  p 15
13           no judicial function involved  p 15
             clerical nature not altered by involvement of judges
14                   RE immunity  p 16
15               (i) monetary damages under s.1983  p 16
                 (ii) equitable relief under s.1983  p 16
16                       appeal still pending  p 17
             clerical nature of judges' acts and 11th amendment bar p 18
17           clerical nature of task in connection with R-F doctrine p 19

18       C.  Claim #3 is cognizable (FC has SMJ). p 20
             facts alleged  p 20
19           R-F doctrine applicable? p 21
                 (a) pattern of behavior is mixed one . p 21
20               (b) R-F doctrine does not bar claim based on non-
                     judicial conduct. p 21
21               (c) RE general pattern of behavior. . . p 21
                 (d) along two lines of development  p 22
22                   (1)  extrinsic fraud  p 22
                         outside scope of Cal. Rules of Court  p 23
23                   (2)  judgment of conviction is void under state law p 23
             Conclusion p 23

24       D.  Claim # 4 is cognizable (i.e., FC has SMJ). p 24
             facts alleged p 24
25           deprivation p 4
             conclusion p 24
26                   further discussion p 24
                         R- F doctrine applicable p 24, 25
27                           (a) trial court judgment  p 25
                             (b) pattern and absence  p 25
28       E.  Claim #8 is cognizable (FC has SMJ) p.26
             facts alleged p 26  R-F doctrine p 26  (i) action 1 (ii) action 2
             conclusion p 27

1    Statement of Facts

2          Complaint was filed on Sept. 12, 2007.

3          On its face, complaint appears to be seriously deficient.

4    It appears to be hastily put togather in haurry, to meet some

5    deadlines or for some reasons.( One might keep in mind that

6    defendants should be given notice of pending suit against them

7    as soon as possible, and court has interest in knowing as soon

8    as possible who is going to sue whom.)

9          Later, I applied for more time in which to revisemy complaint.

10   I requested a minimum of three months folloing the first case

11   management conference.  (I would like to have one full year

12   in which to revise my complaint.)

13         My complaint consists of one major action against Judge Burr, et

14   al, and also a number of petitions as to respondents who are not

15   being accused of engaging in wrongdoing.  These petitions

16   are equitale actions.

17         On Dec. 19, 2007, a document was filed, which is dismissal of

18   complaint after having granted application for waiver of filing fees.

19         Note that Judge SI does not dispose the entire action.

20   Judge SI dismiss the main action, but does nothing to dispose the

21   equitable claims.   (I am requesting Judge SI to

22   dispose the claims in equitable actions between  me and various

23   respondensts, such as B of A, Superior court in and for Alameda, U.S.

24   Department of education, U.S. Government represented by Dept. of

25   Justice.

26         Ten days from DEc. 20, 2007 expires, after extension over weekend,

27   on Dec. 31, 2007, Monday.  This motion is respectfully submitted.

28

1

2

I'ᵈ   ORDER OF DISMISSAL IS INVALID BECAUSE IT VIOLATES
DUTY ON GOVERNMENT TO PROTECT ITS CITIZENS FROM
CRIMES.

Government is under duty to protect its citizens. US v. Cruikshank,

et al, 92 US 542, 549 (1875); McKay Jewlers v. Bowron, 19 C2d 595 (1942).

Where governmental employees are the ones suspected by government

of having committed crimes against individuals, justice, and

government, government is under heightened duty to protect its

citizens from its employees. That is a matter of common sense.

Government is under an obligation to investigate and remedy

wrongdoing. Silberg v. Anderson, 50 C3d 205, 213 (1990) (citation

omitted). It follows that where wrongdoing is committed by

governmentla employees abusing power of theri offices, the government

is under heightened duty to investigate and remedy wrongdoing.

It is of great importance to point out, as US v. Cruikshank

does, that constitution is the bedrock of society, a contract between

government and members of society.   Governmental employees' use of

the power of their offices cannot exceed the limits which Constitution

impose in prohibitory manner, such as due process of 5th and 15th

amendment, 4th amendment (unreasonable search and seizure).

Here, complaint alleges violent crimes committed by ofc. Mark

Rhoden and Jason Collom on March 4, 2001, and white collar crimes

intended to cover those crimes.

Judge SI's opinion certainly fails to meet the obligation of

the federal government.

Therefore, Order at issue is void.

II.   ORDER OF DISMISSAL IS VOID AS TO THE CLAIMS INVOLVED
1      ON GROUND THAT IT FAILS THE TEST OF APPEARANCE OF JUSTICE.

2      In In re Murchison, 349 US 133, 136 (1954), the High Court
       rr
3   reiterated: "Justice must satisfy the appearance of justice."

4   In a California cse, it is ssaid:"the fairness and purity of trial

5   procedure is of paramount importance." Hammett v. McTutyre, 114 CA2d 148,

6   158 (1952); s-e also T.P.B. v. Superior Court, 66 CA3d 881,886

7   (1977) (paramount importance of right to fair trial).

8      See also California's disqualifying statutes, CCP s.170.1 in

9   particular. STANDARD California Codes, 6-in-1. 2006 edition, p.32

10  - p. 33.

11     I am convinced that Judge SI is biased in favor of defendants, and

12  is prejudicial against me.

13     For evidence of prejudice against me, please see, e.g., p.1: L.25

14  to p.2: L.2; p.3:L.9; p 4: L.5 - 11.

15     For bias in favor of defendants, please note that Judge SI did not

16  give me enough time to revise my complaint: The Court also DENIES AS

17  MOOT plaintiff's request to postpone the case deadlines." My

18  application for postponement was seeking time in which to revise

19  my complaint. I realize that it is not good enough; on face of the

20  initial complaint, it appears to be hastify composed, to be submitted

21  as soon as possible under the circumstances.

22     Despite its great imperfection, my complaint does give one

23  a fiar notion of what enormous misfortune that I have gone through

24  because of the violent crimes committed by Ofc. Mark Rhoden and Jason

25  Collam nd the white-colar cover up crimes in which defendants have

26  engaged in. See, e.g., Compl. p.37; p. 31; p.33: L.2 - 5.

27     Yet Judge SI labels my action "frivolous". Order, p.3: L.9.

28  Keep in mind that Judge SI did not even let me have time to

revise my complaint. Windsor v. McVeigh, 93 US 274, 277-8 (1896),

Ha v. Burr___ ___ al,  C07-04699 CW

1      III.    THE CLAIMS SPECIFICALLY IDENTIFIED IN SEPARATE SECTIONS
               ARE COGNIZABLE, VALID, APART FROM PETITIONS WHICH ARE
2              NOT YET SPECIFICALLY ALLEGED IN INDIVIDUALIZED SECTIONS.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A. First claim is cognizable and valid (p.34 in Comp.)

allegation   Plaintiff (abbreviated as Plt hereinafter) alleges that
Judge Burr purported to dismiss plt's appeal per CRC, rule 190. C p.34:
Lines 21-28.

Rooker- Fieldman Doctrine

Judge SI's orders says that this claim is not cognizable because
of Rooker-Fieldman Doctrine.  Order (abbreviated hereinafter as "O"),
p. 2:L 11-24.

I respectfully disagree, for the following reasons.

    a.   Judge Burr 's act was outside the scope of R-F doctrine
        because he was modifying CRC, rule 190, without authority
        to do so.

CRC, rule 190 notice cannot be substituted by rule 103(b) notice.
Rule 103(b) notice is about the schedule of submitting appellate
briefs and hearing on appeal.  Rule 190 notice is about dismissal
for the reasons stated in rule 190.

Judge Burr's conduct at issue in this claim is a general pattern
that goes beyond any particular misdemeanor appeal.  It is
illegal regardless of what particular case it is in which such a
conduct occurs.

In worldwide, 805 F.2d, p.891, the Court said:"a District  Court
does have jurisdiction over'general' constitutional challenge
that does not require review of a final state court decision in a
particular case".  Court further pointed out: "This distinction
between a permissible general constitutional challenge and an
impermissible appeal of a state court determination may be subtle,
and idfficult to make".

Federal courts adopt the Inextricably interwinded" test. Id.,
805 F2d at 892.

1     In Fieldman, 460 US, at 486-7, the High court said: Federal

2    District Court had jurisdiction to determine the constitutionality

3    of the District's [state] bar rule . . . However, District Court

4    had no jurisidction to review Fieldman's constitutional challenge to

5    the application of the bar urle in his particular case".

6     Here, JUdge Burr's conduct at issue in this claim is that he

7    invented a new rule regarding due process notice.  He invented the

8    rule that CRC, ωrule 103(b) notice were sufficient to satisfy rule

9    190's notice requirement, or rule 103(b) rule were large enough to

10    encompass rule 190's notice requirement.

11     This new rule of Judge Burr's invention affects every misdemeanor

12    appellant in California misdemanor appeals.

13     Federal questions are raised about Judge Burr's new rule.

14     The appellate deaprtment of s California Superior court

15    cannot, under federal constitution and statutes, dismiss a misdemanor

16    appeal on the basis of reasoning that after rule 103(b) notice was

17    given, appellant's Opening Brief was not filed by due date, where

18    notice per CRC, rule 190 was not given.  That procedure is clearly not

19    what is contemplated by the Judicial Council of California,

20    such that this claim "deest not require review of a final state court

21    decision in a particular case", People v. Ha, 4529. Worldwide, supra,

22    805 F2d at 891.

23     Thus, R-F doctrine does not bar this claim, putting aside the

24    Issue of whether there was a valid state court's final determination

25    in People v. Ha, either on trial court level or appellate level or

26    both. I  will come back to this issue later.

27

28

1     b.   Judge Burr's act at issue in this claim was outside the
           scope of R-F doctrine because his dismissal order is
2          void and that voidness can be disclosed upon inspection of
           judgment roll.
3
      There are several grounds of why the document which purports
4
      to be dismissal of my appeal is void.
5
           (i)   The"dismissal" was without notice.  Under well established
6
      principles in Californi and all other jurisdiction, a judicial decree
7
      is void where notice is required but not given, and that defect could
8
      not be cured. See, e.g., Ansley v. Superior Court, 185 CA3d 477, 488
9
      (1986) (citations omitted).  My claim allges: "The purported Court's
10
      own motion . . . was totally without notice, which is required by said
11
      rule 190". Comp  p 34: L 26 - 26.5.
12
           (ii)   The document which purported to dismiss under rule 190
13
      my appeal on the ground that appellant failed to file Opening Brief
14
      is void because inspection of record shows that my Opening Brief was
15
      filed on Nov. 2, 2006, two days after Judge Burr denied on Oct. 30,2006
16
      my application for extension of time in which the Clerk of Court
17
      would prepare a Record on appeal that would comply with rules of
18
      the Judicial Council of California. (See Comp. pp.35 - 36, p.37: L 25
19
      - 26.) In several types of circumstances, a judicial decree is void,
20
      provided that voidness can be disclosed upon inspection of record.
21
      50 CJS Judgment , s.546, p. 102. Sbsence of notice is one of them.
22
      Here, what purported to be court's own motion was without notice,
23
      as alleged in my complaint. Comp p 34: L 24.5 - 26.5.
24
      Thus, there was no state court determination to evoke R-F doctrine.
25
           (iii)  Extrinsic fraud is another ground.  Under California law,
26
      a judicial decree may be voided for extrinsic fraud. See also
27
      U.S. v. Throckmorton, 98 US 61, 65 (1878): "There has never been a real
28
      contest in the trial or hearing of the case".

7

1    My complaint alleges extrinsic fraud on part of Judge Burr, et al.
2    For example, Complaint alleges: "Appellate Department deliberately
3    placed me in default by denying my two applications on Oct. 30.
4    2006" causing me to miss the due date of Oct. 30 2006 in submitting
5    my OB". Comp  p.36: L 18 - 20.  Further, the deficiencies in the
6    record on appeal made it impossible for defense attorney  to write
7    his OB within the time allowed. Comp  p.36: L 2- 17.  In addition,
8    wheremy OB was in file, Judge Burr claimed that it was not. Comp. p.34:
9    L 21-24.  Further, the order of dismissal falsely calimed that rule
10   190 notice was given.  Comp p.34:L 21 - 26.5.

11   Thus, there was no final state court determination as far as
12   conerns the document which purpots to be order of dismissal of my
13   appeal.

14   (iv)  Judge Burr's "order" is not involving a final state court
15   determination within the purivew of R-F doctrine because the underlying
16   judgment of conviction itselfis absolutely void and that voidness
17   can be disclosed upon an inspection of records or, in the alternative,
18   upon showing of extrinsic fraud.

19   In Statement of the case, I allege or claim that the judgment of
20   conviction of me in Peopl e v. Ha is "thoroughly fraudulent document".
21   Comp p. 1: L.8. (True, that is not an allegation of facts, but let's
22   see elsewhere in complaint.)

23   In Allegations  RE  Background Facts, complaint allges:
24   "On March 4, 2001, Sunday, in about or less than two minutes between
25   6:45 p.m. to 7:00 p.m., I suffered extreme violence, which was
26   committed by Mark Rhoden and Jason Collom./ I made a citizen's arrest
27   of them for violent feloines at about 7:00 p.m.. / Since that
28   moment, I have been suffering white collar crimes". Comp. p.33:

L.2 - 7 (misspellings are disregarded).  The phrase, "extreme

1  violence" can be amended to state that the officers were wildly

2  smashing me on a hard survace, and wildly hitting me, and my testimoony

3  about that moment may be attached to my complaint as exhibit.

4      The judgment of conviction in People v. Ha is said to be

5  part of cover up effort, to cover Rhoden's and Collom's violent

6  feloines.  Compl p. 33: L. 23.5.

7      I claim in complaint that the judgment of conviction is void. Compl.

8  p.33: L. 16.5. I need to allege facts, by amendment, to show the

9  voidness of said judgment of conviction.

10     Rules are well established in all jurisdiction.  "All subsequent

11  actions predicated on a void judgmnet are tainted by the judgment's

12  nullity and are similarly without effect". 50 CJS s.546, p.102.

13  "A valid judgment may be entered subsequently in disregard of the

14  void judgment". Id.  Thus, I am entitled to judgment of acquital

15  in People v. Ha, 166802.

16     Thus, Judge Burr's order of dismissal is not a state court's

17  final determination on my appeal in People v. Ha, 4529.

18     Thus, the R-F doctrine is not a bar to this claim.

19

20     (v) Judge Burr's dismissal of my appeal is void because  he was

21  disqualified under California disqualification statute.

22     My Complaint alleges: "My/Hung Ha's disqualification statements

23  were effective.  They could not be stricken.  Judge Burr was

24  disqualified". Comp. p.43: L.22-23.  This allegation needs to be

25  more concrete; so amendment is needed. Judicial notice may  be made

26  of CCp s.171, et seq.

27     If my appegations are sufficient, Judge Burr's orders denying

28  my extension applications and dismissing appeal are void. If so,
    R-F doctrine does not bar this claim.

1       (vi)    Judge Burr's dismissal order is void because it violated

2    Cal. Const. art. 1, sec. 28. See Complaint, p.44, esp. Lines 23 - 25 .

3    Duty on defendants/respondents such as Judge Burr is alleged in

4    Complaint, p.44: L. 21-22.

5       Breach of said duty is alleged in complaint, p.44: L.26.5 - 28.5

6       Allegations of concrete facts need to be amended, but there is

7    sufficient notice of these facts under notice pleading standard of

8    the federal court.  "trial record shows that I am an innocent

9    victim of Rhoden's and Collom's violent crimes and their white

10   collar crimes . . . " Comp. p.44: L.23.5 - 24.5. Note that this

11   allegation, above, is predicated upon the explicit meaning of trial

12   court record of People v. Ha, 166802.  The rest is summary of facts

13   and summary of law taken togather, which is  not not regarded as

14   well pleaded.  Nonethless, said allegation does give defendants

15   fair notice of issues to be encountered.

16      More concrete facts are alleged elsewhere in complaint, as at

17   p.33: L.2 - 5.

18      Although facts of Rhoden's and Collom's crimes need to be

19   alleged in greater detail for the benefits of the judge (they know

20   what I am talking about, particularly there are testimonies in

21   People v. Ha), I allege sufficiently the facts of breach of duty

22   imposed under Cal. Const. art. 1, sec. 28, and Cal. PC s.679 et seq.

23   Without notice that is required by CRC, rule 190, Judge Burr

24   obstensably moved on court's own motion to dismiss my appeal,

25   on the ground that my OB was not filed.  Compl. p.44: L.26.5 -

26   p.45: L. 1.5; p. 34.  Judge Burr deliberately placed my appeal in

27   default, for the purpose of dismissing it. Comp. p.36: L 18-25.

28      No notice of pending dismissal was ever issued per CRC, rule 17

regarding the default that appellant had not submitted OB by
due date which was specified in Rule 103(b) notice, where the
Judicial Council requires that notice of default be given promptly
upon failure of party to submit appellate brief.   See e.g., cRC, rule 17.
In Complaint, I allege: "in truth, Hung Ha's Opening Brief was
timely filed on Nov. 2, 2006 in said misdemeanor appeal". Comp. p.34:
L.23.5 - 24.   It further alleges: "The purported order of dismissal
is false within Cal. Gov. C. s.6200" p.34: L.27.   That allegation
is faulty because it is conclusory, but can be amended to allege
concrete facts, one of which is about the requirement of default
notice required by Rule 17 as modified to be applicable to misdemeanor
appeals.

In addition, Complaint alleges that the judgment of conviction
in People v. Ha is void and fraudulent.

Thus, Judge Burr's conduct at issue in this claim violates
duty imposed by Cal. Const. art. 1, sec. 29.   (In my civil rights
cases, judges of California Court call me "vexatious litigant,"
orders issued in Ha v. Ross, et al, 2002074172 [Alameda].   That is improper.
Likewise, Judge SI calls my lawsuit "frivolous". Order, p.3: L.9.
That is inapprorpiate.)

Here are legal authorities.   "A judgment is void when granted in
contravention of a mandatory statutory provision . . . " 50 CJS
Judgment s.546 p.101 n54.   "Where the constitution or a statute
absolutely prohibits a court from  doing a particular act, the
order or judgment of the court made or rendered in violation thereof
is absolutely void for want of jurisidction, and may be assailed in
a collateral proceeding".  Grant v. Ellis. 50 S.W.2d 1093,
(1932 Tex App).

Here, on both trial court level and appelate level in People v. Ha, the duty imposed by Cal. Const. a.1, sec. 28, and Cal. PC s.670 et seq. were violated.  Judge Burr violated said duty twice: in affirming the trial court judge's violation of said duty, in termininating (without authorization of law) my appeal.

In conjunction with said constitutional provision, criminal statutes were violated by Judge Burr, et al.  In complaint, I claim: "They are under  duty not to commit crimes, crimes against the individuals and crimes against justice or government".  Comp. p.46: L.25-26.

Violation by Judge Burr et al, of Cal. Gov. C. s.6200 is alleged. Comp. p.34: L.27.

Note should be made of legal authorities that void judicial decrees generally cannot be validated.  See, e.g., 50 CJS Judgment s.548, at p.104.

Thus, Judge Burr's order dismissing my appeal is void.

Thus, said void order is not state's final determination within purview of R-F doctrine.

Thus, said doctirne does not bar this claim.

1    $C.$   R-F doctirme is not applicable because Judge Burr
          invented the rule that a misdemeanor appellant is not
2         entitled to default notice when that party's Opening Brief
          has not been filed on due date (which is specified in
3         rule 103(b) notice), where Judicial Council requires that
          notice of default be given promply.

4

5    I contend that every misdemeanor appellant or appellee is entitled

6    to default notice when said party's appelalte brief has not be filed

     by due date specified in Rule 103(b) notice.  Comp. p.10: L.17-21.
7
     The law of Califronia RE appellate briefs entitles every appellate
8
     party to a grace period in which to cure the default of failing to
9
     filed appellate brief by due date, which is specified by clerk of
10
     court.
11
     Judge Burr invented a differmet rule.
12
     The constitutionality of Judge Burr's new rule is being challenged,
13
     by me as an individual, and by me as the representative of a class (Class A).
14
     My case, People v. Ha, 4529, gives me standing to challenge
15
     Judge Burr's new rule.
16
     Review of said rule of Judge Burr is permissible under R-F
17
     Doctrine, as the federal questions are not "inextricably interwined"
18
     with state court's final determination, assuming that Judge
19
     Burr's order of dismissal were not void nor void because of
20
     extrinsic fraud.  Of course, where his order of dismissal is void
21
     on face of record, or void because of extrinsic fruad, or void
22
     because the underlying judgment of conviction is void on face of
23
     record or void because of extrinsic fraud, said order of
24
     dismissal is not within the meaning of a state court's final
25
     determination or decision; for such a decision does not really
26
     exist at all.
27
     Therefore, R-F doctrine does not bar this calim.
28

    d.   R-F doctrine does not bar this claim because <u>People v. Ha</u>
         is still pending within purview of <u>Younger v. Harris</u>.

    In this case, federal court has original jurisdiction to  issue
injunction prohibiting superior court of Califonria in and for Alameda
County from prosecuting Hung Ha in People v. Ha, 166802, 4529 (App. Dept.)
That is because the said criminal case is pending, in which the
Government does not have any reasonable possibility to obtain a valid
conviction, where the prosecution was intiated in bad faith within
the meaning of <u>Harris</u> case.  Younger v. Harris, 401 US 37 (1971).
Dombrowski v. Pfister, 380 US 482 (65).

    In addition to bad-faith prosecution exception to Younger's
abstension doectrine, this claim alls within the exception of
biased state forum.  Younger, supra, 401 US , p. 45;  Gibson v. Berryhill,
411 US 564 (1973). Complaint alleges and/or claims that I am
innocent victim and witness of violent crimes committed by police officers,
Marh Rhoden and Jason Collom, on March 4,2001.  See, e.g., Comp. p.31
(requests for judicial notices); p.33, :.2 to 5; p.44,

    My complaint calims that the judgment of conviction in People v. Ha
is void.  See, e.g., Complaint, p. 31: L.6-8;p.37: L.4 - 6; p 33: L.16.5.
p.1: L.7-10.
    Complaint alleges concrete facts of Judge Burr et al.  See, e.g.,
Comp. p.34; 36.

    Complaint alleges and claims bias on part of those who control
state court.  See, e.g., Complaint, p. 1; pp 15-18;  p.20 - 21; p 31:
L.16 - 18 (#5); p.32; p 33; p. 34; p. 36; p 43; p 44; p 46.

    Referenced above, my allegations show the following:

(1) bad faith prosecution of me in People v. Ha initiated by criminals);

(2) impossibility of having an adequate state forum;

(3) the pending status of People v. Ha.  Final judgment is needed to
dispose a case. Egan v. McCray, 220 Cal. ___ 547 1934).  Where there i s no

30 ground to dismissal an appeal, appeal is still pending despite dismissal.

1    B.    Second claim is cognizable and valid (p.35 - 38).

2

3    Facts alleged

4        Plt alleges, for Claim #2 (at p.35 to 38) that Clerk of Court

5    (rather, deputy clerk of court) failed to provide a record on appeal

6    which would substantially comply with rules of court  in misdemeanor

7    appeals.  Complaint alleges: "the Clerk's Transcript was not paginated".

8    Comp. p.36: L.5.  IT alleges, further, photographs were excluded

9    from Clerk's Transcript.  Compl. p.36:"8; L.12-13.

10       Elsewhere Complaint alleges: "Mayupao. . .  knowingly failed

11   to prepare a record on appeal which would meet the mandatory

12   requirements of California rules of court . . . ." Comp. p.20: L.

13   19 - 21.

14       Complaint alleges: "clerk of court failed deliberately to

15   issue notice of default" when the Clerk found after/on Oct. 30,

16   2006 that there was no Opening Brief of appellant's was in file.

17   Comp. p.45+ L.9.

18       Complaint alleges duty on certain defendants: "Defendants

19   are under a duty to provide record on appeal in substantial

20   compliance with CRC, such as pagination of Clerk's Transcript, copies

21   of exhibits which can be easily xeroxed, and mark each volume of

22   Clerk's Transcript with beginning and ending page number of a

23   given volume". Comp. p.35B L.22 - 26.

24   no judicial function involved

25       The task of preparing a record on appeal in compliance with

26   relevant rules of court of California is purely ministrial, clerical,

27   involving no judicial function, nor implementation of court order(s).

28   Those aforesaid rules, adopted by Judicial Council, are mandatory,

15

1  clerical nature not altered by involvement of judges  RE Immunity

2      The involvement of Judge Burr et al, who were judges of the

3  appellate department, in causing or contributing to the deficient

4  record on appeal does not change the clerical nature of the task into

5  a judicial one, in connection with the doctrine of absolute immunity

6  for judicial officers.

7      The doctrine is relevant in more than one aspect, below

8  discussed (briefly).

9      (i) money damages under 42 USC s.1983

10      A judge may be a proper defendant for act which is not judicial

11  in nature.  It is the nature of the act in question, not the identify/

12  status of the judicial officer, which is determinative: "it was

13  the nature of the function performed, not the identity of the

14  actor performing it, that informed our immunity analysis."

15  Forrester, 484 US, p.229.  Thouth essential to judicial function,

16  administrative decisions have not been regarded as judicial acts. Id.

17  p. 228.

18      In contrast, the doctrine of absolute immunity of judicial

19  officers bars s.1983 suits for money damages.  See, e.g., Montero v. Travis,

20  171 F3d 757 (2nd Cir. 1999).

21      Here, to the extent that Judge Burr and other appellate Department

22  judges acted to stop/prevent clerk of court from providing the

23  parties with properly prepared record on appeal, Judge Burr et al

24  are amenable to s.1983 suits for monetary damages.  (Philosophy of

25  traditional tort law is, of course, that the victim be made whole.)

26      (ii)  equitable relief under s.1983.

27      After amendment, s.1983 prohibits injunctions against judicial

28  acts. See, e.g., Wolfe v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004),

1   In contrast, where a judge's acts in question are not judicial in
2   nature, injunctions are not barred by s.1983, as evident in its
3   explicit language.

4       To the extent ahtat Judge Burr and other judges of the appellate
5   department are blocking the Clerk of court from preparing a record
6   on appeal in full compliance with the mandatory requirements of
7   the Judicial Council of California, federal court is authorized under
8   42 USC s.1983 to issueinjunction.  See Wolfe, 392 F.3d at 366.

9       appeal still pending

10      My appeal in People v. Ha, 4529, is still pending under well
11  established California  Law, such that the federal court can achieve
12  something by issuing equitable reliefs, such as injunction.  Why is
13  it pending, where there is an "order" of dismisal by Judge Burr?
14  In In re Garcia, 14 CA2d 208, 212 (1936), the court of appeal said:
15  "That court could not divest itself of jurisdiction . . . .
16  [citation omitted] by purporting to dismiss the appeal whenno
17  ground to dismiss the same existed under the statute.  It follows
18  that the appeal is still pending in the superior court . . . ."
19  See also In re Rothrock, 14 C.2d 34, 39 (1939); McClearen v.
20  Superior Court, 45 C2d 825, 856-7 (1955); In re McGee, 37 C.2d 6,
21  8, 9, (1951); In re Martin, 58 C.2d 133, 138, 139(1962).

22      Here, Judge Burr dismissed purportedly my appeal on the
23  ground that after CRC, rule 103(b) notice was given, my OB was not
24  in file by Oct. 30, 2006 where the said order was issued on Nov. 20,
25  2006, and where my OB was served and filed on Nov. 2, 2006.

26      The ground of dismissal is void on face of record, also void for
27  extrinsic fraud.

28      Therefore, my appeal is still pending, but being blocked by Judge Burr.

clerical nature of judges' acts and 11th amendment bar

1

2      Under 42 USC s.1983, state officials may be proper parties

3      when sued in their individual capacities.  In contrast, if they are
       for money damages

4      sued in their official capacities, they are not "persons" within the

5      meaning of s.1983, and 11th amendment bar is applicable (unless

6      defendants waive defense).  See, e.g., Wolfe, 392 F.3d, p.364.

7      It is pointed out, further, "a state official in his or her

8      official capacity, when sued for injunctive relief, [is] a person

9      under s.1983 . . . ." Ex parte Young, 209 US 123, __ (1908) *quoted

10     in Wolfe, 392 F.3d, p.365.

11     Where Judge Burr et al of appellate department's panel prevented

12     or stopped clerk of court from providing proper record on appeal,

13     they may be sued for monetary damages in federal court, as 11th

14     Amendment does not bar claim.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Clerical nature of task in connection with R-F doctrine

2      The R-F doctrine is not applicable to prevent the district

3  crout from acquiring subject matter jurisdiction.

4      The task of preparing proper record on appeal does not involve

5  any state court's final deterination/decision.  The Clerk of court is

6  under mandatory duty in all criminal appeals—felony and misdemeanor

7  appeals—to prepare the record on appeal in the way which the Judicial

8  Council has prescribed.  There is no discretion for clerical

9  employees to decide on how record on appeal is to be prepared.

10     Judicial Council has its reasons for designing the rules which

11  it adopts.  We cannot substitute our personal decisions for

12  those of Judicial Council.

13     My complaint claims that two deficies are, separately or togather,

14  fatal to appeals.  (Likewise, People can say the same thing

15  too, excpet that in this case, they got the [void] judgment in

16  people's favor.)

17     Therefore, R-F doctrine is not applicable to Claim #2 at pp.35 – p 38.

18     Therefore, Judge SI errs in saying: "BecaUse Plaintiff is

19  seeking judicial review of a state court determination, his complaint is

20  DISMISSED."  Order, p.4: L.3-4.

21

22

23

24

25

26

27

28

1    C.    Claim #3 is cognizable and valid (pp.39 - 40).

2    Facts alleged

3        Complaint alleges duties on the named defendnats. Comp. p. 39:

4    L. 21 - 25.   (These statements are not about concrete acts or

5    omissions to acts, however.  Nonetheless, these statements do give

6    notice to defendants as to the issues which they face.)

7        In addition, complaint alleges that the defendants named in

8    this claim breached said duties. Comp. p.39: L. 27- 28 ("prevented Hung

9    Ha from obtaining proper record on aḁpeal").  Eleswhere in the

10   pleading, there are more concrete facts relating to that summary of

11   facts. Those facts are better understood in light of the statements

12   stated at p.10 , about applicable rules in California Rules of

13   Court.   One should read those facts also in conjunction with the

14   allegations about judicial notice requests at p.31.

15       Concrete facts are alleged in that the record of appeal was not

16   paginated. Comp. p.35:L.28; L.23-24;

17       FActs are alleged that record on appeal failed to include

18   photocopies of trial exhibits which could be easily xeroxed and

19   be included in the record on appeal. Comp. p.35:L. 28: L.24.

20       Concrete facts are alleged that clerk of court failed tomark

21   each volume of record on appeal with the beginning and ending pages

22   of that particular volume (Compl. p.35:L.28; L.25-26), although

23   the failure to meet this requirement of rules of court is not alleged

24   to be fatal to appellant's preparation of appellate brief (p.36: L.

25   1 - 17).

26       Complaint further alleges: "When  Appellate Department

27   deliberately placed me in default by denying my two application on Oct.

28   30, 2006, I missed the due date of Oct. 30, 2006 in submitting OB", p36:L18-20.

R-F doctrine, applicable?

1    Question:  does the R-F doctrine bar this claim?

2    Answer:  There was non-judicial conduct, and there was judicial conduct.

3    a.  Pattern of behavior is mixed one.

4    The pattern of defendants' conduct is a mixed one of judicial

5    (denial of my two applications) and non-judicial (i.e., clerical). There

6    was state court decision: i.e., two orders denying my applications for

7    extension of time in which to submit my OB and for order

8    directing clerk of court to prepare a proper record on appeal. A question

9    thus arises: does R-F doctrine apply to bar this claim on the basis

10   that there were two state court decisions?
     b.  Dotrine does not bar claim based on non-judical conduct.
11   ı Doctrine does not bar this claim where the basis of facts involved

12   strictly clerical function, that of preparing record on appeal in

13   compliance with the rules of court prescribed by the Judicial Council

14   of California; that answers (in part) the central question of this

15   discussion.  I will pick up . below. the question of whether the

16   R-F doctrine bar portion of this claim on the basis of the two

17   orders denying my two applications.

18   c. RE general pattern of behavior , dotrine does not bar calim.

19   Quoted previously in this paper, federal court had jurisdiction

20   to determine the constitutionality of the District's state bar rule,

21   but no jurisdiction to review Fieldman's constitutional challenge

22   to the application of the bar rule in his particular case.

23   Fieldman, supra at p.__, 460 US, 486-7.

24   It is a general pattern ·      of behavior that is at issue:
                                                    (or respondents)
25   judges of appellate department deliberately place appellants in

26   default of missing due date of submitting Opening Brief (or reply

27   brief), for the purpose of defeating an appellant or respondent.

28   That pattern of behavior hurts everybody in misdemeanor appeals in

1    California state court, both defendants and People of California,

2    Further, the constitutionality of that pattern of behavor in which

3    judges of appellate department indulges is being challenged,

4    and my case gives me standing to file this claim.    Indeed,

5    this action is meant to be class action as to certain claims, if

6    not all of my claims asserted in this action.

7        Thus, R-F doctrine does not bar this claim where the facts

8    consist two state court orders denying my applications on Oct. 30,

9    2006.

10

11            d.       void orders and void dismissal along two lines of
                       developments

12       I suppose the following premise: if the two orders denying my

13   applications are void on either ground of extrinsic fraud or the

14   ground  of being void on face of record, then the R-F doctrine

15   is not applicable.  That is because the said doctrine presupposes
                                 even
16   the existence of a valid, although voidable, state court decision.

17   I assume that to be correct.  So I will proceed along two lines.
                                 (i)
18                   (1) void orders because  . . . .

19       Judge Burr et al were committing extrinsic fraud when they

20   obstensibly denying my application for extension and application

21   for Clerk to prepare proper record on appeal.  They wanted to

22   accomplish the illegal purpose of fraustratingmy appeal, and my

23   efforts to obtain judicial decree establishing invalidity of judgment

24   of conviction.  Their conduct was criminal under Cal. governmental

25   Code and Penal Code.  They were accessories to violent felonies

26   committed by police officers on March 4, 2001 on me.

27       Therefore, R-F  doctrine is not applicable.

28

1     In addition, or further, those two orders are void because

2    they could not be valid under rules of court. They are void

3    on face of judgment roll of appellate department (by that I mean

4    the record that came into existence when my appeal was in the hands

5    of the Appellate Department). That conclusion involves what is

6    called purely a question of law, on which judges' determination is

7    needed.

8    (2). void because conviction is void.

9    As the judgment of conviction is void on either ground of extrinsic

10    fraud or the ground of being void on face of judgment roll, those

11    two orders denying my applications are necessarily void. See, e.g.,

12    50 CJS Judgment s.546, p.102, n74.

13    Therefore, there is no state decision or determination although

14    there were two orders denying my applications. They are nullities.

15    Thus, R- F doctrine is not applicable.

16

17    conclusion

18    Claim #3 is valid,in whole and in part despite R-F doctrine.

19    As a reminder, the distinction bewteen a permissible general

20    constitutional challenge and an impermissible appeal of a state court

21    determination may be subtle and difficult to make. Worldwide,

22    supra at p.__, 805 F.2d , 891.

23    Thus, Judge SI's ground of dismissal is invalid insofar it

24    rests on that claim #3.

25

26

27

28

1    D.      Claim #4 (p.41) is viable.

2    facts alleged

3        P.41 is not filled out, where the claim is supposed to be

4    disclosed.  However, reasons and facts alleged elsewhere in the pleading

5    are relevant, and give notice to defendants as to the issues that they

6    can expect to face at trial.

7        I will mention some of the other places in the pleading, below.

8    At p.4, I state the law, s.1981.  There, I say:  " . . . defendants

9    discriminated against Hung Ha because of . . . ."

10        I state that I was innocent victim of violent crimes committed

11    by police officers.  Comp. p.31: L.4-6; p 33: L.2 - 4.

12        I state that the trial of People v. Ha was rigged, "fixed".

13    Id. p.31: L.3-8.

14        I state facts about how appellate department treated me.  Compl.

15    p.31J  L.2 - 18; p 32: L.2 - 11; p. 34 (claim #1; p.35 (claim #2);

16    p.39 (claim #3).

17

18    deprivation of equal protection

19        Taken as a whole the complaint gives defendants fair notice

20    of the claim that they face the issue of whether their conduct

21    deprived me of equal protection of law within the purview of s.1981.

22

23        Conclusion

24        Thus, this clam is valid, unless it is barred by some doctrine,

25    such as R-F doctrine, doctrine of absolute immunity, or sovereign

26    immunity.

27                      further discussion

28    R- F doctrine , applicable?

Is R-F doctrine applicable?

I will answer this question along two lines of development.

(a) trial court judgment

There are general patterns of facts which permit constitutional challenge of the judgment of conviction, assuming I correct understand it to be void on either ground of extrinsic fraud or ground of being void on face of judgment roll.

At this point, I would not describe  what those general patterns of facts are.  As it may be noted(again), it is said in Worldwide 805 F.2d, p.891, "a District Court does have jurisdiction over 'general' constitutional challenge that does not require review of a final state court decision in a particular case". There is the so-called "inextricably interwined" test. Id. p 892.

I am more interested in Judge Burr's acts. So I will proceed below.

(b)    general patterns  and abscence of a final state decision

In Judge Burr et al's behavior, there are several (a number of) patterns, which are not limited to my particular case.

--clerk's failure to prepare /provide proper record on appeal

-- Judge Burr substitute rule 103(b) notice for r190 notice

--judge Burr deliberately placed a party in default for the purpose of defeating said party's right to prosecute appeal successfully

--Judge Burr made r 190 motion without notice, without opportunity to be heard

--Judge Burr dismiss appeal where the appellant's Opening Brief was timely filed

--Judge Burr deprived parties the right to be notified of default that appellate brief is not on file by due date.

--other genral patterns.

These general patterns of behavior do not get "inextricably interwined" with a final state court determination of/in a particular case.  Further, there was no state determination in Judge Burr's order of dismissal.

Under state law, said "order" is absoutely void, and it was extrinc fraud.

1    E.     Claim #8 (p.46) is a cognizable claim.

2    Facts alleged

3         This section is not yet filled out at p.46.

4         It is alleged or stated here in generalities excpet names, and

5    applicalbe provisions of RICO and related statutes.

6         Here complaint state that judicial officers "assist Rhoden, Collom

7    and Ross to cover up violent crimes".  Comp. p.46: L.28.

8         What those violent crimes consist of is not well pleaded.

9    It may be amended to allege that they smashed me and hit me wildly.

10   And I would attach my testimony of trial of People v. Ha, about

11   their behavior in that incident.

12

13   R-F doctrine

14        It is not applicable to both actions:

15             (i) action one

16        This is a petition for order directing U.S. Attorney General

17   to impanel grand jury, to investigate very serious crimes, organized

18   crimes by very respectable persons, white collar crimes, per

19   18 USC s.1964(b). Compl. p.3: L.3-4.

20        For this action, I am party beneficially interested.  I have

21   standing to bring the action.

22             (ii) action two

23        This is a private right action per 18 USC s.1964 (c). Comp. p.3:

24   L.4 - 5.

25        Does R-F doctrine apply to bar private right action?

26                  (a) general pattern of behavior

27        What is involved is a general pattern of behavior.  It is not

28   limited to a particular case such as appeal of People v. Ha, 4529.

1                    (b)    no state determination at trial court

2          There was no final determination by state court in People v. Ha,

3    166802; that case is still pending at this time.  There is a document

4    which purports to be judgment of conviction in that case, but it

5    is -ullity under state law on two grounds: extrinsic fraud and

6    voidness appearing on face of record.

7          Thus, the order of dismissal rendered by Judge Burr is

8    a nullity under state law.

9          Therefore, R-F doctrine does not bar federal court from having

10   jurisdiction over this claim.

11                   (c)    no state determination by appellate department

12         Although a document exists which purports to be dismissing my

13   appeal, it if nullity on two grounds: extrinsic fraud and

14   voidness appearing on face of appellate record, under state law.

15         Therefore, R-F doctrine is not applicable; it does not bar

16   federal court from having jurisdiction over this claim.

17

18   conclusion

19         Judge SI errs in stating: Plaintiff is seeking judicial review of

20   a state court determination" p.4: L.3.

21

22   CONCLUSION

23         In furtherance of social justice and due administration of law,

24   in the interest of innocnet victim of violent and white collar cimres

25   and the interest of millions of the unfortunate, order of dismissal

26   should be set aside,and application for three months be considered to

27   enable me to revise my complaint. Aggrieved parties should not be rushed

28   to destruction.

                                                Hung Ha Dec 31, 2007

27