Hung Ha
P. O. box 367
Berkeley, CA 94701-0367
USA
E-mail address: jamesha@planet-save.com

1

2  Date:

3  UNITED STATES DISTRICT

4  IN AND FOR THE DISTRICT OF NORTHERN CALIFORNIA

5

6  HUNG HA, et al,
7       Plaintiffs/Petitioners

8  vs.

9  KENNETH MARK BURR, et al,
        Defendants/respondents

10

11  SUPERIOR COURT OF CALIFORNIA IN AND FOR ALAMEDA COUNTY
    U.S. DEPARTMENT OF EDUCATION
12  BANK OF AMERICA
    U.S. DEPARTMENT OF JUSTICE.
13       Respondents

14  Case no.: C07-04699 SI

15  Title of document: MOTION FOR RECONSIDERATION OF DENIED MOTION
                       TO VACATE VOID DISMISSAL JUDGMENT
16  Date:
        Feb. 18 2008
17

18

19

20

21

22

23

24

25

26

27

28

RECEIVED
FEB 19 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

2008 FEB 19 P 4:37
RICHARD W. WIEKING, CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.
RECEIVED

Motion

1. I respectfully move the court to reconsider my prior motion to vacate void dismissal.

2. This motion is authorized by Rule 60.

3. This motion is made on the grounds:
   PART I
   I.   p.2
   II.  p.9
   III. p.10    PART II

This motion is based on application for leave to file motion for reconsideration, this motion paper, & exhibit volumes, and all that are in the file, plus additional material which the court would permit.

respectfully submitted  by Hung Ha on Feb. 19, 2008

*[signature: Hung Ha]*

1  table of content

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                    Statement of fact

2  On Dec. 19, 2007, the Court issued/filed an order dismissing my

3  complaint in above titled action, with an opinion setting forth

4  grounds and reasons of the decision, which on the positive side

5  granted my IFP application. Judgment was filed on Dec. 19, 2007.

6  On Dec. 31, 2007, I timely filed a motion to vacate void judgment

7  of dismissal, with request that the court dispose rest of the case.

8  Please note that on Jan. 22, 2008, I mailed a letter to court RE

9  appeal.

10  On Jan. 29, 2008, the Court issued and filed an order denying my

11  motion.

12  This motion and application forleave to file it follow.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PART I

1. ROOKER-FELDMAN DOCTRINRE DOES NOT BAR DISTRICT COURT FROM ENTERTAINING THE CASE, ON GROUND THAT THE FEDERAL GOVERNMENT IS OBLIGATED TO RESCUE ITS CITIZENS FROM THE "SNAKE PIT" WHERE THE ACTS AND/OR OMISSIONS TO ACT ON PART OF JDUGE KENNETH MARK BURR ET AL ARE PART OF A LARGER PATTERN OF CONDUCT WHICH CONSISTS OF VIOLENT FELONIES AND WHITE-COLLAR (COVER UP )CRIMES AGAINST PLAINTIFF.

The issue in this part of discussion is whether the federal court has subject matter jurisdiction over the main claim in regard to a consideration of the Rooker-Feldman Doctrine, where Plaintiff can provide evidentiary support of my original allegations that what is really behind the appearance of "order" purpotedly to dismiss my appeal in People v. Ha, 4529 (Alameda CA) is really violent felonies and cover-up crimes which are knownby the popular name of "white collar crimes". (Please see p.33 in Complaint, Allegations RE background fact".).

Answer: I respectfully submit to this court admissible evidence showing that crimes ahve been committed against me (as an indivudal and as the typical member of a given class), and I would like to discuss such evidence in connection with my initial pleading, in light of some legal authr-ties.

The U.S.Supreme Court pointed out in U.S. V. Cruikshank et al, 92 US 542, 549 (1875) that citizenship imples a mutal obligation between the citizens and the state or federal government. A citizen of California is a citizen of both California and federal government. Id. He/she is entitled to protection by either, and both. Id. See also McKay Jewelers v. Bowron, 19 C.2d 595 (42) ("duty of the state to protect its citizens"). Although it has been held that the U.S. Constitution does not require the government to provice benefits, further, it has been well established that if the govement has placed a private person in danger, or increased risk to hi, the government is under obligation

Ha v. Burr, et al, C07-04699 SI

1  to rescue him/her from the "snake pit." Archie v. City of Racine,
2  847 F.2d 1211, 1222 (7th Ci. 1988 (citation omitted). The shock-
3  conscience test is applicable to my situation. Id.
4  In that case, above, Judge Posner's concurring opinion is enlightening.
5  Judge Posner said, for example, that "cases of police brutality" are
6  "the strongest cases for a federal constitutional tort remedy".
7  Id., p.1225. Judge Posner remarked that the case before him "presents
8  a strong human appeal for federal judicial intervention". Id.
9  I am of the opinion that the above cases are controlling, and
10 should be followed.
11
12
13
14     a.  Federal court has subject matter jurisdiction in main action
           because the causes of action are created by congressional
15         statutes, putting aside Rooker-Feldman doctrine for mintue.
16 Putting aside the Rooer-Feldman doctrine for a moment, I conclude
17 that in the main action of this case, federal court's subject matter juri
18 -sdiction is authorized by congressional statutes, such as 42 USC s.1983
19 for violation of U.S. Constitution, s.1981 (civil right), s.1985
20 (civil rights), 18 USC s.1964 (b) and (c) (RICO action by attorney
21 general of US Department of justice and private citizens), so forth.
22 Therefore, the Fed. Court has subject matter jurisdiction. See
23 also Justice Stevens' dissent, in District Columbia Court of Appeal,
24 et al v. Feldman et al, 460 US 462 (1983).("it odes violence . . . ").
25 Here, my pleading alleges wrongful conduct by (i) clerk of court,
26 (ii) judges of appellate department, and (ii) others farther from
27 the foreground.
28 Therefore, fed. court has smj (subject matter jurisdiction), unless, . .

3

1  Further, an inquiry is whehter Rooker-Feldman Doctirne (R-F
2  doctirne hereinafter) is applicable to the case (and if so, to what
3  extent as to a particular issue). Although my understanding of the subject
4  must be deficient, I am pretty much convinced that R-F doctrine
5  does stop fed. court from acquiring subject matter jurisidction
6  ("SMJ" hereinafter), for the following reasons.
7     b. <u>The doctrine is probably not applicable to msdemeanor cases.</u>
8  "When the reason for a rule ceases, so should the rule itself."
9  Cal. CC s.3510 (maxim). Consider that in connection with the rationale
10 of R-F doctrine.
11    Fed. Courts have held that where the doctrine applies, the fed.
12 court has no smj. (Justice Stevens disagreed with that, as I
13 understand his dissent.) The rationale of that holding/rule is that
14 the U.S. Supreme Court has appellate jurisdiction over appeals, such that
15 fed. court has no original jurisdiction over the claim. See, e.g.,
16 Young v. Murphy, 90 F.3d 1225 1250 (7th Cir. 1996).
17    That rationale is inapplicable here for the following reasons.
18        (i)  misdeanor appeals
19    Misdemeanors are criminal cases, not civil. Rooker and
20 Feldman cases were civil cases, not criminal cases, but the R-F doctrine
21 has been apparently applied to federal caims involving piror felony cases
22 in state courts.
23        (ii)  no appeal
24    In msdemeanor cases, appellate department is the end of the road.
25 There is no appeal to court of appeal of the state court, no
26 appeal to state's supreme court.
27        (iii) no federal question in misdemenaor appeals
28    The U.S. Supreme Court does not review a state court case which does not

-4-

1  present a federal question. (See Supreme Court Rules of court, rule 10.).

2  A misdemeanor appeal could be based entirely on state law grounds,

3  without involving federal question.

4     (iv)  unrealisitc

5  It is unrealistic for private persons appealing misdemeanor conviction

6  to seek appelalte review with U.S. Supreme Court, even if there is a federal

7  question in the appeal. That is esp. true if somebody is representing

8  himself. "The law never requires impossibilities". Cal. CC s.3531.

9     (v)  discretionary

10  Petition to U.S. Supreme Court rarely get granted, even if

11  said petition is significant towarrant attention. That is a well

12  known fact, for which judicial notice must be taken. To be sure, there

13  is the two-bites at the apple rule by U.S. Supreme Court; one has no

14  right to review by U.S. Supreme Court.

15  conclusion

16  My conclusion is that even if R-F doctrine can be applied to present

17  federal cases involving prior felony cases (whether acquitted or

18  convicted), it does not apply to federal cases involving prior

19  misdemean cases in state courts.

20  Therefore, even if one charaxterizes People v. Ha, 166802 as a prior

21  case in state court, R-F doctrine is not applicable. Of course,

22  the federal courts know the answer; I am mrely making an educated guess.

23   c.  R-F doctrine is not applicable where prior state cases did not have a valid judgment at all.

24  Where prior actions in state courts did not produce valid order or

25  judgment or determination, which, if any, are absolutely void, R-F

26  Doctirne does not stop fed. dist. court from having sjm.

27  I find in Keiffer . . . ,65 CA4th 893, 898 (98) a discussion of

28  jurisdictional defects. And I rely on it.

       i) fundamental sense

If there is no legitimate court in prior state case, what purports to be determination, judgment is void. Andrew v. Police Court (Cal. case). A court is where the law is legally administered. Where the law is not legaly administered, the court might not have existence. Here, that is the case, in trial court and appellate department levels, in People v. Ha. (Please see exhibits.)

       ii) fatal lack of smj or personal jur.

It is well established that if a court lacks sjm or personal jurisdiction, it lacks jurisdiction in the fundamental sense of the conept. Keiffer, supra,.

Here, my complaint can be amended to allege facts showing that trial court and appellate court lacked jursdiction in such a manner.

       iii)  clear violation of due process

Judgemnets have been held void for want of due process. See also Witkin's Civ. Proc.4ed, judges, s.105, pp.685 to 687 (bad faith). Where judicial offciers may be disbarred for acts, judgments thereof would not be protected by R-F doctrine.

       iv)  fraud

Fraud, extrinsic or intrinsic may be ground to void a judgments. Olivera v. Grace, 19 Cal.2d, 580 (42).

Here, complaint can be amended to show that on trial court level and appellate deaprtment level of People v. Ha, 166802, 4529, determinations were obtained as a result of fraud (and other extrinsic factors).

<u>invalidity of R-F doctrine</u>

The doctirne is invalid insofar as it provides protection for state judicial officers to commit bad-faith acts while in office. It has been

1   held that R-F doctirne does not automatically bar fed. claims.

2   Pennzoil co. v. Texaca co., 481 k.S. 1, __, (87).

3      Fed. Government is under an obligation to protect its citzens

4   from illegal acts of state officials, including judicial officers.

5   U.S. v. Curishak, supra.

6      Here, my pleaidng alleges and can be amended toallege more, acts

7   of defendants' bad-faith acts in connection with P. v. Ha.

8      I as an individual and as the representative of all Californians

9   and U.S. population are entitled to private rights action where

10  judicial officers commit bad-faith acts for which they may be disbarred.

11

12      d.   World-wide case should be followed using res judicata test.

13     Worldwide. . . ., 805 F.2d 888 (9th Cir 1988).  It is said there

14  the R-F doctrine and res judicata doctrine are different sides of

15  the same coin.  I think that it should be followed.

16  Except a clear category of state cases, where appellate jurisdiction

17  of the US. Supreme Court is involved directly, the R-F doctrine

18  does not stop district court from having smj., and where the present

19  federal cases do not involve inextricably a state judgment, the

20  doctrine of res judicata is appropriate to determine whether district

21  court may entertain the federal claim.

22

23      e.   My federal claim(s) is/are not seeking appelalte review
             of state court determinations in P. v. Ha, 166802, 4529.
24           because the facts of fed. claims involve defendants'
             conduct, not their judicial errors or irregularites in proceedings.
25                                                              ~ Judicial

26  My fed. claims are based on defendants' conduct, not judicial errors
    in the
             thinking of hte court behind its determinations/decisions.
27                                                              state
    Such conduct is separate and distinct from judicial errors in court's
28  thinking behind its judgments/determination.  (See my exhibits.)

7

1  Injury to me result from such conduct, as distinct from injury resulting
2  from, if any, determinaitons/judgments. That conduct blocks the state
3  court from rendering final judgment in People v. Ha; it has not yet
4  produced a genuine determination on rights and liabilities because
5  defendants' conduct blocks the state court from reaching the final
6  determination.
7   An objective of the present federal action is to remove the blocking
8  so that the state court would move on to reach final determination of
9  rights and liabilities in P. v. Ha., 166802.
10
11     f. R-F doctrine is not applicable where injury to me results
          from the fact that state court proceedings are being illegally
12        blocked.
13     My complaint alleges and can be amended to allege that defendnats
14 are blocking state court (not a human being) from reaching the final
15 destination of final determination of rights and liabilities in
16 P. v. Ha, 166802. There is no determination or final judgment for
17 R-F doctrine to operate. See, e.g., Wolfe. . . . 392 F.3d 358,   (2004).
18
19
20
21
22
23
24
25
26
27
28

8

1   Ⅱ   AS APPLIED IN MY CASE, R-F DOCTRINE IS PLAINLY ILLEGAL AND
        UNCONSTITUTIONAL ON THE GROUND THAT FEDERAL COURTS CANNOT
2       DENY THAT THEY HAVE SMJ WHERE DISTRICT COURTS PLAINLY HAVE SMJ.

3   I need not concern myself with all of federal cases which come under scrutiny

4   scrutiny of R-F. Doctrine, and concerns msyelf with my federal calims

5   involving a misdemeanor case, People v. Ha, 166802, 4509 (AD).

6

7   allegations

8   My pleading allege unlawful conduct distinct from jueicial errors

9   in the thinking behind a state court judgment or proceeding which

10  leads to said judgment.

11  Clearly my federal claims are authorized by federal statutes.

12  Therefore, district court has smj.

13

14  samantic transformation

15  Except a category of fed. cases involving state actions in which appeals

16  to U.S. Supreme Court could be had, in the category of federal claims

17  involving prior state misdemanor action are outside the rationale of

18  Rooer-F doctrine.

19  Therefore, U.S. Supreme Court's appelalte jurisdiction does not

20  mean that federal courts have no smj over federal claims.

21  Justice Stevens in FEldman case was correct, even if not totally.

22  The R-F. doctrine is enlarged illegally, unconstitutionally,

23  beca+se of samantic play of concepts (although I must note that

24  I am only a layman with some legal education). The typical R-F

25  analysis easily slides from pure samatic plane ("Appellate Review") to substantive plane

26  of different nature.

27  Anyway, I respectfully conclude that R-F doctrine is illegal

28  to the extent that it is being applied to my typte of cases.

9

Case 3:07-cv-04699-SI   Document 15-2   Filed 02/19/2008   Page 13 of 18
Ha v. Burr, et al., C07-04699 SI
PART II

1  II. JUDGMENT OF DISMISSAL AND ORDER DENYING MOTION TO VACATE
   VOID JUDGMENT OF DISMISSAL IS/ARE VOID ON GROUND THAT
   INSOFAR AS CONCERNING THE "SUPPLEMENTAL" EQUITABLE ACTIONS,
2  THE DISTRICT COURT PRESIDED BY HONL SI REFUSES TO HEAR
   PLAINTIFF'S CAUSES, IN SO DOING DISREGARDING ITS DUTY UNDER
3  DUE PROCESS CLAUSE OF THE 5th AMENDMENT OR 14th AMENDMENT.

Introduction

4  The issue here is whether the order of dismissal plus the order

5  denying motion to vacate void judgment of dismissal is void within the

6  pureview of due process calsue of 5th and 14th amendments.

7  I will attempt to discuss this issue under the principles

8  noted below.

9  First, it has been held that a plaintiff can only be sent out of court

10 without the reliefs which he seeks or to which he would be entitled, only

11 if his pleading fails to state any causes on which reliefs can be granted.

12 (Citations omitted). The doctrine of standing requires, among several

13 elements, that RE plainitffs, they are seeking judicial reliefs which

14 may be had.

15  Cal. CC s.3523 says: "For efery worng there is a remedy".

16  Further, the distinction bewtwen action at law and action in equity has

17 been abolished, such that even if an action fails to state causes of

18 action at law, it will be entertained by a court for equitable reliefs.

19 Let's go to the basic definition of "equity". A dictionary says that

20 "equity" means the administration of justice according to principles of

21 fairness in cases where there is no adequate remedies at law. Barron's

22 Law Dictionary, 1984 (copyright year), p.158.

23  In Quivery v. Baker, 17 Cal. __, 472 (±869), the Supreme Court of

24 California said: "The rule in equity is to do nothing by halves; but,

25  in proper cases to administer a full measure of relief, so as to avoid

26  circuity of action and pramoste the ends of justice".

27  The following discussion will proceed along two lines with

28  respect to the Rooker-feldman dotrine and absolute judicial immunity.

1      a.   Plaintiff is being stripped of due process protection
2           with respect to Rooer-Feldman doctrine, provided that
            the acts of the main action are illegal, injurious to
3           plaintiff, and actionable under either or both federal and
            state law, if equitable reliefs are available in the
4           "supplemental" actions.

5   <u>Judge SI's Order denying motion</u>

6      Issued on Jan. 29, 2008, Order denying my motion to vacate void

7   judgment of dismissal also denies my said motion's additional request

8   that the court disposes the rest of the action, which consists of main

9   action about matters of People v. Ha, 4529 (app. dept. Alameda County)

10  and "supplemental" actions in equity. Order said: "In addition, Plaintiff

11  argues that the court did not dispose the entire action.  Plaintiff

12  is incorrect; the Court's prior order dismissed his complaint in its

13  entirety, including any claims for equitable relief, and the case is now

14  closed".  Order of 1/20/08, Lines: 17-19.  (Please also see my

15  prior motion, filed on Dec. 31, 2007, at p. i: L.25-30.)

16     As I re-read Opinion of order granting application but dismissing

17  action, as filed on 12/19/07, I don't see specific discussion of the grounds

18  and reasoning of why the small actions in equity were properly dismissed.

19  So I assume that the order of dismissal impliedly include dismissal of

20  said equitable actions which I append to the main action against

21  Judge Burr et al.

22  <u>Rooer-feldman doctrine</u>

23     Assume the following. (1) my allegations about wrongful acts and

24  omissions to act on part of Kenneth Mark Burr and others who are involve

25  in <u>People v. Ha</u>, 166802 (Alameda) are true; (2) these actions and omissions

26  are wrtonf; (3) these acts and omissions have caused injury to plainitff.

27     Assume, further, (4): Rooker-Feldman doctrine bars federal calims

28  based on above facts against aforesaid defendants.  Is then equitable

11

Case 3:07-cv-04699-SI   Document 15-2   Filed 02/19/2008   Page 15 of 18

Ha v. Burr, et al.   C07-04699 CW

1   relief in the small equitable actions available?

2   Sure. A critical premise in the reasoning is that one's caUses
3   of action are deemed "property" within the purview of due process
4   clause of the U.S. Constitution.

5   As a matter of policy consideration, should the fed. Court let
6   wrongdoers to take advantage of Rooer-Feldman doctirne in
7   inflicting harms on their victims because they are thinking that
8   the Doctirne proctects them from being held accountable in a private
9   right action? The answer is no, since the law is designed to promote
10  fairness and, by way of fairness, social justice. The federal
11  government is obligated to treat all its citizens alike under
12  the U.S. Constitution (and perhpas under a contractual obligation,
13  since all U.S. Citizens who pay federal income taxes are contractually
14  entitled to protection or administration of law by the federal
15  government).

16  A critical question is, then, whether the wrongful acts and omissions
17  of Burr et al deprives me of the financial means by which I would
18  be able to fulfill my financial obligations to the respondents in
19  the small/supplemental actions in equity. I think so,
20  and if I am correct about that, I am entitled to determination of
21  rights and liabilities insofar as they are affected by the wrongful
22  acts and omissions of Burr et al.

23  Here, Judge SI dismissed my small/supplemental actions (on ground that
24  Rooker-feldman doctrine bars the main action against Burr et al), before
25  any responsive pleaiding has been filed by defendants or respondents or
26  real parties in interests, and before any motion would be made by said
27  parties.

28  I understand dismissal is void within purview of Due Process Caluse.

12

1    c.    Plaintiff is being stripped of due process protection with respect to doctrine of absolute judicial immunity, provided that the acts of the main action are illegal, injurious to plaintiff, and actionable under either or both federal and state law, if equitable reliefs are available in the small/supplemental actions in equity.

### Judge IS's Order denying prior motion to vacate

Let me repeat essential what I said in the previous discussion under "a" heading.

### Doctrine of absolute judicial immunity

Let me re-state the first three assumptions discussed in previous "a" heading at p.__.

Assume, further, (4): the doctrine of absolute immunity bars action against Keeneth Mark Burr et al, who were involved in teh appeal matters of People v. Ha, 4529.

An inquirty is this: are equitable reliefs av ailable in the small/supplemental actions in equity?

Sure, I think. My brief explanation of my view follows.

A critical premise is this: my causes of action in the main action are property" within the purview of due process of the U.S. Constitution.

As a matter of policy, the federal court should consider this: should it allow wrongdoers to inflict injury on somebody because in their thinking, the doctrine of absolute judicial immunity protects them from being held accountable in a private right action at law, leaving their victims without any remedy at all? I think that no, the federal courts should not let the victims suffer without any sort of reliefs, where reliefs are possible. The federal government is under a constitutional duty to remedy wrongdoing. And it might be under a contractual duty to provide reliefs since the citizens pay federal income taxes. If I am correct about that, I am entitled to adjudication of the legal controversies affecting rihts and liabilities bewteen me

18

1 and respondents in the small/suppelemental actions in equity.

2 Here, apparently, Judge SI dismissed my small/supplemental actions in
3 equity on the ground that the doctrine of absolute immunity bars the
4 main action, or on grounds which are not explicitly, directly
5 discussed in Order's Opinion (filed on Dec. 19, 2007),

6 Please note that there was no responsive pleading or motion filed
7 by any defendant or respondent.

8 I understand Judge SI's decision dismissing my case and denying my
9 prior motion to vacate to be a result of deprivation of due process
10 of law in both procedural and substantive aspects/dimension of the said
11 Clause. . . . .

12 If I am correct about that, I am entitled to relief from Judge SI's
13 judgment of dismissal and priororder denying my prior motion to vacate
14 void dismissal order.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

    d.   If neither Rooker-Feldman doctrine nor doctrine of absolute judicial immunity is applicable in the main action, order dismissing small actions in equity is void under constitution o fUS and its statutes on ground that trial court lacks authorization to dismiss a valid equity action on court's own motion even before any defendant or respondent has appeared.

To the exten that the Rooker-Feldman doctrine and/or the doctrine of absolute judicial immunity is not applicable in the main action such that it (main action) may proceed at this point, it follows that the small actions in equity cannot be legally dismissed.

Plaintiff's right to petition government for redress of grievances in these small/supplemental actions in equity are protected by the due process cause of the U.S.Constitution.

The aforesaid right is perhaps protected by the 4thAmendment against unreasonable search and seizure, which the unauthorized dismissal of the small actions in equity constitute, assuming that I am correct about the validty of these small actions.

Thus, to the extent that judgment of dismissal dismissed the said small/supplemental actions in equity, it is void. As such, it may be set aside.

Having said the above, I should discuss what are the acts or omissions to act in the main action fall outside the scope of Rooker-Feldman doctrine and the doctrine of absolute immunity. I would need to exmaine my initial pleading and/or suggest amendments to it. However, I am unable to do so at this point in time. . . . .

    i.   acts/omissions to act by clerks

      . . . .

    ii.   Judge Burr's acts

      . . . .

    iii.   other people's acts/omissions

      . . . .

15