Hung Ha
P. O. box 367
Berkeley, CA 94701-0367
USA

**1** E-mail address: jamesha@planet-save.com

**2** Date: Feb. 25, 2008
Plaintiff/petitioner in Pro Per

**3** UNITED STATES DISTRICT

**4** IN AND FOR THE DISTRICT OF NORTHERN  CALIFORNIA

**5**

FILED

09 FEB 26  PM 12: 44

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**6**

| | |
|---|---|
| HUNG HA, et al,         ) <br>      Plaintiffs/Petitioners ) | Case no: C07-04699 SI |

**7**
**8**    vs.                 )

NOTICE OF APPEAL;
REQUEST FOR PREPARATION OF
CLERK'S TRANSCRIPT OR RECORD
ON APPEAL

**9** KENNETH MARK BURR, et al,    )
     Defendants/respondents   )

**10**                         )

**11** SUPERIOR COURT OF CALIFORNIA IN AND FOR ALAMEDA COUNTY
U.S. DEPARTMENT OF EDUCATION   )

**12** BANK OF AMERICA              )
U.S. DEPARTMENT OF JUSTICE.   )

**13**      Respondents        )

**14** Case no.: C07-04699

**15** Title of  document:    NOTICE OF APPEAL

**16** Date: Feb. 25, 2008 (certified mail, tracking #: 7006 3450 0002 1355 3855)

**17**

**18** NOTICE IS HEREBY GIVEN THAT Plainticf Hung Ha in the above named case
appeal to the court of appeals for the Ninth Circuit from the following
judgment and orders:

**19**

**20** 1) judgment of dismissal with prejudice  and without leave to amend,
   filed on/about Dec. 19, 2007;

**21** 2) order granting application to proceed in forma pauperis and dismissing
complaint without leave to amend(and with prejudice),
   filed on/about Dec. 19, 2007;

**22** (3)  order (portion of order) denies as moot plaintiff Hung Ha's request/
   application for order postponing deadlines, contained in order mentioned

**23**    in #2 above;
4) Order denying Plaintiff Hung Ha's motion to set aside judgment and order

**24** filed on Dec. 19 2007 dismissing complaint without leave to amend,
   filed on Jan. 29, 2008;

**25** 5) portion of order mentioned in #4 (denying motion to set aside) which
   indicates the court's refusal to reconsider denied motion to set aside,

**26**    filed on Jan. 29, 2008;
6) if any, order denying my application for leave to file/submit

**27**    motion for reconsideration of denied motion to set aside dismissal and
   judgment, and (see please #7 below)

**28** 7)  order,if any, denying my motion for reconsideration (submitted on 2/19/08);
8)  reassignment order dated Nov. 2, 2007,
9) that portion of dismissal dismissing four distinct entity/actions
involving superior ocurt of california, U.S. Dept. of Education, B of A,
and U.S. Department of Justice, filed on Dec. 19, 2007 (also see order
fild on  Jan. 29, 2008 denying motion).     page  1 of 2

1   TO THE ATTENTION OF CLERK OF COURT:

2   (I am not sure of how an appellant, as I am one (for purpose of

3   this appeal), request that record on appeal be "ordered" and transmitted

4   to the U.S. Court of Appeals for the Ninth Circuit. But let me make the

5   request in this deficient manner.)

6   <u>Clerk's transcript</u>

7   Plaintiff Hung Ha respectfully designate all the documents in the case

8   folder (or, case file), all of my pleadings, motions, applications,

9   written requests, exhibits, and, of ocurse, all orders and judgment.

10

11   <u>Reporter's Transcript</u>

12   There is no reporter's transcript in the above referenced case of mine.

13   <u>Transmittal of record on appeal</u>

14   ⊗  Please transmit record on appeal to Court of appeals for 9th Circuit.

15   _Hung Ha_

16   Plaintiff/petitioner in pro per
Feb. 25, 2008, Monday

17

18

19

20

21

22

23

24

25

26

27

28

# NINTH CIRCUIT FORMS

## CIRCUIT FORM 6.   CIVIL APPEALS DOCKETING STATEMENT   ?

UNITED STATES COURT OF APPEALS          USCA DOCKET # (IF KNOWN)

FOR THE NINTH CIRCUIT

CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

TITLE IN FULL:

DISTRICT: **Northern**   JUDGE: **Susan Illston**

DISTRICT COURT NUMBER   **C07 - 04699**

DATE NOTICE OF APPEAL FILED: **Feb '08**    IS THIS A CROSS-APPEAL? [ ] YES   **NO**

IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY): **N/A**

BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW: *there are 4 additional equity actions*
*Defendants block my appeal in People v. Ha 4529 (Alameda county)(A)*

PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:
*(Please see my motions to vacate 3 motion for Reconsideration)*

PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POST-JUDGMENT MOTIONS):
*Motion for Reconsideration 2 Application for leave to move for Reconsideration*

*With leave of court. I'd amend this item later, thanks for attention.*

*Ha v. McGuiness et al*
*C07 - 03797*
*Judge Armstrong*

DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:

[ ]   Possibility of settlement

[ ]   Likelihood that intervening precedent will control outcome of appeal

[ ]   Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (specify) _____

[ ]   Any other information relevant to the inclusion of this case in the Mediation Program _____

[ ]   Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges

## LOWER COURT INFORMATION

| JURISDICTION | | DISTRICT COURT DISPOSITION | |
|---|---|---|---|
| FEDERAL | APPELLATE | TYPE OF JUDGMENT/ORDER APPEALED | RELIEF |
| [✓] FEDERAL QUESTIONS | [✓] FINAL DECISION OF DISTRICT COURT | [ ] DEFAULT JUDGMENT | [✓] DAMAGES: SOUGHT $____ AWARDED $ 0 |
| | | [✓] DISMISSAL/JURISDICTION | |
| [✓] DIVERSITY | [✓] INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT | [✓] DISMISSAL/ MERITS | [✓] INJUNCTIONS: |
| | | [ ] SUMMARY JUDGMENT | [✓] PRELIMINARY |
| [✓] OTHER (SPECIFY): | | [ ] JUDGMENT/COURT DECISION | [✓] PERMANENT |
| | [ ] INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY): | [ ] JUDGMENT/JURY VERDICT | [ ] GRANTED |
| | | [ ] DECLARATORY JUDGMENT | [ ] DENIED |
| | | [ ] JUDGMENT AS A MATTER OF LAW | |
| | ' OTHER (SPECIFY): | [ ] OTHER (SPECIFY): | [ ] ATTORNEY FEES: SOUGHT $____ AWARDED $____ |
| | | | [ ] PENDING |
| | | | [ ] COSTS: $____ |

*whatever is fair, reasonable, equitable*

1



## CERTIFICATION OF COUNSEL

**I CERTIFY THAT:**

1. COPIES OF ORDER/JUDGMENT APPEALED FROM ARE ATTACHED    *please see 4 attachments*
   ~~some lift wall~~

2. A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS ARE
   ATTACHED (SEE 9TH CIR. RULE 3–2).
   *not*

3. A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.

4. I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANC-
   TIONS, INCLUDING DISMISSAL OF THIS APPEAL.

   _____    Feb. 25, 2008
   Signature                      Date

### COUNSEL WHO COMPLETED THIS FORM

| | |
|---|---|
| **NAME:** | Hung Ha |
| **FIRM:** | pro per |
| **ADDRESS:** | P. O. box 367, Berkeley, CA 94701-0367 |
| **E-MAIL:** | seasprout9@yahoo.com |
| **TELEPHONE:** | none |
| **FAX:** | none |

\* THIS DOCUMENT SHOULD BE FILED IN THE DISTRICT COURT WITH THE NOTICE OF APPEAL \*
\* IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS \*

Effective January 1, 1997; amended, eff. July 1, 2000.

FILED

DEC 19 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

        Plaintiff,

   v.

KENNETH MARK BURR, et al.,

        Defendants.

                             /

No. C 07-04699 SI

**JUDGMENT**

Plaintiff's action has been dismissed without leave to amend for failure to state a claim. Judgment is entered accordingly.

**IT IS SO ORDERED AND ADJUDGED.**

Dated: December 19, 2007

SUSAN ILLSTON
United States District Judge

ATTAchment # 1

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,                                           No. C 07-04699 SI

          Plaintiff,                    **ORDER GRANTING APPLICATION TO**
v.                                                 **PROCEED IN FORMA PAUPERIS AND**
                                                   **DISMISSING COMPLAINT WITHOUT**
KENNETH MARK BURR, et al.,                         **LEAVE TO AMEND**

          Defendants.
                             /

Now before the Court are plaintiff's complaint and application to proceed *in forma pauperis* ("IFP"), filed on September 12, 2007. For the reasons set forth below, the Court hereby GRANTS plaintiff's IFP application and DISMISSES plaintiff's complaint without leave to amend. The Court also DENIES AS MOOT plaintiff's request to postpone the case deadlines.

**BACKGROUND**

Plaintiff Hung Ha has filed a complaint against Judge Kenneth Mark Burr, many other state judges, state court employees, other government employees, various police officers, and various private attorneys. Plaintiff appears to be suing these defendants for causing "the failure of Superior Court of California in and for Alameda County to hear Hung Ha's appeal in *People v. Ha*." Complaint at 1. Plaintiff seeks redress under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and possibly other statutes, though it is unclear what plaintiff's complaint alleges, other than that plaintiff takes issue with the state court's handling of his appeal in *People v. Ha*. This is not the first time plaintiff has filed a complaint in this Court against these defendants or in relation to his state court cases. On March 7, 2005, this Court dismissed a similar complaint and denied plaintiff's IFP application. *See Ha v. Burr*, No. 04-04464 SI (N.D. Cal. March 7, 2005). More recently, Judge Armstrong dismissed a similar complaint filed by

United States District Court
For the Northern District of California

ATTACHMENT A2

1  plaintiff and granted plaintiff leave to amend.  *See Ha v. McGuiness*, No. 07-03777 SBA (N.D. Cal.
2  October 22, 2007).

3

4  **LEGAL STANDARD**

5  IFP applications are reviewed under a two-part analysis under 28 U.S. C. § 1915. This analysis
6  looks first to whether a plaintiff meets the requisite financial status to be permitted to proceed in federal
7  court without first paying a filing fee.  28 U.S.C. § 1915(a)(1).  The second stage of the analysis
8  examines a plaintiff's complaint to ensure that it states cognizable, non-frivolous claims.  28 U.S.C.
9  § 1915(e)(2)(B)(i)-(ii).  The Court may, "at any time," dismiss an IFP claim if it determines that "the
10  allegation of poverty is untrue," or the complaint "(i) is frivolous or malicious; (ii) fails to state a claim
11  on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from
12  such relief."  28 U.S.C. § 1915(e)(2)(B); *see Cato v. United States*, 70 F. 3d 1103, 1106 (9th Cir. 1995)
13  (noting that a court may dismiss an action under § 1915 if the "complaint neither identifies any
14  constitutional or statutory right that was violated nor asserts any basis for federal subject matter
15  jurisdiction . . .").

16  Courts treat the second prong of the analysis similarly to a motion to dismiss filed by a defendant.
17  If it is "clear that no relief could be granted under any set of facts that could be proved consistent with
18  the [ plaintiff's] allegations," then it is proper to dismiss an IFP.  *See Ascon Properties, Inc. v. Mobil Oil*
19  *Co.*, 866 F.2d 1149, 1152 (9th Cir. 1989) (applying standard of review for motions to dismiss under
20  Federal Rule of Civil Procedure 12(b)(6)).  Also similar to a motion to dismiss, all material allegations
21  in an IFP complaint are taken as true and construed in the light most favorable to the plaintiff.  *See NL*
22  *Ind., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  A pro se litigant bringing an IFP suit is entitled
23  to notice and an opportunity to amend the complaint to overcome any deficiency unless it is clear that
24  no amendment could cure the defect.  *See Cato*, 70 F.3d at 1106.

25

26  **DISCUSSION**

27  The first stage of IFP analysis requires that a plaintiff file an affidavit describing the totality of
28  the plaintiff's assets and stating that the plaintiff is unable to pay the required fee.  28 U.S.C.

2

§ 1915(a)(1). Plaintiff has filed such an affidavit, indicating that he has no assets, except two bikes, and only intermittent employment as a day laborer, for which he is paid roughly $400 per month. Assuming that plaintiff is being truthful in his IFP application, plaintiff is within the parameters necessary to grant an IFP application. Accordingly, his application to proceed without the payment of a filing fee is GRANTED.

The Court's grant of plaintiff's IFP application does not mean, however, that he may continue to prosecute his complaint. The Court may review "at any time" plaintiff's complaint to determine whether it states a cognizable cause of action against the defendants. 28 U.S.C. § 1915(e)(2).

Plaintiff's complaint fails to state a claim upon which relief can be granted and is frivolous. As with the complaint filed in *Ha v. McGuiness*, No. 07-03777 SBA, is it unclear what causes of action, if any, plaintiff seeks to present to the Court. It appears plaintiff's chief concern in this complaint is the failure of the state court to hear plaintiff's appeal in *People v. Ha*. To the extent plaintiff seeks review of a state court order, the Court informs plaintiff once again that he may not file suit in federal court as an alternative to appeal from a judgment of a state court. Federal district courts, as courts of original jurisdiction, may not review the final determinations of a state court. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923) (district courts may not exercise appellate jurisdiction over state courts); *Doe & Assoc. v. Napolitano*, 252 F.3d 1026, 1029-30 (9th Cir. 2001); *Olson Farms, Inc. v. Barbosa*, 134 F.3d 933, 936 (9th Cir. 1998). This is so even when the state court judgment is not made by the highest state court, *see Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.3 (9th Cir. 1986), when federal constitutional issues are at stake, *see Branson v. Nott*, 62 F.3d 287, 291 (9th Cir.), *cert. denied*, 516 U.S. 1009 (1995); *Mullins v. Oregon*, 57 F.3d 789, 792 (9th Cir. 1995), and when the federal review would be of state court review of determinations made by state administrative bodies, *see Feldman*, 460 U.S. at 468, 485-86. This doctrine is referred to as the *Rooker-Feldman* doctrine.

In addition, the Court notes that most of the defendants named in plaintiff's complaint are judges and court clerks, who are absolutely immune from civil liability for damages for acts performed in their judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988) (explaining that

3

1  absolute judicial immunity extends to court clerks and law clerks in the performance of discretionary
2  acts of a judicial nature).

3        Because plaintiff is seeking judicial review of a state court determination, his complaint is
4  DISMISSED. Although the Court might normally grant leave to amend the complaint, the Court does
5  not believe leave to amend is appropriate in these circumstances. First, although plaintiff is representing
6  himself, it appears that he has received a legal education at New York University and was briefly a
7  member of the California bar before going on inactive status (State Bar No. 166112). Second, as
8  discussed above, this is at least the third complaint plaintiff has filed in federal court related to his state
9  court litigation. Each complaint contains similarly incomprehensible allegations, and plaintiff's attempts
10 at amendment have never been successful in the past. The Court cannot envision any alterations that
11 plaintiff could make to his complaint in order to state a valid claim. Therefore, plaintiff's complaint is
12 DISMISSED WITHOUT LEAVE TO AMEND and plaintiff's request to proceed IFP is GRANTED.
13 Because plaintiff's complaint is dismissed, his request to postpone the case deadlines is DENIED AS
14 MOOT [Docket No. 7].

16   **IT IS SO ORDERED.**

18 Dated: December 19, 2007

SUSAN ILLSTON
United States District Judge

4

FILED

JAN 29 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HUNG HA,

    Plaintiff,

  v.

KENNETH MARK BURR, et al.,

    Defendants.

              /

No. C 07-04699 SI

**ORDER DENYING MOTION TO SET ASIDE ORDER OF DISMISSAL**

Now before the Court is plaintiff's motion to set aside the Court's December 19, 2007 Order dismissing plaintiff's complaint. For the reasons stated in that prior order, plaintiff's complaint fails to state a claim upon which relief can be granted and is frivolous. The dismissal of plaintiff's complaint was therefore proper, and the Court DENIES plaintiff's motion to set aside its order of dismissal [Docket No. 12]. In addition, plaintiff argues that the Court did not dispose of the entire action. Plaintiff is incorrect; the Court's prior order dismissed his complaint in its entirety, including any claims for equitable relief, and the case is now closed. No further motions for reconsideration will be considered.

**IT IS SO ORDERED.**

Dated: January 29, 2008

SUSAN ILLSTON
United States District Judge

ATTAchment # 3