Hung Ha
P. O. box 367
Berkeley, CA 94701-0367
USA
E-mail address: seasprout9@yahoo.com
Date: June 6, 2008

FILED
08 JUN -6 PM 1:57
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT

IN AND FOR THE DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| HUNG HA, et al,<br>　　Plaintiffs/Petitioners | C 07-04699 SI |
| vs. | APPLICATION FOR ORDER TO PROCEED AT PLAINTIFF'S OWN EXPENSES |
| KENNETH MARK BURR, et al,<br>　　Defendants/respondents | |
| SUPERIOR COURT OF CALIFORNIA<br>U.S. DEPARTMENT OF EDUCATION<br>BANK OF AMERICA<br>U.S. DEPARTMENT OF JUSTICE.<br>　　Respondents | |

Case no.: C07-04699

Notice

Since process/complaint has not yet been allowed to be served on defendants and respondents, notice of this motion is not required.

Motion/application

Plaintiff, Hung Ha, respectfully apply for order directing Clerk of Court to accept my filing fee, and allow me 30 days from date of order to make the payment of filing fee.

Authorization

This motion is authorized under FRCP 60(b), part (1).

Materials based on

This motion is based on this application, an attached motion paper incorporated into this present motion by reference, and the case file.

Respectfully submitted  *Hung Ha*

p i of ii
MOTION FOR ORDER TO PROCEED AT MY EXPENSES

DISCUSSION

Statement of facts

On Dec. 19, 2007, the Honorable Susan Illston's order of dismissal (but granting application to proceed as pauper) was filed.

On Feb. 26, 2008, I filed my notice of appeal. June 19, 2008 is the due date of my opening Brief.

I respectfully submits this motion on June 6, 2008 for order allowing me to proceed at my own expenses.

argument

Assuming that I may apply to the court for order to proceed at my own expenses rather than at governmental expenses, the order filed on Dec. 19, 2007 granting application but dismissing complaint with prejudice may be modified to allow me to proceed at my own expenses.

Assuming that the Court of Appcal will remand the appeal for trial court to rule upon this motion before appeal will be resumed in event that trial court denies the motion, the issue is whether the trial court should let me proceed at my own expenses (and allow me 30 days in which to pay the filing fee required of my complaint).

I think that yes, the trial court should modify the order of granting application and dismissing complaint under applicable portion of FRCP 60(b).

In support of this motion, let me incorporate my motion paper submitted in Ha v. McGuiness et al, in attachment that follows this part.

In addition, I add that my "excusable neglect" has been that in handling my California state court cases in the past years, I did not have enough time to get day labor works, so that I lacked the money to pay filing fee on or about Sept. 12 2007. I could earn enough money to pay my court fees. Please see declaration.       Respectfully submitted by Hung Ha on 6/6/08

*Hung Ha* (signature)

DECLARATION IN SUPPORT OF MOTION

I, the undersigned, state and declare as below.

In the past several years since July 2003, I have been earning my cash income as a day laborer, getting work in an informal labor market.

There, I am able to earn enough for myself. And I am able to earn enough to pay the filing fees of my two federal court cases filed in 2007, provided that I have enough time to find work.

In the past several years before, including, and following 2003, I have been handling a number of cases in the state courts of California, and as a result, I was unable to spend enough time on looking for work in the above mentioned labor market. That explained why I lacked savings to pay my filing fees when I submitted two complaints to the federal court for the Northern District of California in 2007.

If the courts would slow down the pace of litigation so that I would have more time to earn income by doing day labor in the above mentioned labor market, I expect to be able to earn enough to pay my filing fees and other court fees of my two cases commenced in 2007.

In May 2008, I earned about $500 by above mentioned labor.

UNDER PENALTY OF PERJURY, I declare that the foregoing is true and correct, on this June 6, 2008, in Berkeley, California.

Hung Ha
Plaintiff in Pro Per

Hung Ha
P. O. box 367
Berkeley, CA 94701-0367
E-mail address: jamesha@planet-save.com
Plaintiff/Petitioner in Pro Per
Date: March 7, 2008; Friday

ORIGINAL
FILED

MAR - 7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF NORTHERN CALIFORNIA

HUNG HA
    Plaintiff/Petitioner

vs.

WILLIAM E. MCGUINESS, DIANA HERBERT, STATE OF CALIFORNIA, et al,
    Defendants/respondents

Case No.: C07-03777   SBA

EX PARTE MOTION FOR ORDER SETTING ASIDE ORDER DISMISSING COMPLAINT WITH PREJUDICE, AND PERMITTING PLAINTIFF TO PROCEED ON PAID COMPLAINT; MEMO OF POINTS AND AUTHORITIES AND DECLARATION (pp.5-6) IN SUPPORT THEREOF

Motion

Plaintiff respectfully apply/move the court for an order setting aside order issued on Feb. 26, 2008 dismissing complaint with prejudice, and permitting Plaintiff to proceed on a paid complaint. Plaintiff, I, want to prosecute this case on my own expenses, rather than on the federal government's expenses.

Notice

Since defendants and/or respondents have not been served with process, notice normally required by due process is not required.

Authorization of motion

This motion is authorized by FRCP, rule 60, subpart (1 and (6).

This motion is based on this motion and memo of points and authorities in support thereof, a proposed payment (if Clerk would accept it, which is to be made by either check or credit card or other methods), and other documents which have been in the file of the case.

_Hung Ha_ (signature)

ATTACHMENT 6/6/08

Ha v. McGuiness, et al, C07-037777 SBA

1         MEMORANDUM OF POINTS AND AUTHORITIES

2 Statement of facts

3     My occupation is that of a day laborer. On Sept. 12, 2007,
4 I submitted a fee waiver application and a proposed complaint for
5 filing.

6     On Oct. 19, 2007, I submitted to court a request to slow down
7 pace of litigation.

8     On Oct. 24, 2007, an order was filed, and mailed to me
9 on that Oct. 24. Order denying IFP application, with leave to amend
10 complaint, in 30 days.

11     In October, there are 31 days, rather than 30 days.

12     On Nov. 13, 2007, I submitted wirtten request to court
13 for order to extend by two weeks, or more as further as Jan. 31,
14 2008. My said application also incidates my understanding that the
15 30 day period of order commenced running on not earlier than
16 Oct. 25. up to Nov. 23, 2007.

17     In the declaration contained hereinafter, I called the
18 Clerk of the Judge on Oct. 19, Monday, 2007, to inquire about the
19 due date of my amended complaint; I was waiting for order on my
20 application for extension up to Oct. 20 [21], Tuesday; I came to the
21 court on Friday Oct. 23, 2007 to file a document.
22     Nov. 22 to 25, 2007 was Thanksgiving holidays, which courts observed.
    On Nov. 26, Monday, 2007, I submitted my amended complaint,
23 and it obviously appeared to be much incomplete.

24     On Feb. 26, 2008, an order was filed; it denies my second IFP
25 application, and it dismissed my complaint with prejudice. There was
26 no prior notice of hearing on court's motion to dismiss with prejudice.

27     I respectfully file this motion ex parte, for order to pay
28 filing fee of my complaint, setting aside dismissal.

p.1

Ha v. McGuiness, et al, C07-037777 SBA

1  Introduction

2       The question of this discussion is whether I, Plaintiff, should
3  be allow to proceed in prosecuting this action on my own expenses, where
4  I will be responsible fully for all the court fees and/or costs which
5  the court charges every litigant.

6       To answer that question above, I believe that yes, where I
7  pay to the court all the fees and costs which the court charges, I
8  should be allowed to pay the filing fee of the complaint.

9

10      The principles of due process su-gests that similarly
11 situated litigants usually would be treated alike by the court where
12 they are parties to an action.

13      Plaintiffs who petition the federal government for a
14 redress of grievances in good faith should be allowed to pay for their
15 complaint and other court costs. (See, in comparison, CCP s.128.7[b[
16 about goof faith requirement of state courts.)

17      Under subpart (1) and ¶6), it can be appropriate that
18 leave to pay filing fee required of a complaint be granted, so that
19 my complaint of the above titled action will get started.

20     a.  It has been due to my mistake, surprise, inadvertence,
               and excusable neglect that I have not paid the filing fee
21             of my compliant.

22      I should have decided before order at issue was rendered,
23 that I ought to assume the financial burden of litigating in court,
24 but I had not done so because of my mistake, my inadvertence, my
25 surprise, and my excusable neglect.

26      excusable neglect

27      In the past several years, I have been using my time in
28 meeting deadlines of my cases, so I have not earned enough money, and

Ha v. McGuiness, et al, C07-037777 SBA

1  in the recent months I used my time in meeting deadlines and/or
2  catching up with deadlines of my cases. For example, I used the last
3  weekend to prepare and write my papers which I submitted to state
4  court last Monday, March 3, instead of using that time to earn money.; I
5  usually use weekends to earn an income.
6      Thus, I have neglected the impartant part of my life of earn-
7  ing money.
8      It is excusable because I needed to use my time to meet
9  the requirements of the law.
10     In the future, fron now on, provided that the federal court
11 will slow down the litigation process for me to use weekends for
12 earning a cash income, I will use at least the weekends of the month
13 to earn money, so that I would have money to pay for my court fees
14 and costs.
15
16     surprise
17     I have failed to make great efforts to raise funds as a result
18 of a prolonged misunderstanding of reality, such that when I need money
19 to finance my federal court litigation, I am financially unprepared,
20 or I am unprepared to be financially prepared.
21     I am surprised to find out that to proceed in forma pauperis is
22 not a right but, at best, a priviledge. In state superior court,
23 court of appeal, and supreme court of California, to proceed in
24 former pauperis is guaranteed by Gov. Code and Rulres of Court, except
25 that there is a twist, which is the fexatious litigant statutory
26 scheme, which obliquely curtails the legislative intent and scope of
27 the aofresaid laws.
28     Moreover, I have not expected that the federal government would

p. 3

Ha v. McGuiness, et al, C07-037777 SBA

1  withdraw its generosity when it comes to waiver of court fees.
2  Federal government spends annually lots of money on welfare: food stamps,
3  SSI, social security, disabilitiy benefits, medical aids, housing
4  subsidies; federal government is source of grants to many
5  organizations, local governments, businesses. Not to mention its
6  military spending. Not to mention the money spent on waging wars
7  everywehre around the world, with or without good excuses. I am surprised
8  to find out that when its citizens, whom the fed. has a duty to
9  protect from abusive officials misusing power of their public
10 offices, come to its courts for redress of grievances, the fed. is
11 so reluctant to be generous, even though waht we are talking about
12 is violation of civil rights under federal laws. People similarly
13 situated as I am are not prisoners within the purview of sec.1915,
14 and our civil right action is beneficial to the government and
15 the community, such that I am surprised to find federal courts
16 reluctant to be generous.
17      To be realistic, thus, I have no choice other than to be
18 prepared to be financially prepared.
19      As long as I could have the weekends of the month set aside for
20 earning money, then I could be capable of paying all my federal court costs.
21
22      b. I will pay for the right to proceed within purview of
         subpart 6 of rule 60.
23
24      Of course, if the federal government finance private actions,
25 a dreadful possibility might materialize: millions of citizens would
26 be filing civil right lawsuits on federal government's expenses;
27 I exclude prisoners' lawsuits from that pool of plaintiffs. Although
28 I was charged with crimes and "conv icted" in People v. Ha, 166802 (Alameda)
   the truthof the matter is that I have never been genuinely prosecuted

p. 4

Ha v. McGuiness, et al, C07-037777 SBA

1   and convicted, so I am not in the category of prisoners suing
2   state officials in related matters. And I am not in a jail or
3   prison when I am filing my federal lawsuits. Returning to the main
4   point, I don't think that the federal government should bear the
5   costs of its law-abiding citizens' lawsuits, given the fact that
6   this is a big country with a large population.
7      Moreover, one (a private citizen) should pay for the costs of
8   operating the federal court system. It is expensive to run
9   the court system. Judges and their supporting staff need to be
10  paid and, in retirement, be assured of comfortable financial
11  security. Plaintiffs ought not overburden the federal court
12  system and, therefore, ought to pay.
13     The federal court does not charge a lot of money for a
14  plaintiff to proceed.
15     Justice can be had at affordable price, without over-straining
16  the financial system of federal court.
17
18     In my case, the benefits of getting justice done are tremeondous.
19     Thus, the filing fee of my complaint must not become an
20  insurmountalbe barrier to justice which my complaint seeks.
21     For this reason, this ex parte motion can be appropriately
22  granted (setting aside dismissal with prejudice, allowing me to
23  pay my filing fee).
24     c. An additional consideration is that my amended complaint
        was not untimely, and even if it was late, it was
25      excusable.
    Declaration
26     Nov. 22 to 25, 2007 was Thanksgiving weekend, in connection
27  with which was the due date for amended complaint. Several facts
28  should be mentioned to the attention of the court. First, the Order

Ha v. McGuiness, et al, C07-037777 SBA

1  granting leave to amend was filed on Oct. 24 and mailed on that
2  date to me by regular first class mail, although it was apparently
3  dated Oct. 22,2007.  Secondly, Ithere is a rule somewhere that allows
4  three days' extension where a document is mailed.  Thirdly, on Nov. 19,
5  Monday, I called the Judge's chamber clerk, Ms. Clark to inquire about
6  the time requirement of submitting amended complaint.  She asked me
7  what the date of the order was.  I said I did not remember but I remembered
8  that the Order was filed on Oct. 24, and it was mailed on that date
9  Oct. 24 to me in Berkeley.  I said to her that perhpas the order would
10 not be effective till filed.  And I asked her if there is a rule
11 extending time to respond by a number of days.  Ms. Clark did not anser
12 all of my questions, and sais "file on following Monday".  I was not
13 able to speak to her further.

14     Thirdly, on Nov. 13, 2007, I filed an ex parte application for
15 order extending time in which to submit amended complaint; by Nov. 21,Tuesday, [20]
16 I was looking for an order on that application, but did not see it in
17 my p. o. box.

18     Fourthly, on Nov. 23, Friday, 2007, on which post office was
19 open for regular business, I arrived at the federal building at about
20 4:45 p.m.  I spoke to a security officers outside the doors/entrance
21 of the courthouse.  He said to me: "Everyting is cloased".  I asked
22 him if the Clerk's Office was closed, and he said that it was closed.
23 I came to the court on that occassion with a document to file, but since
24 the Clerk was on holiday, the document could not be filed (although
25 it might be dropped in the drop box, which was probably locked
26 for that day).

27     I declare under penalty of perjury that the foregoing (p.5:L.26
28 to this page:L.26 is true within my direct knowledge, on this March 7, Berkeley.

p. 6

Ha v. McGuiness, et al, C07-037777 SBA

1   Having said that, above, I need to mention that my amended
2   complaint as submitted on Nov. 26, 2007, Monday, was much incomplete.
3   There is a lot of blans in that amended complaint; there are numerous
4   errors too.
5   I drafted the amended complaint in such a way as to aprise
6   as fully as I possibly under the circumstances the defendnats/respondents
7   and the court of the issues of facts and issues of law which we would
8   face in the case. That is why the amendec complaint is relatively
9   lengthy, although a complaint under notice pleading system should
10  be short. (In each claim, I do have one relatively short, and
11  concise statement, in ordinary language, aprising defendants/
12  respondents and the court of the issues for that claim.)
13  As to legal authorities, I have come across a California case
14  long ago (two years or so ago) in wich the plaintiff submitted his
15  amended complaint one day late. Just one day. The court of appeal remarked
16  that submitting amended complaint one day late was a mere irreguularity.
17  I was trying to meet the requirements of the court, making
18  good efforts. Sometimes, requirements of the court are either
19  conflicting among themselves, or are difficult to be reconciled. I
20  understand that judges and their staff are working hard for litigants,
21  so I am grateful to them.
22
23  conclusion
24  The court can appropriately direct the Clerk to accept my paymnet of the
25  filing fee, and file my amended complaint.
26
27  Respectfully submitted on March 7, 2008
28  Hung Ha, plaintiff in pro per

p. 7