Hung Ha
P. O. box 367
Berkeley, CA 94701-0367
USA
E-mail address:
Date:  July 7, 2008

Original

FILED

08 JUL -7 AM 10: 50

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT

IN AND FOR THE DISTRICT OF NORTHERN  CALIFORNIA

---

| | |
|---|---|
| HUNG HA, et al,<br>     Plaintiffs/Petitioners<br><br>vs.<br><br>KENNETH MARK BURR, et al,<br>     Defendants/respondents<br><br>―――――――――――<br>SUPERIOR COURT OF CALIFORNIA<br>U.S. DEPARTMENT OF EDUCATION<br>BANK OF AMERICA<br>U.S. DEPARTMENT OF JUSTICE.<br>     Respondents | Case no: C07-04699 SI<br><br>MOTION FOR ORDER SETTING ASIDE<br>ORDER DENYING PLAINTIFF'S MOTION<br>TO PROCEED AT OWN EXPENSES<br>IF IT IS VOID AND, IN THE ALTERNATIVE,<br>IF IT IS MERELY VOIDABLE, MODIFY<br>IT; MEMO OF POINTS AND AUTHORITIES<br>IN SUPPORT THEREOF; SEPARATE<br>VOLUME OF EXHIBITS IN SUPPORT<br>THEREOF (NOTICE NOT REQUIRED);<br>REQUEST FOR JUDICIAL NOTICE (p.3)<br>FRCP 60(b), subpart 4 and 6 |

I, plaintiff in pro per, respectfully move the Court for order

setting aside order issued on/about June 26, 2008 denying (with

prejudice) my motion for order to pay filing fee and proceed at my

own expenses, if said order at issue is void and/or, if it is not void

and if it is merely voidable in the worst scenario, I respectfully

move the Court to set it aside and stay the motion to proceed

on plaintiff's own expenses till further order of Court of Appeal for

the Ninth Circuit to which I have appealed this action, and I

respectfully request that Court--if it must deny the said motion to

proceed at own expenses--deny it without prejudice and permit it

be re-presented at a later date.

   This motion is authorized under FRCP 60(b), subpart 4 if it is applicable,

and in the alternative, subpart 6.

   As notice to defendants or respondents (not served) is not required,

1    this motion is based on the attached memo of points and authroities,

2    the volume of exhibits submitted previously on Feb. 19, 2008 (docket # 15)

3    and the replacement volume of the same exhibits now being submitted

4    to Court, my complaint submitted on Sept. 12,2007, and other materials

5    in case file, plus what may be judicially noticed (e.g., my

6    First Amended Complaint submitted/filed on Nov. 26, 2007 in

7    related case, Ha v. McGuiness et al, 07-03777 SA).

8       This motion is made on the following grounds:

9    PART I

10      issue I  p.4

11   PART II
        issue II  p 6
        issue III  7-8
12      issue IV  9
        issue V  10
13      issue VI  11

14   PART III
        issue VII  12
15

16   respectfully submitted

17   *Hung Ha* (signature)

18   Hung Ha
     Plaintiff in pro per

19

20

21

22

23

24

25

26

27

28

1   Table of Content

2   statement of facts  pp 1 - 3
        declaration 3:22-25

3
    Discussion  pp 4 0 13        PART I
4      issue I  p 4
            a.  4:20-26
5           b.  4:27
            c.  5:1
6               Hill 193 F.3d 33 (1st Cir. 1999)
            d.  5: 8
7               Dick 359 US 437 ('59)
                                PART II
8      issue II  p 6
                Stein 127 F.3d 1187 (9th cir. 97)
9
       issue III p 7 - 8
10        Exxon      544 US 280 (2005)
             Lance   546 US 459 (2006)
11
    issue IV  p 9
12          Eldridge  832 F2d 113 (9th cir 87)
            Balistreri  901 f.2d 696 (9th cir 88)
13          King  614 F2d 565
            Gamet  91 CA4th 1276 (2001)
14          Lassiter  452 US 18 (81)
            Kaugasian  359 F.3d 1136 (9th cir 2004)
15     issue V  p 10
            Fraklin 745 F2d 1221 (9th cir 84)
16
    issue VI  p 11
17         Bill 461 US 731 (83)
           California 84 C4th 327 (99)
18
           Thompson  309 F.Supp. 1178 (DC Minn. 79)
19         Rochin  342 US 165 (52)
           Meredith 523 F2d 481 (9th cir 75)
20         Archie  847 f.2d 1211 (7th Cir 88) (Judge Posner's concurring)
    PART III                PART III
21     issue VII  p 12
            Weller 314 F2d 598 (9th cir 63)
22
    Conclusion  p 13
23

24

25

26

27

28

iii

Statement of facts

1

2      On March 4, 2001, Sunday, two men controlled my physical

3   movement and wildly attacked me between 6:45 p.m. and  7:00 p.m.

4   on the second floor of Dinwelle Hall on Berkeley Campus of the University

5   of California.   I made a citizen's arrest of them for violent felony ⑨

6   at about 7:00 p.m.  However, these two men and their fellow police

7   officers of UCPD took me to Berkeley Jail, and caused criminal charges

8   filed with the court on/about March 6, 2001, in People v. Ha

9   166802 (Alameda 2001).   I represented myself since June 6, 2001, and

10   left my jog on July 9 2001 to deal with that case.

11      On Dec. 4, 2001, whhile I was preparing for the beginning

12   of the trial set to begin on/about Dec. 10, to which police officers

13   of UCPD were subpoenaed to testify as defense witness, a group

14   of its officers approached me in day time on Berkeley campus, and

15   took me to jail, where I was being kept while the trial took place

16   pretty much as scheduled.

17      At trial only two "witnesses" appeared to testify against me,
                                (who had attacked and kidnapped me)
18   and they were those two men mentioned above; there were two
                                        ⑤
19   other witnesses for prosecution, for the purpose of impeaching my

20   trstuworhtiness.  One of them disappeared before he would be called to

21   testify.  Although the other did testify, he testified as to Dec. 4,

22   2001 event, mentioned above.

23      I testified at trial, and I told my story in narrative as to what

24   happened between those two men and me between 6:45 to 7:00 p.m.
                         ⟨ had smashed and hit me ⟩
25      Those two men who testified, but they did so in disjointed

26   answers to disjoined questions.

27   "Prosecut or"at that trial  tried to prevent or stop me from
                                            ⟍he ⟍        ⟍he⟍
28   testifying, from testifying in narrative, made an incorent closing

1  argument; he at last (in trial) commanded "jurors" to convict me on

2  all charges. The "jurors" did exactly what he told them to do.

3      My post-conviction motions were blocked by said "Prosecutor" and trial

4  "judge."

5      I timely filed notice of appeal on Jan. 8, 2001, and it was on

6  Sept. 7, 2006 when record on appeal was sent to me, with a

7  "briefing schedule" indicating due dates of briefs and hearing date of

8  appeal of said misdmeanor conviction. Meanwhile . . .

9      Meanwhile, I filed a number of civil suits after I was released from

10  jail on Jan. 9, 2001.  I filed those cases in Alameda Superior Court

11  at Rene C. Davidson Courthouse, trial court with unlimited "jurisdiction".

12      As of Sept. 7, 2006, every one of those cases had been "dismissed",

13  and never was I given a trial -- except an unrelated case, which

14  ended with a judgment for me, the plaintiff.

15      As of Sept. 7, 2006, all of my cases which are related to the

16  above mentioned event were "dismissed". Court records of those cases

17  show that my adversaries in those contests were the judges themselves,

18  including appellate judges or justices of California state courts.

19      My appeal in People v. Ha  was also "dismissed", by Judge Burr, on

20  or about Nov. 17/20, 2006 on ground that I did not submit my Opening

21  Brief which was, however, on file (or submitted) on Nov. 2, 2006. My

22  post "dismissal" motions were "denied" or, in truth, ignored.

23      I turned to federal court, and I do so for justice, for truth,

24  for assistance to get out of a "snake pit". This action was filed on

25  Sept. 12, 2007; Ha v. McGuiness et al was filed , earlier, on

26  July 23, 2007 (amended complaint was filed on 11/26, in 30 days of 10/24/07) and was assigned to Judge Armstrong. I applied for

27  leave to proceed in forma pauperis, in both said federal court cases.

28      On 11/16/07, I submitted written request that court gave me time

2

1   to revise my complaint (docket #7).

2   On Dec. 19, 2007, Judge SI ordered that my application to proceed

3   in forma pauperis be granted, but that my case be dismissed for

4   lack of subject matter jurisdiction in compliance with Supreme Court's

5   mandate which was known as Rooker-Feldman Doctrine.

6   On Dec. 31, 2007, I submitted a motion under rule 60, and a request

7   to adjudicate the rest of the action.

8   On 1/29/08, Judge SI denied said motion.

9   On 2/19/08, I submitted application for leave to move for

10  reconsideration of previously denied motion of FRCP 60(b). And

11  this motion has not be ruled upon as of this time. (There was a

12  separate volume of exhibits in support of the motion for reconsideration.) Docket #
                                                                        #15
                                                                        ⊕
13  On 2/26/08, I filed notice of appeal.

14  On June 6, 2008, I submitted motion to proceed at my own expenses.

15  On June 26, 2008, Judge SI issued an order denying said motion to

16  pay filing fee of my complaint.

17  On this July 7, I respectfully submit this motion, and a separate

18  volume of exhibits, which is a reproduction of the previously

19  submitted volume, with changes that I consider improvement or removal

20  of deficiencies.

21  DECLARATION

22  Under penalty of perjury, I declare that the foregoing statements
    of facts are true and correct, within my personal knowledge, on this
23  July 7, 2008, in Berkeley, California.

24  *Hung Ha* (signature)
    Hung Ha
25  P. O. box 367, Berkeley, CA 94701-0367

26  REQUEST FOR JUDICIAL NOTICE
    On Nov. 26, Monday, 2008, my amended complaint was filed in
27  Ha v. McGuiness, et al, 07-03777 SA, within 30 days of Oct. 24,
    on which order granting leave to amend in 30 days was filed.
28  Reasons  (1) These two cases are closely related, as   ⊕ two
    different tips seen of the same underwater bulk of Iceberg; the surface
    tips are different, but there is only the same iceberg.  (2) neither case
    could be called "frivolous".
                        3
                        p.3                          *Hung Ha* (signature)

PART I

I.  IF ORDER DENYING MY MOTION TO PROCEED AT MY OWN EXPENSES
    OPERATES AS FINAL JUDGMENT, IT IS VOID ON GROUND THAT PLAINTIFF
    PROBABLY IS ENTITLED STATUTORILY TO CHANGE FROM IN FORMA
    PAUPERIS STATUS TO OWN-EXPENSE STATUS, UNDER FRCP 15(a)

Issue:  the issue is whether, if Order denying my motion to
proceed at my own expense instead of public expense, it is void
as the final judgment in the case, if it operates as final judgment
(on ground that prior order of dismissal is void).

Answer:  I think so, that if dismissal of complaint is void such
that the order at issue (denying moiton) operates as a final judgment,
said order is void under rule 15(a) analysis, or some other statutes
of the U.S.

Rule:    FRCP 15(a) guarantee a plaintiff the right to amend
his complaint once without leave of court, under certain conditions
(e.g., before complaint is served).

It follows that a poor/indigent plaintiff is statutorily entitled
to pay filing fee in order to avail to himself such a right.   In
other words, there is no room for judicial discretion to deny such a
motion, which is entitled to be granted as a matter of law.

Therefore, Order at issue is void, as a final judgment. Below, I
will discuss a few issues or points.

    a.   This motion is timely, per FRCP 59(e).

If Order at issue operates as a final judgment, 10-day rule applies.
FRCP 59(e) ("alter or amend a judgment").

Order was filed on June 26, 2008, and this motion is made on July 7,
2008, Monday; July 4 being court holiday.

Therefore, operating as a final judgment, order at issue may be
amended or modified on this timely submitted motion.

    b.   This motion is timely under FRCP 60(b), subpart (4).
Motion to vacate a void judgment may be made at any time. Thus, timely.

1            c.    Order at issue operates as a final judgment.

2      Assuming that piro r order of dismissal is void, said order at

3  issue operates as a final judgment, because it in effects blocks

4  plaintiff's access to trial court.  See, e.g., Hill, 193 F.3d 33

5  (1st Cir. 1999).

6           Therefore, order at issue may be vacated, amended or modified

7  as a final judgment.

8            d.      To deny access to court is a vatal jurisdictional defect
                     in order at issue, under the rule of two bites at apple.
9
      The U.S. Supreme Court has laid down the urle that a plaintiff is
10
   entitled to two chances, such that review by U.S. Supreme Court is not
11
   a third bite at the apple.  See, e.g., Dick, 359 US 437, 448 (59).
12
      This case is binding precedent as to issue presented at this point.
13
      Order denying my motion to proceed at my own expenses refuses
14
   to let me have the first bite at the apple.
15
      Therefore, Order at issue is void because of a fatal jurisdictional
16
   defect, under doctrine of stare  desis.
17
      Therefore, Order at issue may be set aside.
18

19

20

21

22

23

24

25

26

27

28

1

PART II

II. ORDER AT ISSUE IS (PROBABLY) VOID ON GROUND THAT I AM STATUTORILY
ENTITLED TO MAKE THE MOTION AND THE TRIAL COURT IS WITHOUT
JURISDICTION TO DISPOSE THE MOTION ON THE MERITS WHILE APPEAL IS
PENDING.

2

3

4    Issue is whether Order denying my motion to pay filing fee is void,
given Judge SI's correct conclusion that the case is being appealed
5
such that her court is divested of jurisdiction to rule on matters
6
embraced in the appeal.
7
     I think that trial court is without jurisdiction to deny my motion
8
to pay filing fee (to proceed on my own expenses) while appeal is pending,
9
and I further think that the trial court may defer ruling on my motion
10
till jurisdiction is returned from the Court of appeal for the Ninth
11
Circuit.
12
     As Judge points out"plaintiff has appealed the dismissal of his
13
complaint to the Ninth Circuit [Court of Appeals], largely divesting
14
this Court of jurisdiction over his case", citing Stein v. Wood,
15
127 F.3d 1187, 1189 (9th Cir. 1997). Order, Jun 26, 2008, 1:23-24.
16
     In addition, I would point to FRCP 60(b), with emphasis on subpart (1) and
17
(subpart (6). Rule 60, thus, entitles me to move for order to
18
allow me to proceed at my own expenses rather than at public expenses.
19
     Thus, trial court may not refuse to hear the motion. See, e.g.,
20
Gosnell v. Webb, 60 CA2d 1 (1943) ("he did have the right to have
21
his motion weighed to see if it did have merit").
22
          volume of exhibits
23
     The volume of exhibits which I first submitted to Court on Feb. 19, 2008
24
(docket #15) and which I now resubmit in an improved form helps Court
25
see that the motion is based on meritorious causes of action. I am deeply
26
aggrieved by defendants' wrongful acts and omissions, and further aggrieved by
27
by respondents' acts or omissions. I respectfully reject Judge's
28
characterization of my complaint/petition as "frivolous".

6

III.   ORDER AT ISSUE IS (PROBABLY) VOID ON GROUND THAT
       THE UNDERLYING ORDER OF DISMISSAL IS VOID WHICH
       PURPORTEDLY WAS ORDERED IN COMPLIANCE WITH ROOKER-FELDMAND
       DOCTRINE.

   The issue is whether order denying my moiton to pay filing fee is

void it the Rooker-Feldman Doctrine is not applicable to command
dismissal of the case.

   My answer to that question is that Rooker-Feldman doctrine does

not apply in this case to command trial court to dismiss, such that

Order denying my motion to proceed at my expenses  is inevitably

void, notwithstanding pendency of appeal of the case.

   Thus, a critical question is whether Judge properly dismissed action

on ground that under Rooker-Feldman doctrine, trial court had no

subject matter jurisdiction over any claim in this action.  I

will discusss this matter briefly, below.

   Rooker Feldmand Doctrine is not applicable for the following reasons,

in light of Exxon and Lance.

   1.  loser element

   I was/am not the loser in People v. Ha, 166802 (Alameda 2001) ,

4529 (app. dept.), on either trial court level or appellate level,

but was/am the prevailing party.  Please see the volume of exhibits.

       (i)   exhibits show that I won the trial, if it was valid.

       (ii)  There was no trial in People v. Ha, but a pretended one.

       (iii) Aside from those considerations, there was totally no

conviction of me, and the conviction is absolutely null and void on

face of record.

       (iv)  On appeal in People v. Ha, I was winning the appeal, given

the fact that on Nov. 2, 2007, I filed my Opening Brief.

   2.  judicial act

   Judge Burr's acts and omissions complained of in this case are not

judicial, but criminal under California law and criminal under fed. law.

1    3. pending

2    People v. Ha is still pending. It is pending in trial court

3    because there has never been conviction of me, and there has never been

4    a judgment of conviction.

5    On appeal, case is still pending because I had timely submitted

6    my opening brief, on Nov. 2, 2007.

7    4. clerical act

8    Clerk of court failed to perform clerical acts which were

9    required by California Rules of Court.

10   5. rule making, legeslative acts

11   Judge Burr was making rules, which are not his responsibilit-

12   but that of California Legislature and/or California Judicial Council,

13   6. fraud

14   Fraud was practice upon me and the court in People v. Ha, both on

15   trial court level (in trial court proceedings) and appellate level,

16   (appellate proceedings).

17   In sum, Rooker-Feldman doctrine did not apply tocommand trial court

18   to dismiss the case. The dismossal, thus, is void.

19   Predicated upon the order of dismissal, the Order denying my motion to

20   proceed at my own expenses, thus, is necessarily void.

21

22

23

24

25

26

27

28

8

1    IV.    ORDER DENYING MOTION TO PAY FILING FEE IS VOID ON
            GROUND THAT UNDER THE LIBERAL POLICY OF GRANTING
2           LEAVE TO AMEND COMPLAINT, ORDER AT ISSUE IS IN CONFLICT WITH
            BINDING PRECEDENTS.

3       The issue is whether Order denying my motion to proceeding at my own

4    expenses is void in light of the policy of liberally granting leave to

5    amend complaint?

6       Yes.

7       Eldridge, 832  F.2d 113 (9th Cir. 87) is a binding precedent.

8       So is Balistreri, 901 F.2d 696 (9th Cir. 88).

9       A pro se litigant, as distingushed from a litigation law firm,

10   gets freer opportunity to amend his complaint, which is construed

11   liberally.  See, e.g., Elderidge, supra.

12       This  policy is more important in cases where pro se plaintiffs

13   assert civil right claims. King, 814 F.2d 565.

14   Moreover, it has been well established in all jurisdictions that

15   the primary purpose/function of pleadings (Complaints and

16   Answers) is to refine the focus of issues (to be adjudicated in trial).

17

18       It was pointed out, in Gamet v. Blanchand, 91 CA4th 1276, 1283

19   (2001), that "when disposing of cases becomes an end in itself,

20   justice and fairness can easily fall by the way side, , , ."

21       Further, American legal system is required to be

22   "adversarial", on the belief that it facilitates truth finding.

23   See, e.g., Lassiter v. Dept. of Social Services, 452 US 18, 28

24   (80). Appellate review is no substitute for adversarial contest

25   in trial court action. Kaugasian,  359 F.3d 1136, 1144 (9th Cir, 2004).

26   My motion to proceed on my own expenses is to obtain the benefits

27   of aforesaid policy, in connection with FRCP 15(a) and the benefits

28   of judicial wisdom.  Thus, Order at issue is void, blocking acess,

1   V.   ORDER DENYING MY MOTION TO PAY FILING FEE (PROCEED AT MY OWN
2       EXPENSES IS VOID ON GROUND THAT IT STOPS ME FROM ACQUIRING
        PROCEDURAL DUE PROCESS RIGHT OF 5th AMENDMENT.

3   Issue is wheter order denying my motion to proceed at my own

4   expenses is permissible under the 5th Amendment (due process of law).

5   I believe that 5th Amendment would not allow such an order to stand.

6   Whereas 14th Amendment applies to states, 5th Amendment applies

7   to federal government, such as a federal district court.

8   5th Amendment guarantees procedural due process.  My caUses of

9   action and right to access to court are within the meaning of life,

10  liberty, property privileges which the 5th Amendment protects.

11  Although federal courts have held that one who proceed in forma

12  pauperis is not entitled to the benefits of procedural due process

13  (see, e.g., Franklin , 745 F.2d 1221[9th Cir. 84]),any plaintiff

14  may choose to pay the court fees of his case, thereby acquiring

15  due process right,

16  Nowhere does 28 USC s.1915 (which authorizes waiver of court fees)

17  prohibit one who has been granted the priviledge to proceed in forma

18  pauperis from shedding that status by paying his court fees (including

19  the filing fee  of his complaint).  I suupose that said statute

20  impliedly encourages plaintiffs who have been proceeding in forma
                     to
21  pauperis change their status by paying court fees.  The Legislative

22  Intent of sec. 1915 certainly encompasses the thought that pro per

23  litigants in federal district courts pay their own ways wherever possible.
                    the conflicting thoughts that
24  sec.195 encompasses on the one hand, plaintiffs be given access to

25  courts, and on the other hand, be denied access where such access would

26  be a wasteof federal revenues. It is a difficult decision or dilemma.for

27  Congress, but it ceases to be federal government's headache where

28  a plaintiff as as I am wants to pay his     way.
29  The dismissal, not yet final, is immaterial in that regard.

10

1    VI. ORDER DENYING MOTION TO PROCEED AT MY OWN EXPENSES IS VOID UNDER
     FIRST AMENDMENT ANALYSIS IN LIGHT OF WELL ESTABLISHED CASE LAW.

2    The issue here is whether Order denying my motion to proceed at

3    my own expenses is void in violation of first amendment.

4    Yes.  Defendants' conduct chocks the conscience of English speaking peoples.

5    My complaint shows that defendants to this action have been inflicting

6    enormous misfortune upon me, with such collateral consequences that

7    I am als o seeking judicial reliefs by means of the appended actions

8    in equity (e.g., involving U.S. Department of Education, Bank of

9    America.

10   "First Amendment interests involved in private litigation" are

11   "compensation for violated rights and interests, the psychological

12   benefits of vindication, public airing of disputed facts".

13   Bill 461 U.S. 731 (1983) (citations omitted), p. 743, fn.10.

14   State or government has an interest in protecting the health and

15   well-being of its citizens.  Id.

16   In California Teachers Association, 84 C4th 327 (1999), the

17   Supreme Court of California said: "We have emphasized the importance

18   of free access to the courts as an aspect of the First Amendment

19   right of petition". Id., p.339.

20   A plaintiff is entitled to prove his federal claims (and state

21   claims under supplemental jurisdiction), even tough trial court judge

22   thinks it difficult for plaintiff to prevail (to prove with ultimate

23   success).

24   Here, my complaint alleges serious violation of my rights, with

25   serious consequences to me, and a separately submitted volume of

26   exhibits supports my claims or causes of action. (For meaning of these

27   terms, see, e.g., Thompson  309 F.Supp. 1178 (DC Minn. 1979).

28   Defendants' conduct shocks the conscience. Rochin 342 US 165 (52);

29   Meredith  523 F.2d 481 (qth Cir. 75); Archie, 847 F.2d 1211 (7th Cir. 88)(Posner).

1                           PART III

2   VII. ORDER DENYING  MY MOTION TO PAY FILING FEE SHOULD BE VACATED
         ON THE GROUND THAT IT MAKES THE FEDERAL COURT AND ITS JUDGES LOOK
3        VERY BAD IN THE EYES OF THE CONCERNED CITIZENS THROUGHOUT
         CALIFORNIA AND UNITED STATES.
4
    Suppose that it is within trial court judge's discretion to grant
5
    or deny my motion to pay filing fee (where the law requires that
6
    in habeas corpus proceeding indigent defendant must be granted leave
7
    to proceed in forma pauperis, and where Judge SI has granted my
8
    IFP application).
9
        The concept of judicial discretion has been well understood.
10
    However, it has been a widespread phenominon that discretionary
11
    power is abused.  See, e.g., Weller 314 F.2d 598 (9th Cir. 63).
12
        In exercising judicial discretion, trial court judge should consider
13
    as much as it is realistic to do so, all relevant, important legal
14
    principles and all relevant, importatn facts/evidence, in shaping
15
    a course of action among a range of reasonable, permissible actions.
16
    (Authorities omitted).
17
    Here, the volume of exhibits and my complaint show that I have
18
    suffered from violent crimes and cover-up, white-collar crimes on and
19
    since March 4, 2001.
20
        Thus, Judge SI's acts look bad in light of all relevant, important
21
    evidence and legal principles.(I would not engage in a detailed
22
    discussion about that at this time.)
23
        Thus, Order at issue shuld be set aside whether or not it is void.
24

25

26

27

28

1          Conclusion

2      Thus, I probably am entitled to relief from order at issue.

3      Since a litigant is obligated to function as Judge's research attorney,

4   I have the following to add about Judge SI's "criticism" of me, in

5   order to assist the court in coming to informed, wise decisions.

6   first point (Order, 1:21-23)

7      Judge SI said . . .

8      I would like to bring to attention the fact that whereas my

9   motion to set aside dismissal (D#12, filed on Dec. 31/07) was

10  predicated on in forma pauperis status, my present motion to pay filing fee is

11  predicated on paid status. A fundamental premise has changed, or

12  at least about to materialize.  Consequently, it may be appropriate

13  to be considered on the merits, and the central question for the

14  court is whether it is appropriate to allow me to pay filing fees and

15  prosecute the case at my own expense. The Dec 31 2007 motion which

16  was based on in forma pauperis status, cannot impair the validity of

17  a timely made motion to switch status from governmental expenses

18  to one's own expenses.

19  second (Order 1:27 to 2:2)

20     Judge SI said . . .

21     I say the following, respectfully.  Filed on Sept. 12, 2007, my

22  complaint is plainly non-frivolous, and does state (with limited

23  sucess) claims for which, if proved, reliefs may be granted.  In

24  addition, this case should be adjudicated by a traditional adversarial

25  contest, if defendants or respondents care to oppose my actions.

26  Plaintiffs are entitled to air/publish their grievances, and judges

27  are entitled to determine what limit to put on reliefs.  Proper

28  procedural steps are necessary to administration of social justice.

29  See, e.g., Hammett v. McIntyre, 114 CA2d 148, 158 (52) ("paramount").

RESPECTFULLY SUBMITTED
7/7/08   Hung Ha          13