exh 17   p 158 - p 171

1       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA    158

2           IN AND FOR THE COUNTY OF ALAMEDA

3           BEFORE THE HON. JAMES RICHMAN

4

5

6 HUNG HA,

7        PLAINTIFF,

8                   NO. 200274172

9 WINTON MCKIBBEN, THOMAS REARDON,

10 AND THE STATE OF CALIFORNIA,

11        DEFENDANTS,

12

13           REPORTER'S TRANSCRIPT

14         ALAMEDA COUNTY COURTHOUSE

15          OAKLAND, CALIFORNIA

16

17           JANUARY 20, 2005

18

19 FOR PLAINTIFF:    HUNG HA

20                IN PROPRIA PERSONA

21

22 FOR DEFENDANTS WINTON MCKIBEN, THOMAS REARDON, AND THE STATE OF

23 CALIFORNIA:

24                AMY LO, ESQ.

25

26 FOR DEFENDANT JASON COLLOM:

27               ROBERT REITER, ESQ.

28 REPORTED BY:  WILLIAM R. JOHNSTON CSR #2100

159

1   JANUARY 20, 2005

2   NO. 20022074172

3   HA VERSUS STATE OF CALIFORNIA

4   HON. JAMES RICHMAN

5

6                      -- PROCEEDINGS --

7

8           THE COURT:  GOOOD AFTERNOON.  WE WILL CALL CASE

9   NO.  20022074172, HA VERSAL STATE OF CALIFORNIA, ET AL.

10          MR. HA:  HUNG HA.

11          MS. LO:  AMY LO FOR THE DEFENDANTS WINTON

12  MCKIBEN, THOMAS REARDON, AND THE STATE OF CALIFORNIA.

13          MR. REITER:  ROBERT REITER FOR DEFENDANT JASON

14  COLLOM.

15          THE COURT:  THIS MATTER IS ON CALENDAR FOR TWO

16  MATTERS.  ONE TO DECLARE MR. HA A VEXATIOUS LITIGANT AND

17  REQUIRE A BOND.  ALSO A DEMURRER.

18          TENTATIVE RULING WAS TO GRANT THE FIRST MOTION AND TO,

19  IN EFFECT, CONTINUE THE SECOND MOTION.

20          MR. HA, YOU CALLED TO CONTEST THE TENTATIVE ON THE

21  VEXATIOUS LITIGANT.  GO AHEAD.

22          MR. HA:  YOUR HONOR, FIRST LET ME GIVE YOU TWO

23  PAPERS THAT I FILED YESTERDAY AND TODAY.  THEY STATE MY

24  OPPOSITION TO YOUR TENTATIVE RULING.

25          THE COURT:  HAVE YOU PROVIDED THE OTHER SIDE

26  WITH COPIES OF THESE?

27          MR. HA:  I PROVIDED MS. LO WITH THEM, BUT I DID

28  NOT EXPECT ALAMEDA COUNTY TO APPEAR.  I GUESS SHE COULD

```
 1   SHARE.

 2            THE COURT:  OKAY.

 3            MR. HA:  I NEED TO AMEND MY PAPER TO ADD A

 4   CITATION, IF I MAY.  YESTERDAY I FILED PAPER WHICH CITES

 5   GODZERE VERSUS STERLING (PHONETIC).  ANOTHER ONE I WOULD

 6   LIKE TO ADD.  IT IS JOSLIN VERSUS HARRINS (PHONETIC) -- I

 7   CAN'T READ THE NEXT -- IT IS AT 184 EA AT PAGE 369, 1986.

 8   IT HAS TO DO WITH JUDICIAL NOTICE.  IT'S LIKE GODZERE

 9   VERSUS STERLING.  PAGE 4, LINE 11 WHERE I WOULD LIKE TO

10   ADD IT TO.

11            IN ADDITION TO THIS MATTER, I WOULD LIKE TO MENTION ONE

12   THING, YOUR HONOR.  I LIKE TO APOLOGIZE IN ADVANCE IF IT IS

13   INAPPROPRIATE IN ANY ASPECT, BECAUSE I AM FORCED TO DEFEND MY

14   HONOR.

15            I FILED THESE PAPERS -- I FILED MY COMPLAINT, 15 PAGES.

16   I FILED ALL THOSE CASES IN GOOD FAITH.  MY HONOR IS BEING

17   ATTACKED BECAUSE SHE CALLING MY VEXATIOUS LITIGANT.  THEY'RE

18   CALLING ME FRIVOLOUS.  AND WITHOUT ANY PROOF OF THAT, EXCEPT

19   JUDICIAL NOTICE OF THE RECORD.

20            YOUR HONOR HAS TO BE A KEY WITNESS.  I HAVE ONE PAPER

21   FOR YOU THAT'S A CIVIL SUBPOENA.  YOUR HONOR IS A KEY WITNESS.

22   ON YOUR TESTIMONY MY HONOR DEPENDS.

23            IF YOUR TESTIMONY TURN OUT TO BE --

24            THE COURT:  I DON'T KNOW WHAT IT IS YOU'RE

25   HANDING ME.  IT PURPORTS TO BE A CIVIL SUBPOENA FOR ME TO

26   APPEAR HERE TODAY.

27            MR. HA:  YES.

28            THE COURT:  MR. HA, LET'S GET TO THE BASIS OF
```

1    WHAT'S BEFORE US; OKAY?  IT IS A MOTION TO DECLARE YOU A    16

2    VEXATIOUS LITIGANT UNDER THE CODE OF CIVIL PROCEDURE.  THE

3    SHOWING THAT'S REQUIRED, WE KNOW AND YOU KNOW, IS THAT YOU

4    HAVE BEEN INVOLVED ON YOUR OWN BEHALF IN FIVE MATTERS THAT

5    HAVE BEEN FINALLY DETERMINED ADVERSELY TO YOU IN THE LAST

6    SEVEN YEARS, OR YOU HAVE UNJUSTIFIABLY PERMITTED TO BE

7    PENDING FOR MORE THAN TWO YEARS WITHOUT BRINGING TO TRIAL

8    THOSE SAME NUMBER OF CASES.

9         ON THE OTHER SIDE, MOVING PARTY HAS PROVIDED THE COURT

10   WITH THE RECORD EVIDENCE OF SOME 13 CASES.  NOT ALL OF THEM HAVE

11   BEEN DECIDED ADVERSELY TO YOU IN THE SENSE OF BEING FINAL, BUT AT

12   LEAST FIVE OF THOSE, IT APPEARS, HAVE BEEN, IF THE CLAIMED

13   DETERMINATION IS FINAL.  IN ANY EVENT, THE OTHERS HAVE REMAINED

14   PENDING FOR MORE THAN TWO YEARS.  THAT IS THE SHOWING THEY HAVE

15   MADE.

16        TENTATIVE RULING INDICATES THAT THEY HAVE MADE THAT

17   SHOWING.  I DON'T UNDERSTAND THAT THE LAW REQUIRES THAT THERE BE

18   A SHOWING OF FRIVOLOUSNESS.  IT REQUIRES WHAT I HAVE JUST

19   INDICATED.  I DON'T KNOW WHAT I WOULD BE AS A WITNESS TO ANY OF

20   THAT.

21        SO I SUGGEST THAT YOU FOCUS ON THE TENTATIVE RULING.  I

22   HAVE READ ALL OF YOUR OPPOSITION, ORIGINAL OPPOSITION, THE

23   SUPPLEMENTAL DECLARATION, YOUR PAPERS.

24        AS BEST AS I CAN UNDERSTAND THEM, THERE IS A MYRIAD OF

25   ARGUMENTS THERE, BUT THEY BASICALLY DEAL WITH THE QUESTION OF

26   NOTICE.

27        YOU ADMIT THEY GAVE APPROPRIATE NOTICE UNDER 1005 AND

28   1008.  WHAT YOU SAY IS UNDER ONE THEORY OR ANOTHER THAT YOU

162

1   SHOULD GET MORE NOTICE BECAUSE YOU'RE DEALING WITH ALL THE

2   APPEALS AND VARIOUS AND SUNDRY OTHER PROBLEMS WITH THESE OTHER

3   CASES.

4          I DON'T UNDERSTAND THAT THAT POSITION IS WELL-TAKEN.

5   THEY HAVE GIVEN YOU THE NOTICE.  YOU MAKE THESE VARIOUS

6   ACCUSATIONS.  I HAVE READ ALL OF YOUR PAPERS.  YOU GO SO FAR,

7   SIR, AS TO SAY THAT YOU'RE THE PREVAILING PARTY IN THE CRIMINAL

8   CASE IN WHICH YOU WERE CONVICTED.  NOW, THE CRIMINAL CASE DOESN'T

9   HAVE ANYTHING TO DO WITH WHAT WE'RE DOING HERE.

10         MR. HA:  IT HAS TO DO WITH IT.  SHOULD I

11  RESPOND?

12         THE COURT:  YOU'RE GOING TO HAVE TO.  THE

13  TENTATIVE RULING IS AGAINST YOU.  OBVIOUSLY, IT IS SERIOUS

14  BUSINESS TO BE DECLARED A VEXATIOUS LITIGANT.  THE RULES

15  ARE OUT THERE.  THE STATUTES HAVE BEEN UPHELD AGAINST

16  CONSTITUTIONAL CHALLENGES SO FAR.  SO HERE WE ARE.

                    CONSTITUTIONALITY ⊕
17         MR. HA:  THE CONSTITUTION NUMEROSITY OF THE
                                      ‾‾‾‾‾‾‾‾
18  STATUTE REQUIRES SOMETHING ELSE.  I AM NOT A SCHOLAR ON

19  CONSTITUTIONAL LAW.  TO BE ABLE TO SAY ANYTHING WITH

20  CERTAINTY, THAT'S REALLY A SIDE ISSUE.

21         LET DEFINE THESE DISCUSSIONS IN TWO PARTS.  FIRST IS

22  WITH THE NOTICE.  I ACKNOWLEDGE THEY HAVE GIVEN ME ACTUAL NOTICE

23  OF THE HEARING.  I NEVER CONCEDED THAT NOTICE IS SUFFICIENT.

24  THERE IS THE CODE OF CIVIL PROCEDURE.  REQUIRES 20 DAYS MINIMUM

25  NOTICE.

26         CASE LAW HAS MAKE IT CLEAR, CONCEPT OF DUE PROCESS

27  UNDER THE FOURTEENTH AMENDMENT IS NOT INFLEXIBLE RIGID CONFLICT,

28  BUT IT DEPENDS ON THE EFFECTS.

1        SO THE CALIFORNIA CIVIL PROCEDURE SECTION, WHICH STATES

2   21 DAYS CALENDAR YEAR AS NOTICE REQUIREMENT, ONLY STATES A *P163*

3   MINIMUM PERIOD OF TIME NOTICE.  WHEN IT INDICATES THAT THAT

4   LONGER PERIOD IS NECESSARY FOR THE NOTICE TO BE MEANINGFUL AND

5   SUFFICIENT, THEN THE CONSTITUTION ARGUMENT, YOUR HONOR, UNDER THE

6   FOURTEENTH AMENDMENT IS MADE.

7        THE COURT:  LET'S JUST ASSUME THAT YOU'RE RIGHT.

8   I COULD GIVE YOU MORE TIME.  YOU SAY THAT SIX MONTHS,

9   ACCORDING TO YOUR WORDS, "WOULD PROMOTE JUSTICE WITHOUT

10  PREJUDICING THE DEFENSE."  WELL, THEY CAN DEAL WITH

11  WHETHER IT WOULD PREJUDICE THE DEFENSE.

12       IF I WERE TO GIVE YOU SIX MONTHS OR NINETY DAYS OR

13  THREE MORE YEARS, WHAT WOULD YOU SAY IN OPPOSITION TO THE MOTION?

14  THE FACTS ARE THERE.  13 CASES.  YOU HAVE WON NONE OF THEM.  YOU

15  HAVE LOST AT LEAST FIVE.  FOUR OR FIVE OTHERS ARE ON APPEAL,

16  YOU'RE HAVING LOST THEM.  SO WHAT WOULD YOU SAY?

17       MR. HA:  I DISAGREE.  SEVERAL REASONS.  THERE

18  ARE VERY IMPORTANT PRELIMINARY ISSUES THAT HAVE TO BE

19  SAID.  ASIDE FROM THE DUE PROCESS ASPECT ABOUT THE NOTICE,

20       THERE IS AN ISSUE ABOUT THE QUALIFICATION OF YOUR

21  HONOR, JUDGE RICHMAN, QUALIFICATION OF HIS HONOR OF THIS ALAMEDA

22  COURT.

23       AS INDICATED IN THE PAPER WHICH I FILED TODAY AND

24  YESTERDAY, THAT YOUR HONOR AND ALAMEDA COURT ARE NOT QUALIFIED TO

25  HANDLE THIS CASE.  I CITE MY CASES THERE.  I RELY ON THOSE CASE

26  LAW TO SUPPORT MY CONCLUSION THAT YOUR HONOR CAN NOT BE EXPECTED

27  TO BE FAIR AND NEUTRAL IN DEFENDING THIS MATTER.

28       YOUR HONOR AND THIS COURT OF ALAMEDA HAS BEEN

```
 1   RELATIVELY INVOLVED IN THE CONTROVERSY UNDERLYING THIS CASE.  IT

 2   IS REALLY CLEAR TO MY UNDERSTANDING THAT DUE PROCESS PRINCIPLE

 3   UNDER THE FOURTEENTH AMENDMENT TO U.S. CONSTITUTION WOULD BE VERY

 4   SERIOUSLY COMPROMISED IF YOUR HONOR DECIDE ANY MATTER TOUCHING

 5   UPON THE MERITS OF THIS CASE.

 6          THE COURT:  THAT WOULD BE TRUE OF ANY JUDGE IN

 7   ALAMEDA COUNTY, ACCORDING TO YOU.

 8          MR. HA:  WELL, WITH PARTICULAR REFERENCE TO YOUR

 9   HONOR, JUST VERY MUCH TRUE.  SIMILARLY, ALAMEDA COUNTY

10   COURT IS NOT -- THIS IS NOT PLACE FOR MY CASE TO BE HEARD.

11   JUDGES CONSPIRE TOGETHER IN THE CRIMINAL CASE.  THAT'S

12   JUST RIDICULOUS.  THE JUDGES CONSPIRE WITH ONE ANOTHER

13   APPARENTLY.  APPEARS TO ME THAT THEY CONSPIRED --

14          THE COURT:  LET'S LIMIT, MR. HA, LET'S LIMIT

15   OURSELVES TO THE MATTERS AT HAND.  YOU ARE NOT GOING TO

16   HELP YOUR CASE BY TALKING ABOUT JUDGES CONSPIRING WITH ONE

17   ANOTHER AND WITH THE DISTRICT ATTORNEY.  THAT'S NOT GOING

18   TO HELP YOU.  THAT'S THE ISSUE THAT ON DEMURRER THAT'S NOT

19   GOING TO HELP.

20          MR. HA:  I DISAGREE.  I REQUEST YOUR HONOR TO

21   MAKE A RULING ON THAT, ON THE ISSUE OF WHETHER YOUR HONOR

22   IS QUALIFIED TO HEAR THIS CASE.

23          BEYOND THAT QUESTION, I ASK YOUR HONOR TO, AS JUDICIAL

24   OFFICER, TO RULE ON THE ISSUE WHETHER ALAMEDA COURT UNDER THE

25   UNITED STATES CONSTITUTION, FOURTEENTH AMENDMENT, IS QUALIFIED TO

26   HEAR ANY MATTER TOUCHING UPON THE MERITS OF THIS CASE.

27          BEYOND THAT, I FURTHER ASK YOUR HONOR TO RULE ON THE

28   ISSUES AS TO WHETHER THE STATE OF CALIFORNIA COURT, NOT ONLY THIS
```

```
 1   COUNTY COURT, BUT THE STATE COURT OF CALIFORNIA HAS ANY   P 165
 2   QUALIFICATIONS TO HEAR ANY MATTER TOUCHING UPON THE MERITS OF
 3   THIS CASE.

 4            MY POSITION IS THAT IN ORDER TO -- MY POSITION IS THAT,
 5   IN ORDER TO AGREE ON THOSE THREE ISSUES, THAT THE ANSWER IS THAT
 6   NONE OF THIS -- NONE OF THESE JUDGES OR TRIBUNAL IS QUALIFIED TO
 7   TOUCH ANY MATTERS OF MERITS OF THIS CASE.  UNDER THE FOURTEENTH
 8   AMENDMENT TO THE UNITED STATES CONSTITUTION, NOT ONLY THE TRIAL
 9   COURT OF THIS COUNTY HAS BEEN SO BLATANTLY IMPARTIAL IN HANDLING
10   THE MATTERS OF MY CASE.

11            SO DOES THE COURT OF APPEAL.  I EVEN QUESTION INTEGRITY
12   OF THE SUPREME COURT OF CALIFORNIA, BECAUSE I FILED MY APPEAL TO
13   THE SUPREME COURT FOR AN ORDER REVIEWING THEIR COURT OF APPEALS
14   DECISION.  I GET THE RESPONSES THAT RAISE A QUESTION ABOUT THEIR
15   INTEGRITY OF THE JUDGES OF THE SUPREME COURT.

16            I UNDERSTAND SUPREME COURT JUSTICE HAVE INCREDIBLE
17   AMOUNT OF HEAVY LOAD.  I SYMPATHIZE WITH THEM VERY MUCH.  I JUST
18   HAVE A WISH I COULD HELP THEM.  OF COURSE -- THERE ARE FIVE
19   OPINIONS ISSUED BY THE COURT OF APPEALS.  I THINK THEY'RE
20   FRIVOLOUS.  I STATED --

21            THE COURT:  JUST LIMIT YOURSELF TO WHAT IS AT
22   HAND, MR. HA.  YOU HAVE BEEN GOING FOR A LONG TIME.

23            MR. HA:  I REQUEST YOUR HONOR TO MAKE A RULING.

24            THE COURT:  I WILL, SIR.  I HAVE INDICATED BY
25   THE TENTATIVE RULING THAT MY VIEW IS THAT THIS COURT IS
26   THE PROPER COURT TO DECIDE THIS.  I DON'T EVEN UNDERSTAND
27   THAT THAT WAS PART OF YOUR OPPOSITION.  NOW I AM HEARING
28   IT FROM YOU.
```

1    MY POSITION ON THAT IS THAT, AS FAR AS I AM CONCERNED,

2    THIS COURT -- AND ME IN PARTICULAR -- ARE APPROPRIATE TO HEAR

3    THIS.  IF THAT TURNS OUT TO BE A MISTAKE AND THE TENTATIVE RULING

4    BECOMES THE ORDER OF THE COURT AND YOU'RE DECLARED A VEXATIOUS

5    LITIGANT, THAT'S AN ISSUE THAT YOU CAN TAKE UP WITH THE COURT OF

6    A APPEAL, AS TO WHETHER OR NOT THIS IS THE PROPER PLACE.  BUT THE

7    IDEA THAT YOU CAN TAKE THESE POSITIONS AND SUE VARIOUS BENCH

8    OFFICERS AND THE COUNTY AND THIS, THAT AND THE OTHER THING, THEN

9    I GUESS YOU WOULD SAY THAT NOT ONLY NO ONE IN ALAMEDA COUNTY WILL

10   DO, BUT I GUESS CONTRA COSTA AND SAN FRANCISCO COUNTY WOULDN'T

11   DO.  BUT WE'RE NOT GOING THERE.

12   MR. HA, THAT'S MY DETERMINATION ON THAT.  IS THERE

13   ANYTHING MORE YOU WISH TO ADD THAT IS NOT IN YOUR OPPOSITION?

14   MR. HA:  I UNDERSTAND MY OPPOSITION HERE.  WE

15   CAN GO OVER THEM ONE BY ONE.

16   THE COURT:  I AM NOT GOING TO GO OVER THEM ONE

17   BY ONE.  WE HAVE BEEN GOING SOME 20 MINUTES ALREADY.

18   THERE ARE A LOT OF PEOPLE SITTING BEHIND YOU THAT ARE

19   WAITING THEIR TURN.  I HAVE READ ALL OF YOUR PAPERS.  I

20   HAVE LISTENED TO YOUR ARGUMENT.

21   MR. HA:  FACT YOUR HONOR MAY DOES NOT MEAN YOU

22   REALLY PAID CLOSE ATTENTION TO THAT.  I DISAGREE WITH YOUR

23   RULING ON THOSE THREE ISSUES.  I WILL APPEAL THEM

24   APPROPRIATELY.  OR SEEK A WRIT OF MANDATE, WHATEVER, IF I

25   AM ABLE TO.

26   ABOUT THE NOTICE ISSUE, I DON'T THINK THERE IS

27   SUFFICIENT NOTICE.  HIS HONOR APPEARS TO SAY THERE IS SUFFICIENT

28   NOTICE.  IS THAT WHAT YOU ARE SAYING?

```
 1              THE COURT:  YOU CONCEDE THAT THE NOTICE IS
 2   APPROPRIATE.
 3              MR. HA:  I AM SORRY.  IT'S NOT APPROPRIATE.  I
 4   SAY --
 5              THE COURT:  FAIR ENOUGH.
 6              MR. HA:  IT'S NOT SUFFICIENT.  THAT'S ONE THING.
 7   I AM SAYING DUE PROCESS CONSTITUTION REQUIRES UNDER
 8   CERTAIN CIRCUMSTANCES THAT THE NOTICE BE MORE THAN 21
 9   DAYS, TO LET ME HAVE ENOUGH TIME TO RESPOND TO THE ISSUES
10   THEY RAISED IN THEIR TWO POSITIONS.  21 DAYS UNDER THE
11   CIRCUMSTANCES IS NOT ENOUGH FOR ME.  I HAVE FOUR APPELLATE
12   BRIEFS DUE.  I HAVE APPELLATE REVIEW ON THIS 18TH MONTH.
13   I AM ALREADY OVERDUE.  I AM CATCHING UP.  21 DAYS, AS I
14   STATE, IS NOT ENOUGH FOR ME TO RESPOND TO THEIR DEMURRER.
15              THE COURT:  DEMURRER IS NOT BEING HEARD TODAY.
16              MR. HA:  OKAY.  ANYWAY, I DON'T EVEN HAVE TIME
17   TO RESPOND TO THEIR VEXATIOUS LITIGANT MOTION UNTIL THE
18   LAST COUPLE DAYS, WHEN I LEARNED ABOUT THE TENTATIVE
19   RULING.  THESE ARE KIND OF MY REALLY HASTY EFFORT TO
20   RESPOND TO THEIR MOTION TO DECLARE ME VEXATIOUS LITIGANT.
21              IF YOUR HONOR HAS MADE THE RULING THAT THERE IS
22   SUFFICIENT NOTICE, MY POSITION IS THAT IT IS NOT SUFFICIENT.  IT
23   IS DUE PROCESS VIOLATION UNDER 14TH  AMENDMENT.  I WILL APPEAL ON
24   THAT GROUND.
25              THE COURT:  OKAY.  MS. LO.
26              MS. LO:  I WOULD ARGUE THAT WE HAVE MADE
27   SUFFICIENT NOTICE UNDER THE CODE OF CIVIL PROCEDURE.
28   DURING THAT TIME, MR.  HA HAD ENOUGH TIME TO PREPARE A
```

```
 1   NUMBER OF DOCUMENTS, AS YOUR HONOR INDICATED, SETTING

 2   FORTH HIS ARGUMENTS TO THE MOTION FOR VEXATIOUS LITIGANT.

 3        IN ADDITION, THIS HEARING WAS ORIGINALLY SCHEDULED FOR

 4   9:00 A.M.  WE REALLY MADE AN EFFORT TO PROVIDE MR. HA WITH A

 5   HEARING AND FULL ABILITY TO DISCUSS THE ARGUMENTS ON THE MOTION

 6   OF VEXATIOUS LITIGANT.

 7        I WOULD ALSO POINT OUT THAT MR. HA IS A PERSON WHO

 8   FILED THIS LAWSUIT.  HE PICKED THE VENUE.  LAWSUIT HAS BEEN

 9   PENDING FOR OVER TWO YEARS AND NOTHING HAS BEEN DONE TO RAISE THE

10   ARGUMENT THAT HE NOW RAISES, AFTER HE HAD RECEIVED THE COURT'S

11   RULING, THAT SOMEHOW THIS COURT IS BIASED AND UNABLE TO RULE ON

12   THE MOTION.

13        THE COURT:  MR. REITER:

14        MR. REITER:  YES.  I DID NOT BRING THE VEXATIOUS

15   LITIGANT MOTION.  YOUR TENTATIVE RULING STATES THAT,

16   ASSUMING YOU WERE TO ADOPT THE TENTATIVE RULING, THAT IF

17   HE DIDN'T POST A BOND THAT YOU WOULD DISMISS ONLY THE

18   MOVING DEFENDANT.  I THINK UNDER THE LAW IT ACTUALLY

19   SHOULD BE FOR ALL THE DEFENDANTS.

20        THE COURT:  OKAY.  ANYTHING FURTHER, MR. HA?

21        MR. HA:  OF COURSE, THERE IS A LOT OF THINGS.

22   DESPITE THE JUDICIAL NOTICE THAT HAS BEEN MADE OF THE

23        EXISTENCE OF THE RECORD, THERE'S NO SHOWING THAT THERE
                 FINAL (F)
24   IS ANY EFFORTS DETERMINATION.  CASE LAW INDICATES -- OKAY.  I AM

25   CONFUSING TWO ISSUES.  JUDICIAL NOTICE ONLY CONCERNS ABOUT THE

26   EXISTENCE OF THE RECORDS.  IT HAS NOTHING TO DO WITH THE TRUTH OF

27   THE RECORDS.

28        GODZERE IS ONE CASE.  JOSLIN IS THE OTHER CASE.  THOSE
```

1  TWO CASES MAKE ME UNDERSTAND THAT THE JUDICIAL NOTICE THAT YOUR

2  HONOR HAS ORDERED DOES NOT GO BEYOND EXISTENCE OF THE RECORDS. I

3  CONCEDE, EVEN WITHOUT JUDICIAL NOTICE, THAT THOSE RECORDS DO

4  EXIST. YOU DON'T EVEN NEED THAT.

5  AS TO CONTENTS OF THOSE JUDICIAL RECORDS, TRUTH IS

6  CONTAINED IN THOSE JUDICIAL RECORDS IS A REALLY DIFFERENT ISSUE.

7  THOSE TWO CASES INDICATE THAT THE JUDICIAL NOTICE WHICH YOUR

8  HONOR HAS MADE ONLY IS LIMIT TO THE EXISTENCE OF THE RECORDS.

9  THE COURT: OKAY. MR. HA, THEY HAVE PUT BEFORE

10 ME, IN EFFECT, ALL THE COURT PRINTOUTS. LET'S TAKE THEM

11 ONE AT A TIME.

12 HA VS. FRY (PHONETIC). WAS THAT CASE DISMISSED ON

13 AUGUST 20, 2003?

14 MR. HA: IT WAS DISMISSED ON PROCEDURAL GROUND.

15 THE COURT: WAS IT AFFIRMED ON APPEAL?

16 MR. HA: IT WAS AFFIRMED.

17 THE COURT: HA VERSUS ROGONE (PHONETIC). WAS

18 THAT DISMISSED ON JUNE 16 OF 2002?

19 MR. HA: IT WAS DISMISSED ON PROCEDURAL GROUNDS.

20 THE COURT: WAS IT AFFIRMED ON APPEAL?

21 MR. HA: YES.

22 THE COURT: HA VERSUS HEIR (PHONETIC), WAS THAT

23 DISMISSED IN MAY OF 2003?

24 MR. HA: YES.

25 THE COURT: WAS THAT AFFIRMED ON APPEAL?

26 MR. HA: YES, SIR. THAT'S DIFFERENT. HIS HONOR

27 IS GETTING INFORMATION. I WOULD BE HAPPY TO ANSWER YOU.

28 THAT'S SOMETHING ELSE. THAT IS NOT THE ISSUE OF JUDICIAL

1   NOTICE.   THAT'S EVIDENCE WHICH YOUR HONOR HAS GOT ELICITED P(70

2   FROM ME.

3                 THE COURT:   I COULD ASK YOU ABOUT ALL OF THE

4   OTHERS AS WELL.

5                 MR. HA:   ONLY ONE CASE, WHICH WAS DECIDED BY

6   YOU, HA VS. ALAMEDA, WAS ADVERSELY DETERMINED FOR ME.

7   ONLY ONE.   YOUR HONOR IS A WITNESS IN THAT, BECAUSE YOUR

8   HONOR DID NOT ACT PROPERLY IN THAT CASE.

9                 YOUR HONOR, THAT IS WHY I NEED YOUR HONOR TO

10  BE THE WITNESS TO GIVE TESTIMONY TO ANSWER MY QUESTIONS

11  CONCERNING THOSE THINGS.   ALL THE OTHER CASES, THEY WERE

12  DISMISSED PURELY ON PROCEDURAL GROUNDS.

13                IN THAT CASE, YOUR HONOR WERE NOT IMPARTIAL;

14  YOUR HONOR WERE PARTIAL; YOUR HONOR WERE AN ADVOCATE FOR

15  THE RESPONDENT.   I HAVE QUESTIONS FOR YOU, YOUR HONOR.

16  delete   CASE LAW, WHICH I CITE IN HERE --
       false !

17                THE COURT:   MR. HA, I HAVE READ YOUR PAPERS.

18                THE MATTER IS DEEMED SUBMITTED.

19                THE MOTION TO DECLARE MR. HA A VEXATIOUS

20  LITIGANT IS GRANTED.   REQUEST FOR A PRE-FILING ORDER WILL

21  BE GRANTED.

22                PLEASE LEAVE AN ORDER WITH THE COURT, IF YOU

23  WILL.   WE WILL TAKE IT FOR REVIEW AND ISSUE THE

24  APPROPRIATE ORDER.

25                THANK YOU VERY MUCH.

26                        --0O0--

27  REPORTER'S TRANSCRIPT - JANUARY 20, 2005 - PAGE 12 - HA

28  VS. ANDREW ROSS, ET AL. - CASE NUMBER 2002074172

AFFIFAVIT OF COURT REEPORTER    P171

I, WILLIAM R. JOHNSTON, DO HEREBY CERTIFY THAT I
AM AN OFFICIAL SHORTHAND REPORTER OF THE STATE OF
CALIFORNIA, DULY APPOINTED BY THE SUPERIOR COURT OF THE
COUNTY OF ALAMEDA;

THAT I WAS THE OFFICIAL COURT REPORTER ON THE DATE
OF JANUARY 20, 2005, IN THE MATTER OF HA VS. ANDREW ROSS,
JASON COLLOM, MARK RHODEN, ALAMEDA COUNTY, ET AL., CASE
NUMBER 2002074172.

THAT ON THAT DATE, I REPORTED THE MATTER STATED
ABOVE AND, AT THE DIRECTION OF THE CCA, HAVE MADE THE
CORRECTIONS SET FORTH ON A NEW PAGE 12, TO BE DISTRIBUTED
TO THE PARTIES.

DATED 6/20/06

WILLIAM JOHNSTON

exh 18   p 172 – p 175

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*

Hung Ha
P. O. box 367
Berkeley, CA 94701-0367
E-mail: jamesha@planet-save.com

TELEPHONE NO.:                 FAX NO.:
ATTORNEY FOR *(Name):* plaintiff in pro per

NAME OF COURT: SUPERIOR COURT OF THE STATE OF CALIFORNIA
STREET ADDRESS: 1225 Fallon Street.
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

PLAINTIFF/ PETITIONER: Hung Ha

DEFENDANT/ RESPONDENT: Andrew ross, et al

**FO** *3217521*

P172

375

**FILED**
**ALAMEDA COUNTY**

**JAN 2 1 2005**

CLERK OF THE SUPERIOR COURT
By _____
Deputy

| **CIVIL SUBPOENA**<br>**For Personal Appearance at Trial or Hearing** | CASE NUMBER:<br>2002074172 |
| --- | --- |

**THE PEOPLE OF THE STATE OF CALIFORNIA, TO** *(name, address, and telephone number of witness, if known):*

The Honorable James A. Richman, Judge presiding at Dept. 31
201 13th Street, 2nd floor, oakland, California

1. **YOU ARE ORDERED TO APPEAR AS A WITNESS in this action at the date, time, and place shown in the box below UNLESS you make an agreement with the person named in item 2:**

   a. Date:    Jan. 20, 2005(?)  Time:  2:00 p.m.  ☑ Dept.: 31    ☐ Div.:    ☐ Room:
   b. Address:

   201 13th Street, 2nd floor, Oakland, CA 94612

2. **IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE FOR YOU TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:**

   a. Name of subpoenaing party or attorney:          b. Telephone number:

   Hung Ha                              E-mail: jamesha@planet-save.com

3. **Witness Fees:** You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them at the time of service. You may request them before your scheduled appearance from the person named in item 2.

---

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

---

Date issued:    JAN 2 0 2005

JAMIE HARRIS
................................................
(TYPE OR PRINT NAME)

► _Jamie Harris_
(SIGNATURE OF PERSON ISSUING SUBPOENA)

PA III
(TITLE)

[SEAL: SUPERIOR COURT OF CALIFORNIA — EUREKA — COUNTY OF ALAMEDA]

(Proof of service on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
982(a)(15) [Rev. January 1, 2000]

**CIVIL SUBPOENA FOR PERSONAL**
**APPEARANCE AT TRIAL OR HEARING**

 WEST GROUP

Code of Civil Procedure,
§§ 1985, 1986, 1987

E xhi 18

| PLAINTIFF/PETITIONER: | Hung Ha | CASE NUMBER: | 376 |
|---|---|---|---|
| DEFENDANT/RESPONDENT: | Andrew Ross, et qal | 2002074172 | P93 |

## PROOF OF SERVICE OF CIVIL SUBPOENA
## FOR PERSONAL APPEARANCE AT TRIAL OR HEARING

1. I served this *Civil Subpoena for Personal Appearance at Trial or Hearing* by personally delivering a copy to the person served as follows:

   a. Person served *(name):*      Hung Ha(and Clerk to the Judge at Department 31)

   b. Address where served:      open court, Department 31
      201 13th Street, Second floor
      Oakland, California 94612

   c. Date of delivery:      January 20, 2005

   d. Time of delivery:      1:45 p.m. to 2:00 p.m.

   e. Witness fees *(check one):*
      (1) ☐ were offered or demanded
         and paid. Amount: ..... $_____
      (2) ☐ were not demanded or paid.

   f.  Fee for service: .............. $_____

2. I received this subpoena for service on *(date):*  Clerk to the Judge received the subpoena on Jan. 20,
                                2005, in open court. Clerk received that order from
                                my hands.
3. Person serving:
   a. ☐ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☐ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:

   Hung Ha and
   Clerk to the Judge for afternoon sessions in Department 31.  She personally and
   directly handed the subpoena to the Honoralbe James A. Richman, who was on the
   bench.  The service was reported by a court short hand reporter.

   Because of the great exigency of the situation, I was unble to have the assistance
   of the Sheriff to perform the personal service.

   Please see the attached proof of service (and notice and acknowledgment of receipt).

I declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct.

**(For California sheriff or marshal use only)**
I certify that the foregoing is true and correct.

Date:  **January 21, 2005**                    Date:

▶ _____            ▶ _____
        (SIGNATURE)                                      (SIGNATURE)

Ha v. Ross, et al. /002074172

P17↑

Authorization of servcie under:

CCP §1011; §475; §4          PROOF OF SERVICE---hand delivery in open court

> (Attached to civil subpoena issued on Jan. 20, 2005 and filed
> concurrently with this proof of service)

UNDER PENALTY OF PERJURY UNDER THE LAWS OF CALIFORNIA, I, the undersigned,
state and declare as follows.

    1)    I am over 18 years of age, and I reside in Alameda County,
California.  I am competent to testify.  All the facts alleged herein are
based on my personal, direct knowledge.  My addresses are p. o. box 367,
berkeley, ca 94701-0367, and jamesha@planet-save.com.

    2)    I personally served a copy of the following documents--

> * CIVIL SUBPOENA For Personal Appearance at Trial or Hearing
> *NOTICE AND ACKNOWLEDGMENT OF RECEIPT (Governmental)

on the following person:

> The Honorable James A. Richman

at the following address:

> 201 13th Street, second floor, Oakland, California, Department 31

on the date of:    January 20, 2005 at about 1:45 to 2:00 p.m.
by hand delivery in open court.

    3)    Although Judge Richamn did not sign the receipt of notice
and receipt, the hand delivery service was reported as part of the court
proceeding, and Judge Richman's notice and receipt of the civil subpoena
were reported.   I personally witnessed that Judge Richman noticed and
received the civil subpoena referenced above. (A true and correct copy of the
NOTICE AND ACKNOWLEDGMENT OF RECEIPT is attached to this proof of service.)
UNDER PENALTY OF PERJURY, I, Hung Ha, declare that the foregoing is
ture and correct.  Executed on January 21, 2005, in Berkeley, California.

Hung Ha
Declarant

**PROOF OF SERVICE**

FL-605

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: OR GOVERNMENTAL AGENCY (under Family Code, §§ 17400 and 17406) | FOR COURT USE ONLY |
|---|---|
| Hung Ha<br>p. o. box 367<br>TELEPHONE NO. *(Optional)*: berkeley, ca  ; FAX NO. *(Optional)*: 94701-0367<br>E-MAIL ADDRESS *(Optional)*: jamesha@planet-save.com<br>ATTORNEY FOR *(Name)*: plaintiff in pro per | P175<br>378 |

| NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY: |
|---|
| SUPERIOR COURT OF CALIFORNIA<br>ALAMEDA COUNTY<br>RENE C. DAVIDSON COURTHOUSE |

PLAINTIFF/PETITIONER: Hung Ha

DEFENDANT/RESPONDENT: Andrew ross, et al

OTHER PARENT:

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT<br>(Governmental) | CASE NUMBER:<br>2002074172 |
|---|---|

To *(name of person served)*: Honorable James A. Richman

## NOTICE

The documents described below are being served on you by mail with this acknowledgment form. If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, you must sign this acknowledgment in the name of the entity or a person authorized to receive service of process on behalf of the entity must sign the form to acknowledge receipt of the documents. In all other cases, you must personally sign, or a person authorized by you must sign this form to acknowledge receipt of the documents.

If the documents described below include a *Summons* and you fail to complete and return this acknowledgment form to the sender within 20 days of the date of mailing, you will be liable for the reasonable expenses incurred after that date in serving you or in attempting to serve you by any other methods permitted by law. If you return this form to the sender, service of a *Summons* is deemed complete on the date you sign the acknowledgment of receipt below.

Date of mailing:

January 20, 2005

▶

(TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER)

## ACKNOWLEDGMENT OF RECEIPT

I agree I received the following *(to be completed by sender before mailing)*:

1. ☐ A copy of the *Summons and Complaint* (form FL-600) and proposed *Judgment Regarding Parental Obligations* (form FL-630) and a blank *Answer to Complaint or Supplemental/Amended Complaint Regarding Parental Obligations* (form FL-610).

2. ☐ A copy of the *Summons* with standard restraining orders, and
   (a) ☐ an *Order to Show Cause* (form FL-300) and a blank *Responsive Declaration to Order to Show Cause or Notice of Motion* (form FL-320)
   (b) ☐ a completed and a blank *Income and Expense Declaration* (form FL-150).

3. ☐ Other documents *(specify)*:

*(To be completed by recipient):*
Date this acknowledgment is signed:

▶

| (TYPE OR PRINT NAME) | (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT) |
|---|---|
| | ☐ Petitioner/Plaintiff    ☐ Attorney of Record<br>☐ Respondent/Defendant    ☐ Other (specify):<br>☐ Other parent |

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-605 [Rev. July 1, 2003]

NOTICE AND ACKNOWLEDGMENT OF RECEIPT
(Governmental)

Code of Civil Procedure, §§ 415.30, 417.10;<br>Cal. Rules of Court, rule 1216<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com

exh 19   p 176 – p 178



F I L E D
ALAMEDA COUNTY

JAN 2 4 2005

CLERK OF THE SUPERIOR COURT
By _____
                              Deputy

368

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF ALAMEDA

HUNG HA,

    Plaintiff

    vs.

ANDREW W. ROSS, et al.

    Defendants.

No. 2002-074172

ORDER GRANTING MOTION TO
DECLARE PLAINTIFF A
VEXATIOUS LITIGANT

The motion of Defendants State of California, Winton McKibben, and Thomas Reardon ("State Defendants") for an order declaring Plaintiff Hung Ha ("Plaintiff") a vexatious litigant, to require Plaintiff to post security, and for a Prefiling Order came on regularly for hearing on January 20, 2005 at 2:00 p.m. in Department 31 of this Court, the Honorable James A. Richman presiding. Plaintiff appeared personally. The State Defendants appeared by counsel Amy W. Lo. Defendant Jason Collom appeared by counsel Robert Reiter.

The Court has considered all of the papers filed in connection with the

1

Exh. 19

motion and the arguments at the hearing and, good cause appearing, HEREBY ORDERS as follows:

The motion by Defendants Winton McKibben, Thomas Reardon, and the State of California ("Defendants") to have Plaintiff declared a vexatious litigant, for Plaintiff to post security pursuant to CCP § 391.1, and for a Prefiling Order to preclude Plaintiff from filing new litigation *in propria persona* is GRANTED.

Plaintiff is a vexatious litigant because within the immediately preceding 7-year period, at least 5 litigations in the Superior Court of this County have been finally determined adversely to him: (1) Ha v. Kochis Case No. 2002-068743; (2) Ha v. Fry Case No. 2002-070272; (3) Ha v. Rhoden Case No. 2002-073252; (4) Ha v. Aranas Case No. 2002-073289; (5) Ha v. County of Alameda Case No. RG03-088377. Defendants' request for judicial notice of the Register of Actions in these cases and of 8 other cases filed by Plaintiff in this County is GRANTED.

The Court finds that there is no reasonable probability that Plaintiff will prevail in this action because the alleged conduct of the State Defendants is absolutely privileged. On that basis, Plaintiff is ordered to furnish security in the amount of $10,000 within 30 days of service of Notice of Entry of Order. If Plaintiff fails to do so, the State Defendants are entitled, upon *ex parte* application, to dismissal of the claims against them.

370
P-178

The State Defendants are to serve Notice of Entry of Order on Plaintiff. If the security ordered is not furnished within 30 days after service of the Notice of Entry of Order, the claims against the State Defendants will be dismissed.

The State Defendants' request for a Prefiling Order to prohibit Plaintiff from filing any new litigation in the Court's of this state *in propria persona* without first obtaining leave of the presiding judge of the court where the action is to be filed is GRANTED. A separate Prefiling Order has been executed and filed with this Order.

The request for joinder made at the hearing by Defendant Jason Collom is GRANTED as to the finding that Plaintiff is a vexatious litigant, but denied as to the Order requiring Plaintiff to post security. To obtain an Order requiring Plaintiff to post security, Defendant Collom and the other Defendants to this action must establish, by noticed motion, that there is no reasonable probability that Plaintiff will prevail against them in this action.

This action is stayed, in its entirety, for 60 days.

Dated ____JAN 2 4 2005____

James A. Richman
Judge of the Superior Court

3

exh 20   p 179

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Add...)* (To be completed only if a party is making the motion) | TELEPHONE NO.: (510) 622-2252 | FOR | ‖‖‖‖‖‖‖‖ *2544403* |
|---|---|---|---|
| Amy W. Lo (Bar # 194308) | FAX NO.: (510) 622-2121 | | 379 |

Amy W. Lo (Bar # 194308)
State of California, Office of Attorney General
1515 Clay Street, Suite 2000, Oakland, California 94612

ATTORNEY FOR *(Name)*:

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY, AND MAILING AND STREET ADDRESS

Superior Court of California, County of Alameda, Rene C. Davidson
1225 Fallon Street, Dept. 105
Oakland, California, CA  94612

**FILED**
ALAMEDA COUNTY

JAN 2 4 2005

CLERK OF THE SUPERIOR COURT
By _____ Deputy

CASE NAME:

HUNG HA v. ANDRES ROSS, et al.

**PREFILING ORDER—VEXATIOUS LITIGANT**

CASE NUMBER:
2002074172

1. Name and address of plaintiff(s) or cross-complainant(s) who is subject to this prefiling order:
   Hung Ha
   P.O. Box 367
   Berkeley, California  94701-0367

2. This prefiling order is entered pursuant to a motion made by ☐ the court ☒ party *(name):*
   Defendants Winton McKibben, Thomas Reardon, and State of California

3. The individual(s) mentioned in item 1 is prohibited from filing any new litigation in propria persona in the courts of California without approval of the presiding judge of the court in which the action is to be filed.

4. The clerk is ordered to provide a copy of this order to the California Judicial Council by fax at (415) 396-9281 or by mail at the address below.

> Vexatious Litigant Prefiling Orders
> California Judicial Council
> Administrative Office of the Courts
> 303 Second Street, South Tower
> San Francisco, California 94107

Date:  **JAN 2 4 2005**

_____
JUDGE

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
*(Bottom fold line if using a window return envelope)*

*Exh. 20*

exh 21A   p 180

*4111308*

P 189 292

**ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, Address):**

Hung Ha
P. O. box 367
Berkeley, CA 94701-0367

**TELEPHONE NO.:**

**FOR C**

**ATTORNEY FOR (Name):** Hung Ha

Insert name of court and name of judicial district and branch court, if any:

Superior Sourt of California, Alameda County
Rene C. Davidson Courthouse

**PLAINTIFF/PETITIONER:** HUNG HA

**DEFENDANT/RESPONDENT:** ANDREW ROSS, et al

**FILED**
**ALAMEDA COUNTY**

SEP 13 2005

CLERK OF THE SUPERIOR COURT
By _____ E.A. Almeda _____
                                    Deputy

### REQUEST FOR DISMISSAL

☑ Personal Injury, Property Damage, or Wrongful Death
  ☐ Motor Vehicle   ☑ Other
☐ Family Law
☐ Eminent Domain
☑ Other (specify): Civil Rights

**CASE NUMBER:**

2002074172

— A conformed copy will not be returned by the clerk unless a method of return is provided with the document. —

**1. TO THE CLERK: Please dismiss this action as follows:**

a. (1) ☐ With prejudice   (2) ☑ Without prejudice

b. (1) ☐ Complaint   (2) ☐ Petition
   (3) ☐ Cross-complaint filed by (name):                    on (date):
   (4) ☐ Cross-complaint filed by (name):                    on (date):
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☑ Other (specify):* Winton McKibben

Date:    Sept. 12 2005

Hung Ha

(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

► _____ Hung Ha _____
                          (SIGNATURE)
Attorney or party without attorney for:

☑ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-complainant

**2. TO THE CLERK: Consent to the above dismissal is hereby given.**

Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)
** If a cross-complaint—or Response (Family Law) seeking affirmative relief—is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

►
                          (SIGNATURE)
Attorney or party without attorney for:

☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross-complainant

(To be completed by clerk)

3. ☒ Dismissal entered as requested on (date):
4. ☐ Dismissal entered on (date):            as to only (name):
5. ☐ Dismissal not entered as requested for the following reasons (specify):

6. ☐ a. Attorney or party without attorney notified on (date):
       b. Attorney or party without attorney not notified. Filing party failed to provide
          ☐ a copy to conform   ☐ means to return conformed copy

**DISMISSAL ENTERED**

SEP 13 2005

Arthur Sims, Exec. Off./Clerk
By _____ E.A. Almeda _____
                          Deputy

Date:                                    Clerk, by _____, Deputy

Form Adopted by the
Judicial Council of California
982(e)(5) [Rev. January 1, 1997]

**REQUEST FOR DISMISSAL**

WEST GROUP
Official Publisher

Code of Civil Procedure, § 581 et seq.
Cal. Rules of Court, rules 383, 1233

Exh. 21-A

exh 21B  p 181

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | |
|---|---|---|

Hung Ha
P. O. box 367
Berkeley, CA 94701-0367

ATTORNEY FOR *(Name):* Hung Ha

*Insert name of court and name of judicial district and branch court, if any:*

Superior Court of California, Alameda County
Rene C. Davidson Courthouse

PLAINTIFF/PETITIONER: HUNG HA

DEFENDANT/RESPONDENT: ANDREW ROSS, et al

*‖‖‖‖‖‖‖‖‖‖‖‖*
*4111304**

FILED  Ptsl
ALAMEDA COUNTY 1293

SEP 13 2005

CLERK OF THE SUPERIOR COURT
By *EA Almeda* Deputy

---

### REQUEST FOR DISMISSAL

[✓] Personal Injury, Property Damage, or Wrongful Death
   [ ] Motor Vehicle    [✓] Other
[ ] Family Law
[ ] Eminent Domain
[✓] Other *(specify):*   Civil Rights

CASE NUMBER:

2002074172

---

— A conformed copy will not be returned by the clerk unless a method of return is provided with the document. —

**1. TO THE CLERK:** Please dismiss this action as follows:

  a. (1) [ ] With prejudice    (2) [✓] Without prejudice

  b. (1) [ ] Complaint    (2) [ ] Petition
     (3) [ ] Cross-complaint filed by *(name):*           on *(date):*
     (4) [ ] Cross-complaint filed by *(name):*           on *(date):*
     (5) [ ] Entire action of all parties and all causes of action
     (6) [✓] Other *(specify):**   State of California

Date:    Sept. 12 2005

Hung Ha

(TYPE OR PRINT NAME OF [✓] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
* If dismissal requested is of specified parties only, of specified causes of
action only, or of specified cross-complaints only, so state and identify
the parties, causes of action, or cross-complaints to be dismissed.

▶ *Hung Ha* (SIGNATURE)

Attorney or party without attorney for:

[✓] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

---

**2. TO THE CLERK:** Consent to the above dismissal is hereby given.**

Date:

▶

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)
** If a cross-complaint—or Response (Family Law)—seeking affirmative
relief—is on file, the attorney for cross-complainant (respondent) must
sign this consent if required by Code of Civil Procedure section 581(i)
or (j).

(SIGNATURE)

Attorney or party without attorney for:

[ ] Plaintiff/Petitioner    [ ] Defendant/Respondent
[ ] Cross-complainant

---

*(To be completed by clerk)*

3. [X] Dismissal entered as requested on *(date):*
4. [ ] Dismissal entered on *(date):*     as to only *(name):*
5. [ ] Dismissal not entered as requested for the following reasons *(specify):*

6. [ ] a. Attorney or party without attorney notified on *(date):*
    b. Attorney or party without attorney not notified. Filing party failed to provide
      [ ] a copy to conform    [ ] means to return conformed copy

DISMISSAL ENTERED

SEP 13 2005

Arthur Sims, Exec. Off. /Clerk
By *EA Almeda* Deputy

Date:        Clerk, by _____, Deputy

Form Adopted by the
Judicial Council of California
982(a)(5) [Rev. January 1, 1997]

**REQUEST FOR DISMISSAL**

WEST GROUP
Official Publisher

Code of Civil Procedure, § 581 et seq.
Cal. Rules of Court, rules 383, 1233

Exh. 21-B

exh 21C   p 192

**ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name and address):

Hung Ha
P. O. box 367
Berkeley, CA 94701-0367

**TELEPHONE NO.:**

**FOR**

*4111300*

**ATTORNEY FOR** (Name): Hung Ha

Insert name of court and name of judicial district and branch court, if any:

Superior Court of California, Alameda
Rene C. Davidson Courthouse

**FILED   1294**
**ALAMEDA COUNTY**

SEP 13 2005

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

**PLAINTIFF/PETITIONER:** HUNG HA

**DEFENDANT/RESPONDENT:** ANDREW ROSS, et al

| REQUEST FOR DISMISSAL | CASE NUMBER: |
|---|---|
| [✓] Personal Injury, Property Damage, or Wrongful Death<br>　　[ ] Motor Vehicle　[✓] Other<br>[ ] Family Law<br>[ ] Eminent Domain<br>[✓] Other (specify):　Civil Rights | 2002074172 |

— A conformed copy will not be returned by the clerk unless a method of return is provided with the document. —

1. **TO THE CLERK:** Please dismiss this action as follows:
   a. (1) [ ] With prejudice　(2) [✓] Without prejudice

   b. (1) [ ] Complaint　(2) [ ] Petition
   　　(3) [ ] Cross-complaint filed by (name):　　　　　on (date):
   　　(4) [ ] Cross-complaint filed by (name):　　　　　on (date):
   　　(5) [ ] Entire action of all parties and all causes of action
   　　(6) [✓] Other (specify):*　Thomas Reardon

Date:　Sept. 12 2005

Hung Ha

(TYPE OR PRINT NAME OF [✓] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

▶ _____ (SIGNATURE)
Attorney or party without attorney for:
[✓] Plaintiff/Petitioner　[ ] Defendant/Respondent
[ ] Cross-complainant

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
Date:

▶

(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

** If a cross-complaint—or Response (Family Law) seeking affirmative relief—is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

(SIGNATURE)
Attorney or party without attorney for:
[ ] Plaintiff/Petitioner　[ ] Defendant/Respondent
[ ] Cross-complainant

(To be completed by clerk)

3. [✓] Dismissal entered as requested on (date):
4. [ ] Dismissal entered on (date):　　　　as to only (name):
5. [ ] Dismissal not entered as requested for the following reasons (specify):

6. [ ] a. Attorney or party without attorney notified on (date):
   　　b. Attorney or party without attorney not notified. Filing party failed to provide
   　　　　[ ] a copy to conform　[ ] means to return conformed copy

**DISMISSAL ENTERED**

SEP 13 2005

Arthur Sims, Exec. Off./Clerk
By _____
                        Deputy

Date:　　　　　　　　　　　Clerk, by _____, Deputy

Form Adopted by the
Judicial Council of California
982(a)(5) [Rev. January 1, 1997]

**REQUEST FOR DISMISSAL**

WEST GROUP
Official Publisher

Code of Civil Procedure, § 581 et seq.
Cal. Rules of Court, rules 383, 1233

Exh 22  p 183 – p 196

982(a)(15.1)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Hung Ha
P. O. box 367
Berkeley, CA 94701-0367
E-mail: jamesha@planet-save.com

P 183

TELEPHONE NO.:     FAX NO.:

ATTORNEY FOR *(Name):* Plaintiff in pro per

NAME OF COURT: SUPERIOR OCURT OF CALIFORNIA
STREET ADDRESS: 1225 Fallon STreet
MAILING ADDRESS: 1225 Fallon Street
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

ENDORSED
FILED
ALAMEDA COUNTY

APR 1 8 2005

CLERK OF THE SUPERIOR COURT
JAMIE , Deputy
HALA

PLAINTIFF/ PETITIONER:   Hung Ha

DEFENDANT/ RESPONDENT:   Victoria Harrison, et al,

| CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents and Things at Trial or Hearing AND DECLARATION | CASE NUMBER: 20002077102 |
|---|---|

THE PEOPLE OF THE STATE OF CALIFORNIA, TO *(name, address, and telephone number of witness, if known):*

James A. Richman

1. **YOU ARE ORDERED TO APPEAR AS A WITNESS** in this action at the date, time, and place shown in the box below **UNLESS** your appearance is excused as indicated in box 3b below or you make an agreement with the person named in item 4 below.

| a. Date: May 2, 2005 | Time: 2:00 p.m. | ☑ Dept.: 31 | ☐ Div.: | ☐ Room: |
|---|---|---|---|---|
| b. Address: 201 13th Street, Oakland, CA 94612, second floor | | | | |

2. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES, *AND* CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

3. **YOU ARE** *(item a or b must be checked):*
   a. ☐ Ordered to appear in person and to produce the records described in the declaration on page two or the attached declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.
   b. ☑ Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above. (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4) Mail a copy of your declaration to the attorney or party listed at the top of this form.

4. **IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:**
   a. Name of subpoenaing party or attorney: Hung Ha     b. Telephone number:   E-mail: jamesha@planet-save.c

5. **Witness Fees:** You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them at the time of service. You may request them before your scheduled appearance from the person named in item 4.

**DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: APR - 7 2005
C. Pitts
(TYPE OR PRINT NAME)

▶ C Pitts
(SIGNATURE OF PERSON ISSUING SUBPOENA)

1 PA III
(TITLE)

(Declaration in support of subpoena on reverse)     Page one of three

| PLAINTIFF/PETITIONER: Hung Ha | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Victoria Harrison, et al | 2002077102    P184 |

Production of the documents or the other things sought by the subpoena on page one is supported by *(check one)*:
☑ the attached affidavit or declaration    ☑ the following declaration:

## DECLARATION IN SUPPORT OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS AT TRIAL OR HEARING
### (Code Civ. Proc., §§ 1985, 1987.5)

1. I, the undersigned, declare I am the ☑ plaintiff  ☐ defendant  ☐ petitioner  ☐ respondent
   ☐ attorney for *(specify)*:
   ☐ other *(specify)*:
   in the above-entitled action.

2. The witness has possession or control of the following documents or other things and shall produce them at the time and place specified in the *Civil Subpoena for Personal Appearance and Production of Documents and Things at Trial or Hearing* on page one of this form *(specify the exact documents or other things to be produced)*:

   A)    Prefiling order or a letter to that effect issued by the Honorable James
   A. Richman early in 2003, months before June 11, 2003, or issued by another
   judge presiding at Department 31.

   B)    A written response in substance to my allegations of PLAINTIFF'S CHALLENGE
   FOR CAUSE which was filed on March 21, 2005 in Ha v. Ross, et al, 2002074172
   (a true and correct copy of which is attached to this subpoena).
   (Of course, when the Honorable James A. Richman has written down his thoughts
   on paper, a document will come into existence. As such, it is in Judge Richman's
   "possession or control." I suppose that such a document is within the scope
   ☑ Continued on Attachment 2.                      of this subpoena. C) JUdge Richman's ersponse/answer

3. Good cause exists for the production of the documents or other things described in paragraph 2 for the following reasons: to additior
                                                                                                                              allegations

   These documents are essential to the theory that the Honorable James A.
   Richman is disqualified to sit and adjudicate substantive issues in Ross and
   Harrison (and related cases, if any), under California's disqualification
   statutes (CCP §170 et seq.). My Challenge for Cause as to Judge Richman's
   qualification are premised on CCP §170.1(a)(1) (material witness) and §170.1(a)(6)'
   subpart C. As a result of Judge Richman's disqualification, orders issued by
   the Judge are absolutely void. Thus, for example, orders declaring me vexatious
   litigant on January 20/24, 2005 and April 1, 2005 are absolutely void.
   ☐ Continued on Attachment 3.

4. These documents or other things described in paragraph 2 are material to the issues involved in this case for the following reasons:

   These documents are needed to prove or show that the Honorable James A. Richman
   is disqualifed in fact, whether or not disqualificaiton of the Judge has been
   formally established in Ross, Harrison and if any, other related cases of mine.
   Judge Richman has violated Local Rules Rule 2.0 (policy against bias and unfair
   practices) in the contexts of my cases at this court. As a result, thus, the motion
   by defendnats who have appeared in this action for an order to require me to post
   security bond cannot possibly be considered, let alone granted; motion is set for
   May 2, 2005. In addition, the documents required by this Order show that the motion
   above is made in bad faith; defendnats should be sanctioned.
   ☐ Continued on Attachment 4.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:        April 15 , 2005

           Hung Ha
        (TYPE OR PRINT NAME)                    (SIGNATURE OF  ☑ SUBPOENAING PARTY   ☐ ATTORNEY FOR SUBPOENAING PARTY)

                                           (Proof of service on page three)

982(a)(15.1) [Rev. January 1, 2000]    **CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE**    Page two of three
                                        **AND PRODUCTION OF DOCUMENTS AND THI...**

Plaintiff in Pro Per

2005, March 21, Monday

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

**MAR 2 1 2005**

**CLERK OF THE SUPERIOR COURT**
**By E. Opelski-Erickson, Deputy**

P185

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF ALAMEDA

Rene C. Davidson Courthouse

| | |
|---|---|
| HUNG HA,<br>Plaintiff<br><br>v.<br><br>ANDREW ROSS, MARK RHODEN, JASON COLLOM, WINTON MCKIBBEN, THOMAS REARDON, COUNTY OF ALAMEDA, STATE OF CALIFORNIA, et al<br>Defendants | Case No.: 2002074172<br><br>PLAINTIFF'S CHALLENGE FOR CAUSE AS TO THE QUALIFICATION OF THE JUDGES OF DEAPRTMENT 31 IN GENERAL AND THAT OF THE HONORABLE JAMES A. RICHMAN IN PARTICULAR IN HEARING ANY DEFENSE'S VEXATIOUS LITIGANT MOTION; VERIFIED STATEMENT BY HUNG HA<br><br>CCP §170(grounds); ¶170._( )( ) (procedu |

Plaintiff Hung Ha respectfully applies for an order disqualifying all the judges of Department 31 of Alameda Superior Court (and their research attorneys) in general and the Honorable James A. Richman in particular from hearing defense's vexatious litigant motion in any proceeding past, present, and future. I respectfully request disqualification of judge Richman.

For that purpose, Plaintiff Hung Ha alleges as follows.

1. The prior vexatious litigant motion made in the name of action

Justice Department has been in reality a concerted by the defendants in this action, certain attorneys in the Justice Department, the County of Alameda, certain attorneys in the Law Deaprtment of the University of California, certain judges in the Aalmeda Superior Court in general and, in particular, the Honorable James A. Richman to prevent me from petitioning the government for a redress of grievances. So I believe and allege.

Role of the Honorable James Richman

1

CHALLENGE FOR CAUSE
ATTACHMENT 2

2.    One day I was filing a new pleading ; the civil filing

*P.l 86*

room at Rene C. Davidson, David Hughes (?), a deputy Clerk, refused to

file it. HE refused to file it not because any defect in that pleading,

but because there was a document requiring that I apply to the Presiding

Judge at Department 1 for permission to file a new case. So I did submit

that new pleading to Department 1 for approval. It was eventually filed.

If my recollection at this moment is correct, that case is Ha v. California,

RG0310385. It is a petition for relief from government tort claim

procedure in order that the State of California may be made a defendant

inthis action, Ha v. Ross, et al, 2002074172.

3.    I believe and allege that the Honorable James A. Richman who

circulated a letter, or order, or an informal instruction, to the civil

filing office,requiring them to refuse to file my new case pleading unless

the Presiding Judge had granted permission. In that document, I was identifie

as a "vexatious litigant."

4.    I believe and allege that when Judge Richman decided to

label me as a vexatious litigant, the Judge was well aware of the content

in my factual allegations in Ha v. Rhoden (2002066008) Ha v. Rhoden, et al,

(2002073242), Ha v. Aranas,(2002073289), Ha v. Kochis (2002068505), Ha v. Fry

(2002070272), Ha v. Ross, et at (2002074172), and Ha v. Harrison (2002077102)

Judge Richman was well aware of who the defendants were and whom the

additional yet unamed defendants might be. Judge Richman was well aware of

the nature of the charges in my complaints against the defendants. Judge

Richman was well aware of the gravity of those corruption charges, if true.

Judge Richman was well aware of the effects of those charges,if proved at

a trial, on the public images of public entities and employees involved in

these civil right cases of mine.

5.    When Judge Richman decided to brand me a vexatious litigant in

2003, the Judge was well aware of the contnet in my papers submitted in

2

CHALLENGE FOR CAUSE

in Case 3:07-cv-04699-SI Document 22-4 to Stay 07/07/2008 edPage 38 of 68 my

cases from the fast-track programs, and to supsend CRC, rule 201.7(b). P187

In fact, Judge Richman was the Judge when the first of my motions in those cases, mentioned above, came up for hearing at Department 31; that case was Ha v. Kochis, assigned to Department 303 (or 302), located in Alameda City. First of a serious rulings on these motions, Judge Richman's in Kochis case denied my motion without prejudice or with permission to raise the issue again at the first case managemetn conference. I believe and allege that Judge Richman was well aware of the content of a similar motion filed in Ha v. Rhoden, 2002066008, on or about December 10, 2002. The content of my memoranda of points and authorities, with supporting declarations, shows serious problems with those peple who control the governmental entities, if true and correct. For my complaints in those case allege lawlessness on the parts of the defendants.

6. I believe and allege that when Judge Richman decided to call me a vexatious litigant in 2003, the Judge had decided to do what he could to prevent me from having these cases proceed successfully to a fair trial.
(?)
7. On February 6, 2003, I reserved for hearings at Dept. 31 on my motions for an order to slow down the proceedings, and the hearings were set for March 26 in 5? of the remain-ing cases except Rhoden I (2002066008). On that February 6, I neglected to make reservation for Rhoden I for hearing on March 26. On teh next day, February 7, I tried to set the motion filed on/about Dec. 10,2002 for hearing on March 26, 2003, but something happened. On February8, I picked up, my p.o. box 367, Berkeley an order issued by Judge Richman denying my application for extension of time in which to serve notice of hearing on my motion and papers in support of that moiton, filed also on Dec. 10, 2002. That order was purportedly dated Feb. 5 (i.e., before Feb. 6) and was without proof of service), and was postmarked Feb. 7 (not 5, nor 6 of Feb.). As a result of that order, I could not calenda

CHALLENGE FOR CAUSE                    3

2    (I could not be sure, however, even if that motion   s set for hearing    p188

3    on March 26, whether it could be heard.) I believe and allege that Judge

4    Richman did not want to hear that motion on the merits, and that the

5    Judge would like to see that I lost the case through hasty action.

6        8.    It was the Honorable Williams McKinstry who rule on my motions

7    set for March 26, 2003. JUdge Mckinstry denied my motions without issuing

8    an opinion, nor did he allow the matter to be brought up at Case Management

9    Conference. In all these cases, my complaint alleged misconduct committed

10   by officers of UCB's Police Department. As a result of Judge McKinstry's

11   denial of my motions, these actions were required to move along expeditiously,

12   or else they could be dismissed. I was caused to wonder why it was

13   Judge McKinstry, not Judge Richman, who ruled on these motions, and I

14   wondered perhaps that Judge McKinstry would not feel bounded by the prior

15   ruling, in Kochis case, that the denial was without prejudice but with

16   permission to raise the matter again at Case Management Conference.

17   While I have reasonable doubt, I believe and allege that Judge Richman

18   and Judge McKinstry would like to see me being rushed into failures in

19   these actions against officers of UCB's Police Department or them and

20   their employer, plus employees of other public entities and these entities.

21       9.    I believe and allege that Judge Richman has been well aware of

22   a certain sentiment among a number of judges in this County's Court that

23   they don't want me to pursue my complaints in these civil rights lawsuits.

24   If that is true, a question is what motivated these judges to feel that

25   way. There appear to be several possibilities. One of them is that these

26   judges thought my allegations neither true nor correct, of both. I believe

27   and allege, however, Judge Richman would like to rush me into failure in

28   pursuing my civil rights action because he desired to free the wrongdoers from

4

CHALLENGE FOR CAUSE

10.   I believe and allege that in that group of civil cases of mine, Judge Richman wanted to see them to be dismissed for non-compliance with the literal language of CRC, rule 201.7(b) (60 days), and participated in making a group decision that judges would rush me when knowing that I was unable to engage in active litigation. I believe and allege that Judge Richman, along with other of his fellow judges, had laready pre-determined teh outcomes of my cses; they wanted me to lose them, one way or the other.

11.   I believe and allege that in <u>Ha v. Alameda County</u>, RG03088377 (petition for relief from claim presentation procedure), JUdge Richman understood that I did mail my claim letter on August 12, 2002 to the Board of Supervisors of Alameda County  and  that was the best that I could do under the circumstances since January 9, 2001 (I was being detained by the County from December 4, 2001 to Jan. 9, 2002). I believe and allege that Judge Richman understood that I did not know the existence of governmental claim presentation procedure when I was released from county jail.  I believe and allege taht JUdge Richman understood that I was so overwhelemed by the circumstances that I could not discover the law of government tort claim prosentation early enough, and that I probably did the best I could when I mailed my claim letter to the Baord on August 12, 2001 and, after it failed to respond and after I was once more taken prisoner from August 27 to September 17 (?), personally hand-delivered the same claim letter on October 11(?), 2002. I believe and allege that Judge Richman rezlized that I had shown sufficient facts for relief except that my facts were presented in technically dificient manner. I believe and allege that Judge Richman realized the County Counsel, Teresa Ta ffiled to present a persuasive Opposition memprandum of points and authorities, failing to present evidence and failing to impeach my

5

CHALLENGE FOR CAUSE

credibility. I believe and allege that your

my Reply to Ms. Tan's Opposition refuted her argument, and it was without
merits. I believe and allege that at the hearing, Judge Richman understood
that Ms. Tan did not present anyral argument because she conceded that her
opposition argument was frivolous. I believe and allege that Judge Richman
understood that County Counsel opposed my motion for relief solely because
the Counsel did not what to see the County be held liable for the wrongful
acts committed by its employees (here, attorneys in the District Attorney's
Office), not because the County Counsel believed in having merits in its
opposition argument.

12.   I believe and allege that, in ruling that I had made "no showing"
in support of my petition for relief in Ha v. Alameda, supra, RG03088377,
Judge Richman meant that I had presented no facts to show that I was so
overwhelmed by the circumstances of a very unfortunate situation in the six
motnhs period following January 9, 2001, that the best I could do was to
mail my claim letter on August 12,2002 and because the Board did not respond
to that claim,delivered by hand delivery on October 11 (?), in that year.

13.   I believe and allege that in Ha v. Alameda, supra, Judge Richman
denied my petition on June 11, 2003 obstensibly on the ground of "no showing"
of facts, because the Juddge desired to shield the County or both it and
its employees from the legitimate consequences of their wrongufl conduct.

14.   I believe and allege that in hearing the matters of Ha v. Alameda
supra, RG03088377, Judge Richman assumed the partisan role as the County's
advocate in judicial robe. The Court used to be part of County government.

15. I believe and allege that in handling Ha v. Alameda, RG03088377,
both Judge Richman and County Counsel engaged in an unethical practice,
i.e., dispose lawsuits against governmental entities and  employees by
procedural maneuvers or procedural games which are unethical. As a result

6

prevented from making the County a defendant under State law.

16.    I believe and allege that the motion made in the name of $\bigwedge$ $\bigwedge$ $\bigwedge$ $\backslash$
Justice Department for an order to declare me a vexatious litigant and
requiring the posting of bonds was designed togather by attorneys of
the law department of the University of California,
Justice Department, the Law Department of Alameda County, the law firm
of Patton, Wolan, & Boxer, and, above all, a number of judges of the
Superior court of Alameda County. I believe and allege that this motion
was made NOT because my civil rights lawsuits were without merits or
were frivolous, but because they are meritorious and are liekly to
prevail, this coalition has been formed to defeat my civil rights suits
by procedural means. This coalition desires to cover up the scandal in defendants
misconduct, and to escape the legitimate consequences financially of such
misconduct.

17.    I believe and allege that Judge Richman encouraged privately
this motion to be made in the name of Justice Department.    Judge Richman
had already pre-determined the outcome of this motion even before it was
heard, and even before it was filed.  this is the motion which he himself
wanted to see being made in the name of somebody else's. Made in the
name of Justice Department, this motion to declare me a vexatioius
litigant was repetition of the previous motion made by Judge Richman in
early 2003, months before there was any "final determination adverse to"
me (which was rendered by Judge Richman himself in Ha v. Alameda, RG0308836(
on JUne 11, 2003 [if I remember correctly the date].

18.    I believe and allege that Judge Richman encouraged the Justice
Department to seek an order to dismiss my complaint on the ground that
I have failed to pose security bonds which may be legitimately required
of a vexatious litigant.  JUdge Richman knows that Justice Department
is false and insincere when it claims that fairness requires me to post

-7-

CHALLENGE FOR CAUSE

1  security bonds, wi
2  which the state defendants (and other public enti es and their employees)
3  have engaged in the matters of <u>People v. Ha</u>, 166802, <u>supra</u>, and to
4  avoid legitimate financial-consequences.

5       19.   I believe and allege that Judge Richman is unethically helping

6  County Counsel and whomever it represent in the legal controversies

7  between the County of Alameda and me, in connection to the matters of

8  <u>People v. Ha</u>, <u>supra</u>, 166802. I believe and allege that County  Counsel,

9  Richard E. Winnie, realizes that in <u>Ha v. Alameda</u>, RG03088377; A103014

10 (Ct. App. 1st Dist., Div. 1), the opposition submitted by Teresa Tan and

11 the appellate brief (Reply) submitted by Robert L. Gaumer were dishonest,

12 unethical, meritless, and totally unscrupulous, and that the Opinion

13 issued by the Court of Appeal for the First Appellate District was improperly

14 influenced by unjust considerations, and he realizes that, having timely

15 filed my claims, I would file suit on teh basis of the facts above.

16 I believe anda allege that County Counsel and the County have decied to

17 use the procedural devise of security bound to prevent me from filing

18 a perfectly legitimate suit for their abuse of process. In fact, the

19 County has employed the law firm of Patton, Wolan, & Boxer to assist it

20 in handling my civil rights suits involving the County. In fact, the

21 law firm of Patton, Woman, & Boxer had informed in open court, the Honorable

22 Patrick J. Zika that it was planning to move for an order to decalre me

23 a vexatious litigant, more than six months before the attorneys of Justice

24 Department has made its motion on January 20 (?), 2005. The law firm

25 of Patton, Wolan, & Boxer had requested Judge Zika to order, on Dec.9,

26 2003 (?)    dismissal with prejudice case(s). With that background, I

27 believe and allege that Judge Richman is privately helping the County

28 Counsel and the County escapes the legitimate consequences of unscrupulousl:

   opposing my motion on June 11, 2003 and appeal in <u>Ha v. Alameda</u>, RG03088377

CHALLENGE FOR CAUSE

2    the Regents of the Univeristy of California to er pe the legitimate

3    consequences to their dubiout policies, practices, customs, usage,

4    and misonduct of their system, by means of making me a vexatious

5    litigant and requiring me to pose security bonds (Justice Department

6    apparently has wanted $10,000.00 in security bond).

7        21.    I believe and allege that Judge Richman had hoped that

8    the vexatious litigant motion made in the name of Justice Departmetn be

9    granted by a judge other than himself, but when the Honorable Stephen

10   A. Brick declined to grant the motion, and the Honorable Judith Ford

11   was reluctant, Judge Richman had no choice but reveal himself, as the

12   true mastermind of that motion, or procedural maneuver. I believe

13   and allege that both Judge Brick and Judge Ford would feel, if they had

14   read Justice Department's argument, that its analysis of facts is dubious

15   at best, if not outright insincere and fraudulent, and I believe and

16   allege that Judge Brick and Judge Ford were well aware that the motive

17   behind Justice Department's vexatious litigant motion was, at best,

18   dubious, if not clearly unethical and unscrupulous, such that they

19   were reluctant to grant the motion if they were to rule upon it.

20       22.    I believe and allege that the previous Presiding Judge

21   (before the Honorable Barbara Miller) had confidedin Judge Richman

22   (and Judge McKinstry) that he did not want mycivil rights suits against

23   police officers and staff attorney(s) of the District Attorney's Office

24   and judges involved in People v. Ha, 166802, to proceed to a fair trial

25   before a fair tribunal, or a number of judges had formed a core opinion

26   that these civil rights suits of mine must be stopped or frustrated.

27   VERIFICATION        I, Hung Ha, have read the foreogoing and know its
     content. As to statements that are based on my direct knowledge, they are
     true and correct. As to statements which are based on information and beli

28   they are true to the best of my knowledge at this time.    UNDER PENALTYOF
     PERJURY, I, Hung Ha, declare that the foregoing is true and correct. Execut
     on March 19, 2005, in Berkeley, California.

                                        9                        / Hung Ha

     CHALLENGE FOR CAUSE

ATTACHMENT 2  page 10    10 in attachment 2
Ha v. Harrison, et al, 2002077102
Case 3:07-cv-0469-SI  Document 23-4  Filed 07/07/2008  Page 45 of 68

194

1  Additional allegations to Challenge for Cause filed in Ross, 2002074172 on
March 21, 2005 (the following allegations are directed to the Honorable James
2  A. Richman)

3      1)  When you ordered on / about March 23, 2005 my allegations in my Challenge
for Cause served and filed onMarch 21, 2001, your were well aware of that these
4  ]alegations show that you are a material witness" within the meaning of CCP §170.1
(a)(1).  Is that true or not?
5

6      2)  There was a mutual understanding between your Honor and Patton Wolan
& Boxer that its motion set for April 1, 2005 at your Department 31 for an
7  order requiring me to post security would be granted because you were using your
position to benefit the defendants, although that mutual understanding might
8  be implcit (without direct expression in words).

9      3)  In granting defendants' motions on January 20, 2005 and April 1, 2005
in Ross case, 2002074172, you used your position to favor defendants because you
10  desired to free them from the legitimate consequences of their wrongdoing alleged
in my  complaints filed with this Court.  Is htat true or not?
11

     4)  In the seven years presiding at Department 31, you were an employee of
12  the County of Alameda till the law changed in about 2001, classifying the
court in and for Alameda County an entity of the State Government rather than
13  an entity of the County Government.  Is that true and correct?

14 5)  You did not grant my request for judicial notice that I filed on
March 23, 2005 even if it was meritorious and properly presented to theCourt,
15  because the materials requested to be noticed judicially show the improriety
in the vexatious litigant motion filed by defendants in this action.  Isn't it so?
16
     6)  In granting defendnats' vexatious litigant motions even before they
17  would have filed their Answers to my Complaint, your Honor have helped them to
avoid answering my Complaint by playing a purely procedural game in order to
18  avoid disposition of the case by a fair trial before a fair tribunal. Isn't it?

19

20  VERIFICATION
I am the plaintiff in the above titled  action. I have read the foregoing and
21  know its content.  As to statemetns that are based on my personal, direct
knowledge, they are true and correc.  As to statements based on information
22  and belief, they are true and correct to the best ofmy knowledge at this
time (#2, 3, and 4).    UNDER PENALTY OF PERJURY, I, Hung Ha, declare that
23  the foregoing is true and correct. Executed on April 15, 2005 in Berkeley,
California.

24

25  _____
Hung Ha
26  Declarant

27

28

_____

CIVIL SUBPENA--additioanl allegations

195

PROOF OF SERVICE -- Civil Subpoena

I, the undersigned, state and declare under penalty of perjury as follows.

   1) My mailing address is p. o. box 367, berkeley, ca 94701, and my e-mail address is jamesha@planet-save.com. I reside in Alameda county, California. I am over 18 years of age. I am competent to testify. All the facts asserted herein are based on my personal knowledge. I'm the plaintiff.

   2)   The Sheriff of Alameda County would not serve this document whenI brought it to the Sheriff's Department on April 15,200t at aobut 10:30 a.m., because the hearing date is May 2, 2005. 17 days away from April 15.
      3) The title of the document is this:

         CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and
         Production of Documents and  Things at Trial or Hearing AND
         DECLARATION.

, and it has a 10-page attachment.
   4)  After having informed the Clerk to the Honorable James A. Richman and the Judge himself of my attempt at service of process on April 15, 2005 at bout 11:30 a.m. at Department 31, I served this document on Judge Richman by handing it to the Executive Officer, Authur Sims, on behalf of Judge Richman, at Rene C. Davidson Courthouse, 1225 Fallon Street, Suite 209, Oakland, CA 94612 at about 12:10 p.m., with the request that Judge waives objection to defect in mode of service, on this April 15, 2005, Friday.

   5) Having thus served the document, I executed a proof of service, which is attached to this proof of service. Deputy Clerk in civil filing room would not accept that proof of service for filing.

UNDER PENATLY OF PERJURY, I, Hung Ha, declare that the foregoing is true and correct. Executed on April 16, 2005, in Berkeley, California.

Hung Ha
Declarant

**ENDORSED**
**FILED**
ALAMEDA COUNTY

**APR 1 8 2005**

CLERK OF THE SUPERIOR COURT
J A M IZ HHHH, Deputy

PROOF OF SERIVCE -- Re civil Subpoena

Berkeley, CA 94701
E-mail - Ojanesha@planet-save.com

RECEIVED
P96

APR 1 5 2005

By

Ha v/(HARRISON/1200207102

# PROOF OF SERVICE

RECEIVED

APR 1 5 2005

by he

I, Henry Ha, have personally served or caused to be served the following document titled as CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents and Things at Trial or Hearing AND DECLARATION

On THE HONORABLE JAMES A. RICHMAN
at 201 13th Street, 2nd Floor

ARTHUR SIMS ON BEHALF  Oakland, CA 94612
OF JUDGE RICHMAN
1225 FALLON STREET  Dept. 8/ (I REQUEST JUDGE WHILE OBJECTION
SUITE 209
OAKLAND CA 94612   TO DEFECT IN SERVICE. JUDGE WANTS IN
                                                TO SPEAK VIA
On April 15, 2005 at 12:10 p.m.  ARTHUR
                                                              SIMS. I
                                                              HIM.

by delivering it to His Honor's Clerk.

UNDER PENALTY OF PERJURY, I, HENRY HA, DECLARE THAT THE FOREGOING IS TRUE AND CORRECT. Executed on this April 15, 2005, in Oakland, California.

Henry Ha

Acknowledgement of Receipt 4

(Sheriff Would not serve/accept paper for service because "There is not enough Time." April 15, 2005

exh 23   p 197 – p 199

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, bar number, and address):

Hung Ha
P. O. box 367
Berkeley, CA 94701-0367

FOR COURT USE ONLY

P.197

TELEPHONE NO.:                FAX NO.:
ATTORNEY FOR (Name): Hung Ha, Plaintiff in Pro Per, Cal. SBN: 166112

NAME OF COURT: SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY
STREET ADDRESS: 1225 Fallon Street,
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME:

**ENDORSED**
**FILED**
**ALAMEDA COUNTY**

DEC 21 2007

CLERK OF THE SUPERIOR COURT
By    **F.C. LATORRE**
                    Deputy

PLAINTIFF/ PETITIONER: Hung Ha

DEFENDANT/ RESPONDENT: Andrew Ross, et al

| **CIVIL SUBPOENA (DUCES TECUM) for Personal Appearance and Production of Documents and Things at Trial or Hearing AND DECLARATION** | CASE NUMBER. |
|---|---|
| | 2002074172 |

THE PEOPLE OF THE STATE OF CALIFORNIA, TO (name, address, and telephone number of witness, if known):

Malkai Begum                                        1225 Fallon St.R109
Supervisor of Civil Filing at Rene C. Davidson CourthouseOakland, CA  94612

1. **YOU ARE ORDERED TO APPEAR AS A WITNESS** in this action at the date, time, and place shown in the box below UNLESS your appearance is excused as indicated in box 3b below or you make an agreement with the person named in item 4 below.

   a. Date:    Jan. 23, 2008    Time: 9:00 a.m.    ☑ Dept.: 31    ☐ Div.:    ☐ Room:
   b. Address:  201 13th Street, 2nd fl., Oakland CA 94612

2. **IF YOU HAVE BEEN SERVED WITH THIS SUBPOENA AS A CUSTODIAN OF CONSUMER OR EMPLOYEE RECORDS UNDER CODE OF CIVIL PROCEDURE SECTION 1985.3 OR 1985.6 AND A MOTION TO QUASH OR AN OBJECTION HAS BEEN SERVED ON YOU, A COURT ORDER OR AGREEMENT OF THE PARTIES, WITNESSES,** *AND* **CONSUMER OR EMPLOYEE AFFECTED MUST BE OBTAINED BEFORE YOU ARE REQUIRED TO PRODUCE CONSUMER OR EMPLOYEE RECORDS.**

3. **YOU ARE** *(item a or b must be checked):*

   a. ☐ Ordered to appear in person and to produce the records described in the declaration on page two or the attached declaration or affidavit. The personal attendance of the custodian or other qualified witness and the production of the original records are required by this subpoena. The procedure authorized by Evidence Code sections 1560(b), 1561, and 1562 will not be deemed sufficient compliance with this subpoena.

   b. ☑ Not required to appear in person if you produce (i) the records described in the declaration on page two or the attached declaration or affidavit and (ii) a completed declaration of custodian of records in compliance with Evidence Code sections 1560, 1561, 1562, and 1271. (1) Place a copy of the records in an envelope (or other wrapper). Enclose the original declaration of the custodian with the records. Seal the envelope. (2) Attach a copy of this subpoena to the envelope or write on the envelope the case name and number; your name; and the date, time, and place from item 1 in the box above. (3) Place this first envelope in an outer envelope, seal it, and mail it to the clerk of the court at the address in item 1. (4) Mail a copy of your declaration to the attorney or party listed at the top of this form.

4. **IF YOU HAVE ANY QUESTIONS ABOUT THE TIME OR DATE YOU ARE TO APPEAR, OR IF YOU WANT TO BE CERTAIN THAT YOUR PRESENCE IS REQUIRED, CONTACT THE FOLLOWING PERSON BEFORE THE DATE ON WHICH YOU ARE TO APPEAR:**
                                                    e-mail: jamesha@planet-save.com
   a. Name of subpoenaing party or attorney: Hung Ha        b. Telephone number:

5. **Witness Fees:** You are entitled to witness fees and mileage actually traveled both ways, as provided by law, if you request them at the time of service. You may request them before your scheduled appearance from the person named in item 4.

> **DISOBEDIENCE OF THIS SUBPOENA MAY BE PUNISHED AS CONTEMPT BY THIS COURT. YOU WILL ALSO BE LIABLE FOR THE SUM OF FIVE HUNDRED DOLLARS AND ALL DAMAGES RESULTING FROM YOUR FAILURE TO OBEY.**

Date issued: NOV 2 9 2007

S. Halcrombe
(TYPE OR PRINT NAME)

▶ (SIGNATURE OF PERSON ISSUING SUBPOENA)

Executive Officer / Clerk of the Superior Court
(TITLE)

Page one of three

(Declaration in support of subpoena on reverse)

**CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS AT TRIAL OR HEARING AND DECLARATION**

Code of Civil Procedure,
§ 1985 et seq.

WEST
GROUP

| PLAINTIFF/PETITIONER: | Hung Ha | CASE NUMBER |
|---|---|---|
| | Andrew Ross, et al | 2002074172 |
| DEFENDANT/RESPONDENT: | | P198 |

e production of the documents or the other things sought by the subpoena on page one is supported by *(check one)*:
☐ the attached affidavit or declaration   ☑ the following declaration:

## DECLARATION IN SUPPORT OF CIVIL SUBPOENA (DUCES TECUM) FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS AND THINGS AT TRIAL OR HEARING

(Code Civ. Proc., §§ 1985, 1987.5)

1. I, the undersigned, declare I am the ☑ plaintiff   ☐ defendant   ☐ petitioner   ☐ respondent
☑ attorney for *(specify)*: Hung Ha      ☐ other *(specify)*:
in the above-entitled action.

2. The witness has possession or control of the following documents or other things and shall produce them at the time and place specified in the *Civil Subpoena for Personal Appearance and Production of Documents and Things at Trial or Hearing* on page one of this form *(specify the exact documents or other things to be produced)*:

(a) a letter or internal document branding Hung Ha a vexatious litigant, and requiring Hung Ha to obtain permission to file new litigation from the presiding Judge of this Alameda Superior Court (Dept. 1 at RCD courthouse). It was issued by the Honorable James A. Richman, who presided at the Law and Motion Department (Dept.) early in 2003. It was circulated to the deputy clerks of civil filing, where Madam Malkai Begum was their supervisor, in civil filing (room 109, RCD Courthouse).

(b) A written description of aforesaid letter or internal directive from Malkai Begum should be sufficient for the purpose of this civil subpoena.
☐ Continued on Attachment 2.   ⟨at least one⟩

(c) Disclose the names of deputy clerks who had knowledge of said letter/directive.

3. Good cause exists for the production of the documents or other things described in paragraph 2 for the following reasons:

(1) The Court may set aside, on its own motion or a party's motion, any void ruling, order, and judgment. Any ruling, order, judgment which is predicated upon Judge Richman's declarative order and prefiling order"executed" on Jan. 24, 2005 may be shown to be void on basis of the evidence sought herein. Any other ruling, order, or judgment will be shown to be invalid, void which is tainted by the poisonous tree of said "orders" of Judge Richman made obstensibly per CCP s.391 et seq.

(2) I have made various motions "attacking" above-referenced rulings, orders, judgments.
☐ Continued on Attachment 3. (3) One of such motion is set for Jan. 23, 2008.

4. These documents or other things described in paragraph 2 are material to the issues involved in this case for the following reasons:

—Judge Richman was absolutely disqualifed to hear "Justice" Department's motion for orders per CCP s.391 et seq, set for Jan. 20, 2005. I requested disqualification of His Honor before aforesaid motion, and at the hearing on Jan. 20, 2005, and continueusly throughout 2005 till His Honor disqualified himself as of Aug. 17 (?) 2005.

—Judge Richman has been obligated by law to disclose the aforesaid fact of his disqualification, and no less important, the disqualification of particular research attorneys of Dept. 31. Even by the ethics of ordinary people, Judge Richman ought to disclose the aforesaid disqualification. The closest issues are
☐ Continued on Attachment 4. about Judge Richman's disqualification, and invalidity of said orders "executed" in Ha v. Ross, 2002074172, on 1/24/05,

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Numerous orders, rulings, judgments of dismissal are thus void, invalid.

Date: Nov. 29, 2007; Thursday

Hung Ha                                    Hung Ha   Cal. SBN: 166112
........................................      (SIGNATURE OF ☑ SUBPOENAING PARTY ☑ ATTORNEY FOR SUBPOENAING PARTY)
(TYPE OR PRINT NAME)

(Proof of service on page three)

| PLAINTIFF/PETITIONER: | Ha | CASE NUMBER | |
|---|---|---|---|
| DEFENDANT/RESPONDENT: | Ross, et al | 2002074172 | p 199 |

## PROOF OF SERVICE OF CIVIL SUBPOENA (DUCES TECUM)
### FOR PERSONAL APPEARANCE AND PRODUCTION OF DOCUMENTS
### AND THINGS AT TRIAL OR HEARING AND DECLARATION

1. I served this *Civil Subpoena (Duces Tecum) for Personal Appearance and Production of Documents and Things at Trial or Hearing and Declaration* by personally delivering a copy to the person served as follows:

   a. Person served *(name)*:  Malkai Begum

   b. Address where served:  Ren eC. Davidson Courthouse, Room 109
      1225 Fallon Street
      Oakland, CA 94612

   c. Date of delivery:  Dec. 10, 2007

   d. Time of delivery:  1-21 P.m   window#8 in Room 109 at RCD

   e. Witness fees *(check one)*:
      (1) ☐ were offered or demanded
          and paid. Amount: ..... $ _____
      (2) ☐ were not demanded or paid.

   f. Fee for service: .............. $ _____

2. I received this subpoena for service on *(date)*:

3. Person serving:
   a. ☑ Not a registered California process server.
   b. ☐ California sheriff or marshal.
   c. ☐ Registered California process server.
   d. ☐ Employee or independent contractor of a registered California process server.
   e. ☐ Exempt from registration under Business and Professions Code section 22350(b).
   f. ☐ Registered professional photocopier.
   g. ☐ Exempt from registration under Business and Professions Code section 22451.
   h. Name, address, telephone number, and, if applicable, county of registration and number:

   i. x  member of the State Bar of  California
         Hung Ha
         Cal. SBN: 166112
         P. O. box 367
         Berkeley, CA 94701-0367
         E-mail address: jamesha@planet-save.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: ① Dec. 10, 2007

Hung Ha

_____
(SIGNATURE)

(For California sheriff or marshal use only)
I certify that the foregoing is true and correct.

Date:

_____
(SIGNATURE)

exh 24A to 24P  p 200 - p 215

COPY

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA ₽₂₀₀

FIRST APPELLATE DISTRICT

HUNG HA,

    Petitioner,

v.

THE SUPERIOR COURT OF ALAMEDA COUNTY,

    Respondent;

VICTORIA HARRISON et al.,

    Real Parties in Interest.

A109984

(Alameda County
Super. Ct. No. 2002077102)

BY THE COURT:

    Hung Ha has previously been found to be a vexatious litigant and is subject to a prefiling order. On May 2, 2005, Mr. Ha submitted an application for permission to file a writ petition challenging three August 20, 2005 orders striking his challenges for cause to Judge James A. Richman, Judge Steven A. Brick, and Judge Judith D. Ford, respectively.

    The request for permission to file a writ petition is denied. Mr. Ha has not shown a reasonable possibility that his petition has merit. (See Code Civ. Proc., § 391.7.)

Dated:  **MAY**   5   2005

**McGUINESS, A.P.J.**    A.P.J.

Exh 24 A

p 261

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

HUNG HA,

    Petitioner,

v.

THE SUPERIOR COURT OF ALAMEDA
COUNTY,

    Respondent;

VICTORIA HARRISON et al.,

    Real Parties in Interest.

A110044

(Alameda County
Super. Ct. No. 2002077102)

BY THE COURT:

Hung Ha has previously been found to be a vexatious litigant and is subject to a
prefiling order. On May 9, 2005, Mr. Ha submitted an application for permission to file a
writ petition challenging the trial court's April 28, 2005 order in the above-referenced
matter and its April 26, 2005 order in Alameda County Superior Court Case
No. 2002074172.

The request for permission to file a writ petition is denied. Mr. Ha has not shown
·a reasonable possibility that his petition has merit. (See Code Civ. Proc., § 391.7.)

MAY 2 4

Dated: _____

McGUINESS,    A.P.J.

ß

1

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

202

FIRST APPELLATE DISTRICT

JAMES HA,

     Plaintiff and Appellant,

                    A110655

v.

SETH'S CUSTOM PAINTING AND
DECORATING et al.,

     Defendants and Respondents.

(Alameda County
Super. Ct. No. RG03-116209)

BY THE COURT:

     James Ha, also known as Hung Ha, has previously been found to be a vexatious
litigant and is subject to a prefiling order. On July 15, 2005, Mr. Ha submitted an
application for permission to appeal several trial court rulings, including the trial court's
March 17, 2005 judgment.

     The request for permission to appeal is denied. Mr. Ha has failed to show a
reasonable possibility that his appeal has merit. (See Code Civ. Proc., § 391.7.)

Dated:   AUG - 4 2005                **McGUINESS, P.J.**A.P.J.

 Appendix

1

C

203

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

HUNG HA,

      Plaintiff and Appellant,

v.

ANDREW ROSS et al.,

      Defendants and Respondents.

A111966

(Alameda County
Super. Ct. No. 2002074172)

BY THE COURT:

Hung Ha has previously been found to be a vexatious litigant and is subject to a
prefiling order. On November 28, 2005, Mr. Ha submitted a peremptory challenge to the
undersigned judicial officer. The provisions of Code of Civil Procedure section 170.6 do
not apply at the appellate level, and, hence, the peremptory challenge is denied.

In his notice of appeal, submitted to the trial court on September 29, 2005, Mr. Ha
purports to appeal from several trial court rulings, including its July 1, 2005 dismissal
order in favor of respondents County of Alameda, Andrew Ross, and Jason Collom.
Because the original vexatious litigant order, filed on January 24, 2005, arises out of the
same underlying superior court action, Mr. Ha need not obtain permission to proceed
with the appeal. (See *People v. Harrison* (2001) 92 Cal.App.4th 780, 785, fn. 6; *In re
Bittaker* (1997) 55 Cal.App.4th 1004, 1008.) Accordingly, the clerk of this court and the
clerk of the superior court are directed to proceed with the processing of the appeal.

Dated:   DEC 19 2005

McGUINESS, A.P.J.
                              A.P.J.

D

1

*204*

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

HUNG HA,

    Plaintiff and Appellant,

v.

ANDREW ROSS et al.,

    Defendants and Respondents.

A112095

(Alameda County
Super. Ct. No. 2002074172)

BY THE COURT:

    Hung Ha has previously been found to be a vexatious litigant and is subject to a prefiling order. In his notice of appeal, filed in the trial court on October 12, 2005, Mr. Ha purports to appeal from several trial court rulings, including its July 1, 2005 dismissal order in favor of respondents County of Alameda, Andrew Ross, and Jason Collom. Because the original vexatious litigant order, filed on January 24, 2005, arises out of the same underlying superior court action, Mr. Ha need not obtain permission to proceed with the appeal. (See *People v. Harrison* (2001) 92 Cal.App.4th 780, 785, fn. 6; *In re Bittaker* (1997) 55 Cal.App.4th 1004, 1008.) Accordingly, the clerk of this court and the clerk of the superior court are directed to proceed with the processing of the appeal.

Dated:   DEC 1 3 2005         **McGUINESS, A.P.J.**   A.P.J.

*E*

205

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

HUNG HA,

    Plaintiff and Appellant,

v.

EMPLOYMENT DEVELOPMENT
DEPARTMENT,

    Defendant and Respondent.

A113101

(Alameda County
Super. Ct. No. 2002068505)

BY THE COURT:

Hung Ha has previously been found to be a vexatious litigant and is subject to a
prefiling order. On March 9, 2006, Mr. Ha submitted an application for permission to
appeal the trial court's October 21, 2005 dismissal order.

The request for permission to appeal is denied. Mr. Ha has failed to show a
reasonable possibility that his appeal has merit. (See Code Civ. Proc., § 391.7.)



Court of Appeal First Appellate District
FILED
MAR 2 0 2006
By _____ Diana Herbert, Clerk
Deputy Clerk

Dated:   MAR 2 0 2006

**McGUINESS, A.P.J.**

_____ A.P.J.

P

1

$2^o6$

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

HUNG HA,

    Plaintiff and Appellant,

v.

VICTORIA HARRISON et al.,

    Defendants and Respondents.

A113102

(Alameda County
Super. Ct. No. 2002077102)

BY THE COURT:

    Hung Ha has previously been found to be a vexatious litigant and is subject to a prefiling order. On March 13, 2006, Mr. Ha submitted an application for permission to appeal several different trial court rulings.

    The request for permission to appeal is denied. Mr. Ha has failed to show a reasonable possibility that his appeal has merit. (See Code Civ. Proc., § 391.7.)



FILED
Court of Appeal First Appellate District

MAR 2 7 2006

Diana Herbert, Clerk

By_____ Deputy Clerk

Dated:   MAR 2 7 2006                   A.P.J.

6

1

20 7

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

HUNG HA,

    Plaintiff and Appellant,

v.

JASON COLLOM et al.,

    Defendants and Respondents.

A114018

(Alameda County
Super. Ct. No. 2002074172)

BY THE COURT:

    Hung Ha has previously been found to be a vexatious litigant and is subject to a prefiling order. On June 16, 2006, Mr. Ha submitted an application for permission to appeal the trial court's November 18, 2005, January 3, 2006, and January 24, 2006 orders.

    The application for permission to appeal is denied. Mr. Ha has failed to show a reasonable possibility that his appeal has merit. (See Code Civ. Proc., § 391.7.) Nor does the fact that the original vexatious litigant order, filed on January 24, 2005, is currently on appeal in Case Nos. A111966 and A112095 excuse Mr. Ha from the requirement that he obtain permission to pursue the instant appeal. Absent a stay or reversal on appeal, the vexatious litigant order continues to govern all other new litigation that Mr. Ha may wish to initiate.

Dated: _____

McGUINESS, A.P.J.    A.P.J.

208

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

LEO SULLIVAN,

    Plaintiff and Respondent,

v.

JAMES HA,

    Defendant and Appellant.

A114993

(Alameda County
Super. Ct. No. BG06-251784)

BY THE COURT:

    James Ha, also known as Hung Ha, has previously been found to be a vexatious litigant and is subject to a prefiling order. On August 23, 2006, this court notified Mr. Ha that he must submit an application for permission to appeal within 10 days. (See Code Civ. Proc., § 391.7, subd. (c).) Mr. Ha failed to submit the requisite application and, accordingly, permission to appeal is denied.

Dated:  SEP 1 2 2006

McGUINESS, A.P.J.

_____ A.P.J.

1

209

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

FILED
COURT OF APPEAL FIRST APPELLATE DISTRICT

APR 1 0 2007

DIANA HERBERT, CLERK

BY _____ DEPUTY CLERK

HUNG HA,

    Plaintiff and Appellant,

v.

VICTORIA HARRISON et al.,

    Defendants and Respondents.

A116354

(Alameda County
Super. Ct. No. 2002-077102)

BY THE COURT:

    Hung Ha, also known as James Ha and James Hung Xia, has previously been found to be a vexatious litigant and is subject to a prefiling order. On January 19, 2007, Mr. Ha submitted an application for permission to appeal the September 7, 2006 judgment of dismissal and several prior rulings.

    The request for permission to appeal is denied. Mr. Ha has failed to show a reasonable possibility that his appeal has merit. (See Code Civ. Proc., § 391.7.)

Dated: **APR 1 0 2007**

McGUINESS, _____ A.P.J.

1

240

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

COURT OF APPEAL FIRST DIST.

FILED

JAMES HA,

    Plaintiff and Appellant,

v.

NORTHSIDE MARKET et al.,

    Defendants and Respondents.

APR 1 0 2007

DIANA HERBERT CLERK

BY_____ D.C.

A116777

(Alameda County
Super. Ct. No. RG04-183049)

BY THE COURT:

    James Ha, also known as Hung Ha and James Hung Xia, has previously been found to be a vexatious litigant and is subject to a prefiling order. Accordingly, the clerk of this court is directed to strike the lodging of Mr. Ha's notice of appeal and to declare him to be a vexatious litigant. Mr. Ha shall file any application for permission to appeal within 10 days of the date of this order.

Dated:   APR 1 0 2007       McGUINESS,       A.P.J.

1

211

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

HUNG HA,

     Plaintiff and Appellant,

v.

ANDREW ROSS et al.,

     Defendants and Respondents.

A117819

(Alameda County
Super. Ct. No. 2002074172)

BY THE COURT:

Hung Ha, also known as James Ha and James Hung Xia, has previously been found to be a vexatious litigant and is subject to a prefiling order. On June 1, 2007, Mr. Ha submitted an application for permission to appeal the trial court's March 1, 2007 order denying his motion to vacate a prior dismissal order.

The request for permission to appeal is denied. Mr. Ha has failed to show a reasonable possibility that his appeal has merit. (See Code Civ. Proc., § 391.7.)

Dated:   JUL 1 6 2007                 McGuiness. A.P.J.   A.P.J.

1

212

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

JAMES HA,

    Plaintiff and Appellant,

v.

NORTHSIDE MARKET et al.,

    Defendants and Respondents.

A117820

(Alameda County
Super. Ct. No. RG04-183049)

**BY THE COURT:**

    Hung Ha, also known as James Ha and James Hung Xia, has previously been found to be a vexatious litigant and is subject to a prefiling order. On June 1, 2007, Mr. Ha submitted an application for permission to appeal the trial court's March 1, 2007 order denying his motion to set aside a prior order denying a peremptory challenge.

    The request for permission to appeal is denied. Mr. Ha has failed to show a reasonable possibility that his appeal has merit. (See Code Civ. Proc., § 391.7.)

Dated: JUL 1 0 2007

_____ A.P.J.

1

213

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

**FILED**

HUNG HA,

    Plaintiff and Appellant,

v.

ANDREW ROSS et al.,

    Defendants and Respondents.

JAN 2 3 2008

Court of Appeal - First App. Dist.
        DIANA HERBERT
By _____
                    DEPUTY

A120063

(Alameda County
Super. Ct. No. 2002074172)

BY THE COURT:

       Hung Ha, also known as James Ha and James Hung Xia, has previously been found to be a vexatious litigant and is subject to a prefiling order. On December 31, 2007, Mr. Ha submitted an application for permission to appeal the trial court's December 6, 2007 order striking a challenge for cause and December 10, 2007 order vacating an upcoming hearing date.

       The request for permission to appeal is denied. Mr. Ha has failed to show a reasonable possibility that his appeal has merit. (See Code Civ. Proc., § 391.7.)

Dated: **JAN 2 3 2008**

**McGUINESS, A.P.J.**
_____ A.P.J.

N

1

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

**FILED**

HUNG HA,

    Plaintiff and Appellant,

v.

VICTORIA HARRISON et al.,

    Defendants and Respondents.

JAN 2 3 2008

A120196

Court of Appeal - First App. Dist.
DIANA HERBERT

By _____
                      DEPUTY

(Alameda County
Super. Ct. No. 2002-077102)

BY THE COURT:

      Hung Ha, also known as James Ha and James Hung Xia, has previously been

found to be a vexatious litigant and is subject to a prefiling order. On January 16, 2008,

Mr. Ha filed an application for permission to appeal. Along with the application, he has

requested additional time to submit a longer, revised application.

      The request for additional time to submit a longer, revised application is denied.

The application for permission to appeal is denied. Mr. Ha has failed to show a

reasonable possibility that his appeal has merit. (See Code Civ. Proc., § 391.7.)

Dated: **JAN 2 3 2008**

McGUINESS, A.P.J.
                            A.P.J.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

**FILED**

JAN 2 3 2008

Court of Appeal - First App. Dist.
DIANA HERBERT

By _____
DEPUTY

HUNG HA,

    Petitioner,

v.

THE SUPERIOR COURT OF ALAMEDA
COUNTY,

    Respondent;

ANDREW ROSS et al.,

    Real Parties in Interest.

A120065

(Alameda County
Super. Ct. No. 2002074172)

BY THE COURT:

    Hung Ha, also known as James Ha and James Hung Xia, has previously been found to be a vexatious litigant and is subject to a prefiling order. On December 17, 2007, Mr. Ha submitted an application for permission to file a writ petition challenging the trial court's December 6, 2007 order striking a challenge for cause.

    The request for permission to file a writ petition is denied. Mr. Ha has failed to show a reasonable possibility that his petition has merit. (See Code Civ. Proc., § 391.7.)

Dated: **JAN 2 3 2008**

**McGUINESS, A.P.J.**   A.P.J.

P

1